Electronically Filed: February 28, 2013

**LIONEL SAWYER & COLLINS**
Jennifer A. Smith, NBN 610
*jsmith@lionelsawyer.com*
Laura K. Granier, NBN 7357
*lgranier@lionelsawyer.com*
Ryan A. Andersen, NBN 12321
*randersen@lionelsawyer.com*
1100 Bank of America Plaza
50 West Liberty Street
Reno, Nevada 89501
Telephone: 775-788-8666
Facsimile: 775-788-8682

*Attorneys for Franco-Nevada U.S. Corporation*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>RODEO CREEK GOLD INC.,<br><br>☐ Affects this Debtor<br>☑ Affects all Debtors<br>☐ Affects Hollister Venture Corporation<br>☐ Affects Touchstone Resources Company<br>☐ Affects Antler Peak Gold, Inc. | Case No.: 13-50301-MKN<br>Chapter 11<br><br>Joint Administration pending with:<br>13-50302; 13-50303; 13-50304<br><br>**RESERVATION OF RIGHTS REGARDING DEBTORS' MOTION TO SELL ASSETS**<br><br>Hearing Date:  February 28, 2013<br>Hearing Time:  1:30 p.m.<br>Courtroom:       2 |

Franco-Nevada U.S. Corporation ("**Franco-Nevada**"), by and through its counsel of record, hereby files its Reservation of Rights Regarding Debtors' Motion to Sell Assets (the "**Reservation**") in response to the Motion for (I) an Order (A) Scheduling a Hearing to Consider the Proposed Sale of the Debtors' Assets and Approving the Form and Manner of Notice Thereof, (B) Establishing Bidding Procedures Relating to the Sale and the Assumption of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts, and (C) Granting Certain Related Relief; and (II) an Order (A) Approving the Sale, (B) Authorizing the Sale, Assumption and Assignments Certain Executory Contracts and Unexpired Leases, and

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

1  (C) Granting Certain Related Relief (the "**Sale Motion**"), ECF No. 16,, filed by Rodeo Creek Gold Inc. (the "**Debtor**") and its affiliates (with the Debtor, the "**Debtors**").

This Reservation is supported by the following Memorandum of Points and Authorities, the Declaration of Steve Alfers in Support of the Response (the "**Declaration**"), filed concurrently herewith, the arguments of counsel offered in support of the Objection at the hearing on this matter, and the papers and pleadings filed in the above-captioned bankruptcy cases, judicial notice of which is requested.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Background Facts

Franco-Nevada owns a landowner's royalty (the "**Royalty**"), which is a distinct real property interest, in certain mining claims (the "Claims") related to and included in the Debtors' bankruptcy estates.  Franco-Nevada's real property interest in the Claims through this Royalty was never owned by the Debtor or its predecessors.  Therefore, the Royalty is not part of the bankruptcy estates, and this Court has no jurisdiction to impair or affect Franco's Royalty.

Certain of the Claims included in the real property now owned by the Debtors (the "**Hollister Mine Properties**") were originally owned by USX Corporation ("**USX**").  The Claims are more particularly described in that certain Quitclaim Deed and Assignment dated December 20, 1988 (the "**Deed**").  *See* **Exhibit A** to the Declaration.  On December 20, 1988, USX delivered the Deed to Touchstone Resources Company, thereby conveying the Claims to Touchstone Resources Company; however, through the Deed, USX reserved to itself from that conveyance a production royalty not to exceed 5% of the net returns from all minerals produced from the Claims, subject to the terms and conditions set out in the Deed.

The Claims are valid unpatented mining claims, pursuant to the General Mining Law, 30 USC § 21 et seq., and, as such, they are real property.  The Royalty reserved to USX from the conveyance of the Claims to the Debtors' predecessor is also an interest in real property.  It was retained by USX at the time of the conveyance and was ultimately transferred to Franco-Nevada.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

As depicted in the title chain attached to the Declaration, USX conveyed the Royalty to Euro-Nevada Mining Corporation, Inc., which merged into Franco-Nevada Mining Corp., Inc., and ultimately assigned the Royalty to Franco-Nevada. *See* **Exhibit B** to the Declaration.

## II. Argument

The Royalty is not property of the Debtors' bankruptcy estate.

> The commencement of a case under section 301 . . . of [Title 11] creates an estate. Such estate is comprised of all of the following property, wherever located and by whomever held:
>
> (1) . . . all legal or equitable interests of the debtor in property as of the commencement of the case."

11 U.S.C. § 541(a). The Royalty was reserved to USX when the Claims were conveyed to the Debtors' predecessor, Touchstone Resources Company, and the Royalty was ultimately conveyed to Franco-Nevada. As such, the Debtors had no legal or equitable interest in the Royalty any time prior to or at the commencement of the case, and it is not a part of the Debtors' bankruptcy estates.

As the Royalty is not part of the Debtors' bankruptcy estate, it cannot be conveyed by a sale under Section 363. A Chapter 11 debtor in possession, "after notice and a hearing, may use, sell, or lease, other in the ordinary course, property of the estate . . . ." 11 U.S.C. § 363(b). As the Royalty is not property of the bankruptcy estates, the Debtors are unable to sell the Royalty through the asset sale contemplated by the Sale Motion, and the Court is without jurisdiction to approve any sale that purports to sell the Royalty. Accordingly, any materials marketing the proposed asset sale must disclose that the Claims are subject to Franco-Nevada's Royalty.

Further, the Royalty gives rise to a common law lien on the proceeds of all minerals sold (the "**Lien**") and the Lien arises and is perfected in the proceeds at the time any minerals produced from the Claims are sold. The Lien flows from the Royalty, owned by Franco-Nevada, as opposed to flowing from the Claims, owned by the Debtors. Because the Lien arises from a property interest that is not part of the Debtors' bankruptcy estates, the contemplated sale

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

described in the Sale Motion will be unable to affect the ability of this Lien to arise and attach to the proceeds of minerals produced and sold from the Claims in the future. In short, the minerals produced from the mine, regardless of who purchases the Debtors' assets, will continue to be subject to the Royalty. It is for this very reason that Franco-Nevada has a secured claim for the unpaid royalties currently owed to Franco-Nevada and why Franco-Nevada is entitled to payment from the proceeds of the sale of the Debtors' assets.

### III. Conclusion

To be clear, Franco-Nevada does not seek to prevent or even delay the Debtors' proposed asset sale; it merely seeks to provide notice of the Royalty to potential purchasers and to preserve its rights with respect thereto.

In consideration of the foregoing, Franco-Nevada respectfully requests, should the Sale Motion be approved, that the Court require that any notice of sale distributed by the Debtors be required to contain a description of Franco-Nevada's Royalty sufficient to place potential purchasers on notice of the existence and nature of Royalty. Franco-Nevada further requests such additional relief as the Court deems appropriate under the circumstances.

Dated this 28th day of February, 2013.

Respectfully submitted by:

**LIONEL SAWYER & COLLINS**

By:  /s/ Jennifer A. Smith
     Jennifer A. Smith, NBN 610
     Laura K. Granier, NBN 7357
     Ryan A. Andersen, NBN 12321
     1100 Bank of America Plaza
     50 West Liberty Street
     Reno, Nevada 89501

*Attorneys for Franco-Nevada U.S. Corporation*

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

4