_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

**Entered on Docket**
**March 01, 2013**

Jessica C.K. Boelter (IL SBN 6277801)
Thomas A. Labuda, Jr. (IL SBN 6225401)
Matthew G. Martinez (IL SBN 6297132)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

Proposed Reorganization Counsel for
Debtors and Debtors in Possession

Donald A. Lattin (NV SBN 693)
Christopher D. Jaime (NV SBN 4640)
MAUPIN, COX & LEGOY, P.C.
4785 Caughlin Parkway
Reno, Nevada 89519
Telephone:  (775) 827-2000
Facsimile:  (775) 827-2185
dlattin@mclrenolaw.com
cjaime@mclrenolaw.com

Proposed Local Reorganization Counsel for
Debtors and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Chapter 11 |
| RODEO CREEK GOLD INC. | Case No. BK-13-50301 (MKN) |
| ☐ Affects this Debtor<br>☒ Affects all Debtors<br>☐ Affects Hollister Venture Corporation<br>☐ Affects Touchstone Resources Company<br>☐ Affects Antler Peak Gold Inc. | Jointly Administered<br><br>**ORDER (A) SCHEDULING A HEARING TO CONSIDER THE PROPOSED SALE OF THE DEBTORS' ASSETS AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (B) ESTABLISHING BIDDING PROCEDURES RELATING TO THE SALE AND THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS, AND (C) GRANTING CERTAIN RELATED RELIEF** |

CH1
7498093

Hearing Date:  February 28, 2013
Hearing Time: 1:30 p.m. (PT)
Place:          300 Las Vegas Blvd. So.
                Las Vegas, NV 89101

Upon the motion, dated February 25, 2013 (the "Motion")[1], of Rodeo Creek Gold Inc. ("Rodeo Creek") and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), for entry of an order, pursuant to sections 105, 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, 9008 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2002, 6004 and 9014 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Nevada (the "Local Rules"), seeking, among other things:

(a) approving sale procedures (the "Bidding Procedures") in connection with the sale (the "Sale") of all of the right, title and interest in the Debtors' assets (the "Acquired Assets");

(b) scheduling a hearing (the "Sale Hearing") to consider approval of the Sale;

(c) scheduling a deadline for bidding on the Acquired Assets and scheduling an auction (the "Auction") for the Acquired Assets;

(d) establishing certain procedures for the sale, assumption and assignment of certain executory contracts and unexpired leases (collectively, the "Contracts and Leases"), including notice of proposed cure amounts (the "Cure Notice");

(e) approving a form of notice of the Sale and the Bidding Procedures (the "Sale Notice") and a publication notice (the "Publication Notice"); and

(f) granting certain related relief (such relief as requested in the aforementioned subsections (a) – (f), the "Bidding Procedures Relief");

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

and upon the Dombrowski Declaration and the Stewart Sale Procedures Declaration; and a

hearing having been held on February 28, 2013, to consider the relief requested in the Motion

(the "Bidding Procedures Hearing"); and upon the record of the Bidding Procedures Hearing,

and all of the proceedings before this Court; and this Court having reviewed the Motion and any

objections thereto with respect to the Bidding Procedures Relief and having found and

determined that the Bidding Procedures Relief sought in the Motion, and entry of this Order, is in

the best interests of the Debtors, the Debtors' estates, their creditors, and other parties in interest;

and after due deliberation thereon and sufficient cause appearing therefore, it is hereby:

**FOUND AND DETERMINED THAT:**

        A.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

        B.     Venue for these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

        C.     The proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

        D.     In light of the exigent circumstances, sufficient notice of the Motion was given under the particular circumstances and no further notice need be provided.  A reasonable opportunity to object or be heard regarding the Bidding Procedures Relief granted by this Order has been afforded to those parties entitled to notice pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

        E.     The Motion and this Order comply with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

        F.     The Motion and the Bidding Procedures comply with the requirements of Bankruptcy Rule 6004 and Local Rule 6004.

CH1 7498093

G.      The Debtors have articulated compelling and sound business justifications for this Court to grant the relief requested in the Motion, including this Court's (i) approval of the timing and procedures set forth herein, in the Motion, in the Bidding Procedures and in the Asset Purchase Agreement; (ii) approval of the Bidding Procedures; and (iii) approval of, and authorization to serve, the Sale Notice and the Cure Notice, and approval of, and authorization to publish, the Publication Notice.

H.      The Court has set a date and location for the Sale Hearing, where the Debtors will seek authorization to sell the Acquired Assets free and clear of all liens, claims, encumbrances and interests to the Successful Bidder (or, if necessary, the Backup Bidder) resulting from the Auction.

I.      The Bidding Procedures, a copy of which are attached hereto as Exhibit 1, are fair, reasonable and appropriate and are designed to maximize recovery with respect to the sale of the Acquired Assets.

J.      The Sale Notice, a copy of which is attached hereto as Exhibit 2, is appropriately and reasonably calculated to provide parties in interest with proper and adequate notice of the proposed sale of the Acquired Assets, the Bidding Procedures, all applicable deadlines therein and in connection therewith, the Sale, the Auction and the Sale Hearing. Accordingly, no other or further notice is required.

K.      The Publication Notice, a copy of which is attached hereto as Exhibit 3, is appropriately and reasonably calculated to provide all unknown creditors and parties not otherwise required to be served with a copy of the Sale Notice pursuant to this Order with proper and adequate notice of the proposed sale of the Acquired Assets, the Bidding Procedures, all applicable deadlines therein and in connection therewith, the Sale, the Auction and the Sale Hearing.  Accordingly, no other or further notice is required.

L.      The Cure Notice, a copy of which is attached hereto as <u>Exhibit 4</u>, is appropriately and reasonably calculated to provide all non-Debtor counterparties to the Contracts and Leases with proper and adequate notice of the potential sale, assumption and assignment of their Contracts and Leases, any Proposed Cure Payments relating thereto, and the procedures for assuming and assigning Contracts and Leases.

M.      Entry of this Order is in the best interests of the Debtors, the Debtors' estates, their creditors, and other parties in interest.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Bidding Procedures Relief requested in the Motion is GRANTED.

**<u>Bidding Procedures</u>**

2.      The Bidding Procedures are APPROVED and are fully incorporated into this Order and the Debtors are authorized to act in accordance therewith.  The Debtors are authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

3.      This Order and the Bidding Procedures shall govern the Sale of the Acquired Assets in these Chapter 11 Cases and shall apply to the Debtors, all Qualified Bidders, the Successful Bidder, the Backup Bidder, all other interested parties and shall govern the conduct of the Sale and the Auction.

4.      To constitute a Qualified Bid, a bid must (i) be **actually received on or before April 1, 2013 at 12:00 p.m. (Pacific Time)** (the "<u>Bid Deadline</u>") and (ii) comply with all other requirements for a Qualified Bid as provided in the Bidding Procedures.

5.      The Auction will be conducted at the **New York** offices of counsel to the Debtors, Sidley Austin LLP, at 787 Seventh Avenue, New York, New York 10019, on **April 3, 2013, commencing at 9:00 a.m. (Eastern Time)** to determine the Successful Bidder for the

CH1 7498093

Acquired Assets.  The Auction may be adjourned by announcement at the Auction without further notice.

### Notice Procedures

6.      The Cure Notice is sufficient to provide all counterparties to the Contracts and Leases with proper notice of the potential assumption and assignment of their respective executory contracts and unexpired leases, any Proposed Cure Payments relating thereto, and the procedures for assumption and assignment of the Contracts and Leases.

7.      The Sale Notice, the Publication Notice and the Cure Notice are APPROVED.

8.      Within two (2) business days of the entry of this Order, the Debtors shall send the Sale Notice, by overnight delivery, e-mail or facsimile, to:

    (a) any party whom the Debtors believe may potentially be interested in becoming, and whom the Debtors reasonably believe would have the financial resources to become, a Qualified Bidder and to consummate the purchase of the Acquired Assets;

    (b) the U.S. Trustee;

    (c) the Debtors' twenty (20) largest unsecured creditors on a consolidated basis;

    (d) entities known by the Debtors to possess a security interest in the Acquired Assets;

    (e) non-Debtor counterparties to the Contracts and Leases;

    (f) all applicable federal, state and local taxing authorities with jurisdiction over the Acquired Assets; and

    (g) all federal, state and local environmental authorities in jurisdictions in which the Acquired Assets are located.

9.      Within three (3) business days of the entry of this Order, the Debtors shall send the Sale Notice, by standard U.S. mail, to all other parties in the Debtors' consolidated mailing matrix.  Furthermore, within five (5) business days of the entry of this Order, the

6

Debtors shall publish a copy of the Publication Notice, for one day, in *The Wall Street Journal* (National Edition), *The Globe and Mail* and *The Mining Journal*.

10.    The Debtors shall serve the Cure Notice on all non-Debtor parties to the Contracts and Leases within five (5) business days after entry of this Order.

**Objection Deadlines and Procedures**

11.    Any objections to the Sale or to the relief sought in the Sale Order shall be (a) be in writing; (b) comply with the Bankruptcy Rules and Local Rules; (c) be **filed with the Clerk of the Bankruptcy Court at by 4:00 p.m. (Eastern Time) on April 8, 2013** (the "Sale Order Objection Deadline"); and (d) be served so as to be **actually received** by the Sale Order Objection Deadline upon (i) counsel to the Debtors, Sidley Austin LLP, One South Dearborn Street, Chicago, Illinois 60603 (Attn: Jessica C.K. Boelter) and Maupin, Cox & Legoy, 4785 Caughlin Pkwy., P.O. Box 30000, Reno, Nevada 89520 (Attn: Christopher D. Jaime), (ii) the U.S. Trustee, (ii) counsel to the Committee (if appointed at such time) and (iv) all parties entitled to receive notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002 (collectively, the "Notice Parties").

12.    Each objection to a Proposed Cure Payment (a "Cure Payment Objection") must (a) be in writing; (b) comply with the Bankruptcy Rules and Local Rules; (c) be **filed with the Clerk of the Bankruptcy Court at by 4:00 p.m. (Eastern Time) on April 8, 2013** (the "Cure Objection Deadline"); and (d) be served on the Notice Parties.

13.    In the event that a party fails to timely file and serve a Cure Payment Objection prior to the Cure Objection Deadline, such party shall be forever barred and estopped (i) from objecting to the Proposed Cure Payment and from asserting any additional cure or other amounts with respect to any Contract or Lease, and the Debtors, the Successful Bidder and the Backup Bidder shall be entitled to rely solely upon the Proposed Cure Payment, and (ii) from

7

asserting or claiming against the Debtors, the Successful Bidder, the Backup Bidder, or any other assignee of the Contract or Lease that any additional amounts are due or defaults exist.

14.     In the event that a Cure Payment Objection is timely filed, the Cure Payment Objection must set forth (i) the basis for the Cure Payment Objection, and (ii) the amount the party asserts as the Proposed Cure Payment.  In the event that the Debtors and the non-Debtor party to the Cure Payment Objection cannot consensually resolve the Cure Payment Objection, the disputed cure amounts shall be segregated pending the resolution of any such disputes by this Court or mutual agreement of the parties.

15.     Any objections to adequate assurance of future performance of a Contract or Lease by the Successful Bidder or Backup Bidder must be made one (1) business day prior to the Sale Hearing (each an "Adequate Assurance Objection").  In the event a non-Debtor party to a Contract or Lease fails to timely make or file an Adequate Assurance Objection, such non-Debtor party shall be deemed to have consented to the assumption and assignment of its Contracts or Leases and shall be forever barred and stopped from asserting or claiming against the Debtors, the Successful Bidder, the Backup Bidder, or any other assignee of the Contract or Lease that any conditions to assumption and assignment must be satisfied under such Contract or Lease.

16.     Hearings on Cure Payment Objections may be held (a) at the Sale Hearing, or (b) on such other date as this Court may designate upon request by the Debtors.

17.     The Debtors' decisions to sell, assume, and assign the Contracts and Leases are subject to Court approval and consummation of the Sale.  Absent consummation of the Sale, each of the Contracts and Leases shall neither be deemed assumed nor assigned and shall in all respects be subject to further administration under the Bankruptcy Code.

CH1 7498093

18.     By the date that is two (2) business days prior to the Sale Hearing, each Qualified Bidder must identify with particularity which Contracts and Leases of the Debtors that the bidder wishes not to assume, or alternatively wishes to assume.  Additionally, each Qualified Bidder must provide adequate assurance of future performance of such Contracts and Leases along with its Qualified Bid.

19.     Failure to timely object to the Sale or the relief requested in the Sale Order shall be deemed "consent" for purposes of 363(f) of the Bankruptcy Code and shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Sale, the Sale Order and to the consummation of the Sale (including the transfer of the Acquired Assets free and clear of al liens, claims, encumbrances and interests).

## Sale Hearing

20.     The Sale Hearing will be held on **April 11, 2013 at 9:30 a.m. (Pacific Time)** at the United States Bankruptcy Court for the District of Nevada, Foley Federal Building, 300 Las Vegas Blvd South, Las Vegas, Nevada 89101, before the Honorable Mike K. Nakagawa, Chief United States Bankruptcy Judge.  The Sale Hearing may be adjourned, from time to time, without further notice to creditors or parties in interest other than by announcement of the adjournment in open court or on the Court's docket.

## Other Relief Granted and Related Provisions

21.     To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, this Order shall control and govern.

22.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

23.     The Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

CH1 7498093

**SUBMITTED BY:**

Donald A. Lattin, NV State Bar #693
Christopher D. Jaime, NV State Bar #4640
MAUPIN, COX & LEGOY, P.C.
4785 Caughlin Parkway
Reno, Nevada 89519
dlattin@mclrenolaw.com
cjaime@mclrenolaw.com

Proposed Local Reorganization Counsel
For Debtors and Debtors in Possession

Jessica C.K. Boelter, IL State Bar #6277801
Thomas A. Labuda, Jr., IL State Bar #6225401
Matthew G. Martinez, IL State Bar #6297132
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603

Proposed Reorganization Counsel for
Debtors and Debtors in Possession

In accordance with Local Rule 9021, counsel submitting this document certifies as follows (check one):

_X_  The court has waived the requirement set forth in Local Rule 9021(b)(1)

_____  No party appeared at the hearing or filed an objection to the Motion.

_____  I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

_____  I certify that this is a case under chapter 7 or 13, that I have served a copy of this order with the motion pursuant to Local Rule 9014(g), and that no party has objected to the form or content of the order.

###

CH1 7498093

# <u>EXHIBIT 1</u>

**Bidding Procedures**

## BIDDING PROCEDURES

Set forth below are the bidding procedures (the "Bidding Procedures") to be employed in connection with an auction (the "Auction") for the sale (the "Sale") of all of the right, title and interest in the Debtors'[1] assets (the "Acquired Assets").

At a hearing following the Auction (the "Sale Hearing"), the Debtors will seek entry of an order (the "Sale Order") from the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court") authorizing and approving the Sale to the Qualified Bidder (as defined below) that the Debtors determine to have made the highest or otherwise best bid (the "Successful Bidder").  If there is only one Qualified Bidder, the Debtors may seek to obtain approval of the Sale at the Sale Hearing without holding an Auction.

## I.      Assets to be Sold

By the Motion for: (I) an Order (A) Scheduling a Hearing to Consider the Proposed Sale of the Debtors' Assets and Approving the Form and Manner of Notice Thereof, (B) Establishing Bidding Procedures Relating to the Sale and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts, and (C) Granting Certain Related Relief; and (II) an Order (A) Approving the Sale, (B) Authorizing the Sale, Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief, dated February 25, 2013 (the "Sale Motion"),[2] the Debtors sought, *inter alia*, approval of these Bidding Procedures and Bankruptcy Court authority to sell the Acquired Assets pursuant to the Auction.  Except as otherwise provided in definitive documentation with respect to the Sale, all of the Debtors' rights, title and interest in and to any Acquired Assets sold in connection with, or as a result of, the Sale shall be sold free and clear of all liens, claims (including, without limitation, as defined in section 101(5) of the Bankruptcy Code), rights or claims based on any successor or transferee liability, interests, encumbrances, rights, remedies, restrictions, liabilities and contractual commitments of any kind or nature whatsoever, whenever arising, whether at law or in equity (collectively, "Interests"), in accordance with section 363 of the Bankruptcy Code.

The Debtors reserve the right, in consultation with the Consultation Parties (as defined below), to seek approval of the Sale of the Acquired Assets through a single transaction or through separate transactions under separate purchase agreements with different purchasers in the event that the combination of such Sales is in order to obtain the highest aggregate value for the Acquired Assets.

## II.     The Bidding Procedures

The Debtors, in consultation with their professionals, Credit Suisse AG, in its capacity as agent (the "DIP Agent") under the debtor-in-possession credit facility (the "Priority Term

---

[1] The "Debtors" are Rodeo Creek Gold Inc., Antler Peak Gold Inc., Hollister Venture Corporation and Touchstone Resources Company.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion.

Facility"), Credit Suisse AG, in its capacity as agent under Existing Hollister Credit Facility (the "Hollister Agent"), those certain beneficial holders of the 8% convertible debentures issued by GBGL on November 19, 2009, that are represented collectively by Fraser Milner Casgrain LLP, Brown Rudnick LLP, and Werksmans Attorneys (the "Noteholders"), the Monitor in the CCAA Proceedings (the "Monitor"), the Official Committee of Unsecured Creditors (the "Committee") and the Board of Directors of GBGL (collectively, the "Consultation Parties") shall (i) determine whether any person is a Qualified Bidder; (ii) provide reasonable assistance to Interested Parties (as defined below) in conducting their due diligence investigations subject to the provisions below; (iii) receive offers from proposed bidders; and (iv) negotiate any offers made to purchase the Acquired Assets. Any person who wishes to participate in the Auction must be a Qualified Bidder. Neither the Debtors nor their representatives or advisors shall be obligated to furnish information of any kind to any person who has not executed a confidentiality agreement as provided for below.

## III.    **Due Diligence**

The Debtors may afford any potential bidder the opportunity to conduct a reasonable due diligence review in the manner determined by the Debtors in their discretion. The Debtors shall not be obligated to furnish any due diligence information after the Bid Deadline. The Debtors have either provided or intend to use reasonable efforts to provide to all parties that have expressed an interest in purchasing the Acquired Assets and who the Debtors believe, in the Debtors' discretion, in consultation with the Consultation Parties, may have a legitimate interest in purchasing, and the ability to purchase, the Acquired Assets (each an "Interested Party" and, collectively, the "Interested Parties"), certain information in connection with the proposed Sale, including, among other things, these proposed Bidding Procedures and a proposed Asset Purchase Agreement (the "Asset Purchase Agreement").

Upon execution of a Confidentiality and Standstill Agreement (a "Confidentiality Agreement"), in a form and substance satisfactory to the Debtors, the Debtors will give each Interested Party access (through a virtual data room or otherwise, the "Data Room") to various financial data and other relevant and confidential information, subject to the Debtors' right to exclude such access for competitive concerns.

## IV.    **Bid Deadline**

Any person or entity wanting to participate in the Auction must submit a Qualified Bid (as defined below) for the Acquired Assets **to be actually received on or before April 1, 2013 at 12:00 p.m. (Eastern Time)** (the "Bid Deadline"), in writing, to (i) CIBC World Markets Inc., 161 Bay Street, P.O. Box 500, Toronto, Ontario, Canada, M5J 2S8 (Attn: Michael Stewart) and (ii) counsel to the Debtors, Sidley Austin LLP, One South Dearborn Street, Chicago, Illinois 60603 (Attn: Jessica C.K. Boelter) and Maupin, Cox & Legoy, 4785 Caughlin Pkwy., P.O. Box 30000, Reno, Nevada 89520 (Attn: Christopher D. Jaime).

As soon as practicable after the Bid Deadline, or at any earlier time if the Debtors choose, the Debtors shall deliver copies of bids submitted to them for the purchase of the Acquired Assets to each of the Consultation Parties or such parties' counsel, as appropriate.

## V.    <u>Qualified Bids</u>

Each person or entity that submits a Qualified Bid (as defined below) by the Bid Deadline shall be referred to herein as a "<u>Qualified Bidder</u>."  A "<u>Qualified Bid</u>" is a bid that complies with all of the following:[3]

(a)    it includes a letter stating that the bid is irrevocable until the earlier of (i) the approval by the Bankruptcy Court of the Successful Bidder, and (ii) forty five (45) days following the Bid Deadline; <u>provided</u>, <u>however</u>, that if such bid is selected as the highest or otherwise best Qualified Bid or the Backup Bid, it shall remain irrevocable until the closing of the Sale to the Successful Bidder or the Backup Bidder, as the case may be;

(b)    it includes a duly authorized and executed purchase agreement (a "<u>Proposed Purchase Agreement</u>") in the form of the Asset Purchase Agreement specifying the purchase price, expressed in United States Dollars (the "<u>Proposed Purchase Price</u>"), together with all exhibits and schedules thereto, and such ancillary agreements as may be required by the bidder with all exhibits and schedules thereto (or term sheets that describe the material terms and provisions of such ancillary agreements) and such ancillary agreements and the proposed orders to approve the Sale by the Bankruptcy Court, as well as copies of such materials marked to show the amendments and modifications to the Asset Purchase Agreement;

(c)    it does not include any request or entitlement to any breakup fee, expense reimbursement or similar type of payment.  Further, by submitting a bid, a bidder shall be deemed to waive its right to pursue a substantial contribution claim in any way related to the submission of its bid or these Bidding Procedures;

(d)    it includes evidence sufficient to allow the Debtors, in their sole discretion, to make a reasonable determination as to the bidder's (and its direct and indirect owners' and their principals') financial and other capabilities to consummate the transaction contemplated in the Sale Motion and the Proposed Purchase Agreement, which evidence could include but is not limited to evidence of a firm, irrevocable commitment for all required funding and/or financing from a creditworthy bank or financial institution;

(e)    it is not conditioned on (i) the outcome of unperformed due diligence by the bidder and/or (ii) obtaining any financing capital and includes an acknowledgement and representation that the bidder has had an opportunity to conduct any and all required due diligence prior to making its bid;

---

[3] The Debtors, in consultation the Consultation Parties, may waive compliance with any one or more of the Qualified Bid requirements specified in these Bidding Procedures, and deem such otherwise non-qualified bids to be Qualified Bids.

(f)      it fully discloses the identity of each entity that is bidding or otherwise that will be sponsoring or participating in the bid, including the identification of the bidders' direct and indirect owners and their principals, and the complete terms of any such participation;

(g)      it includes an acknowledgement and representation that the bidder: (i) has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the assets to be acquired and liabilities to be assumed in making its bid; (ii) did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express or implied (by operation of law or otherwise), regarding the assets to be acquired or liabilities to be assumed or the completeness of any information provided in connection therewith, including by the Debtors, their professionals or any of their respective professionals and advisors, except as expressly stated in the Proposed Purchase Agreement submitted by it; (iii) is a sophisticated party capable of making its own assessments in respect of making its bid; and (iv) has had the benefit of independent legal advice in connection with its bid;

(h)      it includes evidence, in form and substance reasonably satisfactory to the Debtors, of authorization and approval from the bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and closing of the transaction contemplated by the Sale Motion and Proposed Purchase Agreement;

(i)      it is accompanied by a refundable deposit (the "Deposit") in the form of a wire transfer (to an account specified by the Debtors), or such other form acceptable to the Debtors, payable to the order of Rodeo Creek Gold Inc. in an amount equal to 10% of the Proposed Purchase Price, to be held and dealt with in accordance with these Bidding Procedures;

(j)      it contains full details of the proposed number of employees of the Debtors who will become employees of the bidder and the proposed terms and conditions of employment to be offered to those employees;

(k)      it (i) includes an acknowledgement and representation that the bidder will assume the obligations of each of the Debtors under executory contracts, unexpired leases, and licenses proposed to be assigned (or agrees to identify by the date that is two (2) business days prior to the Sale Hearing with particularity which of such executory contracts, unexpired leases, and licenses of the Debtors that the bidder wishes not to assume, or alternatively wishes to assume); (ii) contains the bidder's agreement to pay the related cure costs; and (iii) indicates which of these executory contracts, unexpired leases, and licenses, if any, the bidder must be permitted to assume as a condition of closing;

(l)      it provides for closing of the Sale by no later than May 31, 2013;

4

(m)     if the bidder is an entity newly formed for the purpose of the transaction, the bid shall contain an equity or debt commitment letter from the parent entity or sponsor, which is satisfactory to the Debtors, that names the Debtors as third party beneficiaries of any such commitment letter with recourse against such parent entity or sponsor;

(n)     it includes evidence, in form and substance reasonably satisfactory to Debtors, of compliance or anticipated compliance with any and all applicable U.S. and foreign regulatory approvals (including, if applicable, anti-trust regulatory approval and any approvals with respect to the grant or transfer of any mining permits or licenses), the anticipated time frame for such compliance and any anticipated impediments for obtaining such approvals;

(o)     it contains other information reasonably requested by the Debtors, or their professionals or advisors; and

(p)     it is received by no later than the Bid Deadline.

If it is determined by the Debtors, in consultation with the Consultation Parties, that no Qualified Bids were submitted, the Debtors shall retain the right to not hold the Auction.

All Qualified Bids will be considered, but the Debtors reserve the right to reject any and all bids other than the highest or otherwise best Qualified Bid.  Bids will be evaluated on numerous grounds.

Between the Bid Deadline and the Auction, the Debtors, in consultation with the Consultation Parties, may discuss, negotiate or seek clarification of any Qualified Bid from any Qualified Bidder.  Without the written consent of the Debtors, a Qualified Bidder may not modify, amend or withdraw its Qualified Bid, except for proposed amendments to increase the Proposed Purchase Price or otherwise improve the terms of the Qualified Bid for the Debtors, during the period that such Qualified Bid remains binding as specified herein; provided, however, that any Qualified Bid may be improved at the Auction as set forth herein.

The DIP Agent, in its capacity as Agent under the Priority Term Facility, and the Hollister Agent, in its capacity as Agent under the Existing Hollister Facility, shall, as contemplated by section 363(k) of the Bankruptcy Code, have the right to submit, in its own right or through a designee or assignee, a credit bid in the amount of such loan facilities at or before the Auction; provided, however, that any such credit bid shall provide for the payment in full in cash of the Carve-Out obligations, any accrued and unpaid administrative expenses reflected in an approved budget, the Wind-Down Cost obligations (in each case as defined in the Interim DIP Order) and the "Completion Fee" payable to CIBC pursuant to the CIBC Engagement Letter.  Any credit bid submitted by the DIP Agent and/or the Hollister Agent (including any nominee or designee thereof), up to the total amount outstanding under the Priority Term Facility and the Existing Hollister Facility, plus any amount  in excess thereof in cash or other consideration, shall qualify as a "Qualified Bid," without the necessity of submitting a Deposit or complying with the other requirements set forth herein.

## VI.    Good Faith Deposit

All Deposits shall be retained by Rodeo Creek Gold Inc.  If a Qualified Bidder becomes the Successful Bidder, the Deposit paid by the Successful Bidder whose bid is approved at the Sale Hearing shall be applied to the purchase price to be paid by the Successful Bidder upon closing of the Sale.  The Deposit paid by the Backup Bidder, if there is a Backup Bidder, shall be retained until the closing of the Sale or, if the Backup Bidder becomes the ultimate purchaser of the Acquired Assets pursuant to these Bidding Procedures, shall be applied to the purchase price to be paid by the Backup Bidder upon closing of the Sale.  The Deposits of all bidders not selected as having the highest or otherwise best Qualified Bid or selected as the Backup Bidder shall be returned to such bidders within five (5) business days of the earlier of (i) the determination of the Successful Bidder by the Debtors, and (ii) forty five (45) days following the Bid Deadline.  If these Bidding Procedures are terminated in accordance with the provisions hereof, all Deposits shall be returned to the bidders within five (5) business days of the date upon which these Bidding Procedures are terminated.

If an entity selected as the Successful Bidder (including, if selected as the Successful Bidder, the Backup Bidder) breaches its obligations to close, it shall forfeit its Deposit to the Debtors; provided, however, that the forfeit of such Deposit shall be in addition to, and not in lieu of, any other rights in law or equity that any of the Debtors has or have against such breaching entity.

## VII.    The Auction

### A.    Auction Date

In the event that the Debtors timely receive more than one Qualified Bid, the Debtors shall conduct an Auction.  The Auction will be conducted at the **New York** offices of counsel to the Debtors, Sidley Austin LLP, at 787 Seventh Avenue, New York, New York 10019, on **April 3, 2013, commencing at 9:00 a.m.** (**Eastern Time**) to determine the Successful Bidder for the Acquired Assets.  Any bidder submitting a Qualified Bid may appear and submit its highest and best bid at the Auction.  The Auction may be adjourned by announcement at the Auction without further notice.

### B.    Auction Procedures

By 5:00 p.m. (Eastern Time) on the day preceding the start of the Auction, the Debtors will provide all Qualified Bidders and the Consultation Parties (or counsel thereto) with a copy of what they believe to be the highest or otherwise best Qualified Bid, together with any additional materials the Debtors have deemed appropriate, and will inform each Qualified Bidder who has expressed its intent to participate in the Auction of the identity of all Qualified Bidders that may participate in the Auction.

The following parties shall also be authorized to attend the Auction in addition to the Debtors and their professionals: (i) the U.S. Trustee; (ii) the members of the Committee and the Committee's counsel and advisors, (iii) representatives of the DIP Agent, (iv) representatives of the Hollister Agent, (v) one representative of the Noteholders and the Noteholders' U.S. counsel, (vi) the Board of Directors of GBGL and (vii) the Monitor.

Bidding at the Auction shall begin initially with the highest or otherwise best Qualified Bid announced by the Debtors and shall subsequently continue in minimum increments of at least $250,000, or such other amount the Debtors, in consultation with the Consultation Parties, determine to facilitate the Auction. Bidding will continue with respect to the Auction until the Debtors determine that they have received the highest or otherwise best bid for the Acquired Assets. After the Debtors make such determination, the Auction will be closed. Each Qualified Bidder shall be required to confirm that it has not engaged in any collusive behavior with respect to the bidding, the Auction or the Sale. At the Auction, a Qualified Bidder will be permitted to increase its bid only upon demonstrating to the Debtors, in consultation with the Consultation Parties, that it has sufficient, immediately available funds to increase its Deposit by 10% of the increased bid.

The Debtors will then determine and announce which Qualified Bid has been determined to be the Successful Bid. At the same time, the Debtors will identify a *next* highest or otherwise best Qualified Bid and announce that the bidder providing such bid has been selected as the "Backup Bidder" (the Backup Bidder's highest or otherwise best bid, the "Backup Bid"). If a Backup Bidder is identified in accordance with these Bidding Procedures, then the Backup Bid shall remain open until the closure of the Sale to the Successful Bidder.

In selecting the Successful Bid (and in determining the Backup Bid), the Debtors, in consultation with the Consultation Parties, will review each Qualified Bid. Evaluation criteria may include, but are not limited to items such as: (a) the purchase price and the net value (including assumed liabilities and other obligations to be performed or assumed by the bidder) provided by such bid; (b) the claims likely to be created by such bid in relation to other bids; (c) the counterparties to the transaction; (d) the proposed revisions to the Asset Purchase Agreement and the terms of the transaction documents; (e) other factors affecting the speed, certainty and value of the transaction (including any regulatory approvals required to close the transaction); (f) the assets included or excluded from the bid and the transaction costs and risks associated with closing multiple transactions versus a single transaction for all or substantially all of the Acquired Assets; (g) the estimated number of employees of the Debtors that will be offered post closing employment by the bidder and any proposed measures associated with their continued employment; (h) the transition services required from the Debtors post-closing and any related restructuring costs; and (i) the likelihood and timing of consummating the transaction by May 31, 2013.

## VIII.    Reservation of Rights

### A.    Determination of Highest or Otherwise Best Bid

Subject to prior consultation with the Consultation Parties, the Debtors reserve the right to: (i) determine in their sole discretion which bid is the highest or otherwise best bid; and (ii) reject at any time prior to entry of a Bankruptcy Court order approving an offer, without liability, any offer that the Debtors in their sole discretion deem to be (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or procedures set forth therein or herein, (c) not a Qualified Bid, or (d) contrary to the best interests of the Debtors and their estates.

The selection of a Successful Bidder shall be within the sole judgment of the Debtors, made in consultation with the Consultation Parties, and subject to approval of the Bankruptcy Court. Economic considerations shall not be the sole criteria upon which the Debtors may base their decision. The presentation of a particular bid to the Bankruptcy Court for approval does not constitute the Debtors' acceptance of the bid. The Debtors will be deemed to have accepted a bid only when the bid has been approved by the Bankruptcy Court at the Sale Hearing. At or before the Sale Hearing, the Debtors may impose such other terms and conditions on the Qualified Bidders as the Debtors may determine to be in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

B.      Modification of Bidding Procedures

Notwithstanding the foregoing, or anything else in these Bidding Procedures, the Debtors, in consultation with the Consultation Parties, reserve the right to (i) waive compliance with any one or more of the Qualified Bid requirements specified herein, and deem non-complaint bids to be Qualified Bids, (ii) extend the deadlines set forth in these Bidding Procedures and/or adjourn the Auction and/or the Sale Hearing in open court without further notice, (iii) withdraw any asset(s) (the "Withdrawn Assets") from the Sale at any time prior to or during the Auction to make subsequent attempts to market the same, and to request separate hearing(s) by the Bankruptcy Court to approve the sale(s) of some or all of the Withdrawn Assets, (iv) reject any or all bids if, in the Debtors' reasonable business judgment, no bid is for a fair and adequate price, (v) seek approval of any separate agreement to sell some or all of the Withdrawn Assets at the Sale Hearing, and (vi) modify the Auction procedures and the Bidding Procedures set forth herein, as may be determined to be in the best interests of the Debtors' estates or creditors. The Auction procedures, the Bidding Procedures and all bids are subject to such other terms and conditions as are announced by the Debtors during the course of the Auction. In no event shall the right to credit bid by the DIP Agent and the Hollister Agent recognized herein be eliminated, modified or qualified in any way without the written consent of the DIP Agent and the Hollister Agent.

C.      Pursuit of Alternative Transactions

Notwithstanding anything provided in these Bidding Procedures or elsewhere, the Debtors, in consultation with the Consultation Parties, reserve the right, at any time prior to the closing of the Sale, including, without limitation, after executing an agreement with any Qualified Bidder, to withdraw the relief requested in the Sale Motion and to pursue an alternative transaction or transactions, or to pursue no transaction at all, with respect to any or all of the Acquired Assets.

D.      Closing with the Successful Bidder or Backup Bidder

If for any reason the Successful Bidder fails to consummate the purchase of the Acquired Assets, or any part thereof, the Backup Bidder will automatically be deemed to have submitted the highest or best bid and to the extent the Debtors consent, the Debtors and the Backup Bidder are authorized to effect the sale of the Acquired Assets to the Backup Bidder as soon as is commercially reasonable. If such failure to consummate the Sale is the result of a breach by the

Successful Bidder, the Debtors reserve the right to seek all available damages from the Successful Bidder, including, but not limited to, with respect to its Deposit.

## IX.    <u>Sale Hearing</u>

The Sale Hearing will be held on **April 11, 2013 at 9:30 a.m. (Pacific Time)** at the United States Bankruptcy Court for the District of Nevada, Foley Federal Building, 300 Las Vegas Blvd South, Las Vegas, Nevada 89101, before the Honorable Mike K. Nakagawa, Chief United States Bankruptcy Judge.  The Sale Hearing may be adjourned, from time to time, without further notice to creditors or parties in interest other than by announcement of the adjournment in open court or on the Bankruptcy Court's docket.

## **EXHIBIT 2**

**Sale Notice**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re:

RODEO CREEK GOLD INC.

☐ Affects this Debtor
☒ Affects all Debtors
☐ Affects Hollister Venture Corporation
☐ Affects Touchstone Resources Company
☐ Affects Antler Peak Gold Inc.

Chapter 11

Case No. BK-13-50301 (MKN)

Jointly Administered

**NOTICE OF PROPOSED SALE OF
THE DEBTORS' ASSETS FREE
AND CLEAR OF ALL LIENS, CLAIMS
AND ENCUMBRANCES, (II) BIDDING
PROCEDURES, (III) AUCTION, AND
(IV) SALE HEARING**

    **PLEASE TAKE NOTICE** that, on February 25, 2013, Rodeo Creek Gold Inc., Antler Peak Gold Inc., Hollister Venture Corporation and Touchstone Resources Company, as debtors and debtors in possession (the "Debtors")[1] filed a motion (the "Sale Motion") [Docket No. 16] with the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court") seeking entry of (i) an order (the "Bidding Procedures Order"), among other things, (a) approving certain procedures (the "Bidding Procedures") for the solicitation of bids and the conduct of an auction (the "Auction") in connection with the proposed sale (the "Sale") of substantially all of their assets (the "Acquired Assets") related to the operation of the Hollister gold mine and the Esmeralda Mill in Nevada, (b) approving the form and manner of notice with respect to the proposed Sale, the Auction, and the Sale Hearing (as defined below), (c) approving procedures for the assumption, assignment, and cure of contracts and leases (the "Assumption, Assignment and Cure Procedures") to any purchaser of the Acquired Assets and/or to resolve any objections thereto and related notices, (d) scheduling a hearing to approve any such Sale with respect to any bid accepted by the Debtors (the "Sale Hearing"); and (ii) an order (a) authorizing and approving the Sale with the Successful Bidder(s) (as such term is defined in the Bidding Procedures), and (b) authorizing and approving the assumption and assignment of certain executory contracts and unexpired leases (the "Contracts and Leases") in connection with the Sale.  The Bankruptcy Court entered the Bidding Procedures Order on February 28, 2013 [Docket No. __].

    **PLEASE TAKE FURTHER NOTICE that the Auction is currently scheduled to be conducted at the offices of Sidley Austin LLP, 787 Seventh Avenue, New York, New York 10019 on April 3, 2013 at 9:00 a.m. (Eastern Time), at which time all "Qualified Bidders" (as such term is defined in the Bidding Procedures) may bid and participate pursuant to**

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion.

**the terms of the Bidding Procedures.** However, if no, or only one, Qualified Bid, is received by the Bid Deadline, the Auction will not be held. The Auction will continue until such time as the highest or otherwise best offer is determined by the Debtors**.** The Debtors may adopt rules for the Auction that will promote the goals of the Auction process. Only bidders who submit Qualified Bids in accordance with the Biding Procedures will be allowed to attend the Auction.

**PLEASE TAKE FURTHER NOTICE** that the Sale Hearing is currently scheduled to be held **on April 11, 2013 at 9:30 a.m. (Pacific Time)** at the United States Bankruptcy Court for the District of Nevada, Foley Federal Building, 300 Las Vegas Blvd South, Las Vegas, Nevada 89101, before the Honorable Mike K. Nakagawa, Chief United States Bankruptcy Judge, to consider the Debtors' selection of the highest or otherwise best bid and approval of the Sale. The Sale Hearing may be adjourned, from time to time, without further notice to creditors or parties in interest other than by announcement of the adjournment in open Court or on the Court's docket.

**PLEASE TAKE FURTHER NOTICE THAT ANY OBJECTIONS TO THE SALE MOTION, INCLUDING, WITHOUT LIMITATION, THE DEBTORS' REQUEST TO APPROVE THE SALE OF THE ACQUIRED ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES, OR THE SALE, ASSIGNMENT AND ASSUMPTION OF THE CONTRACTS AND LEASES, OR THE CURE AMOUNTS, MUST BE IN WRITING, FILED, AND SERVED SO AS TO BE ACTUALLY RECEIVED BY APRIL 8, 2013 AT 4:00 P.M. (EASTERN TIME)** by the Bankruptcy Court and: (i) counsel to the Debtors, Sidley Austin LLP, One South Dearborn Street, Chicago, Illinois 60603 (Attn: Jessica C.K. Boelter) and Maupin, Cox & Legoy, 4785 Caughlin Pkwy., P.O. Box 30000, Reno, Nevada 89520 (Attn: Christopher D. Jaime), (ii) the U.S. Trustee, (ii) counsel to the Official Committee of Unsecured Creditors (if appointed at such time) and (iv) all parties entitled to receive notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that any objections solely to adequate assurance of future performance of a Contract or Lease by the Successful Bidder or Backup Bidder must be in writing, filed, and served so as to be **actually received by April 10, 2013 at 4:00 P.M. (Eastern Time)** by the Bankruptcy Court and: (i) counsel to the Debtors, Sidley Austin LLP, One South Dearborn Street, Chicago, Illinois 60603 (Attn: Jessica C.K. Boelter) and Maupin, Cox & Legoy, 4785 Caughlin Pkwy., P.O. Box 30000, Reno, Nevada 89520 (Attn: Christopher D. Jaime), (ii) the U.S. Trustee, (ii) counsel to the Official Committee of Unsecured Creditors (if appointed at such time) and (iv) all parties entitled to receive notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002.

This notice is qualified in its entirety by the Bidding Procedures Order, the Bidding Procedures and the Sale Motion. All persons and entities are urged to read the Bidding Procedures Order, the Bidding Procedures and the Sale Motion and the provisions thereof carefully. To the extent that this notice is inconsistent with the Bidding Procedures Order, the terms of the Bidding Procedures Order shall govern.

Free copies of the Sale Motion, the Bidding Procedures, and the Bidding Procedures Order may be obtained by accessing the public website maintained by the Debtors' court-appointed claims agent, GCG, Inc., at www.gcginc.com/cases/rodeocreekgold or by calling (866) 259-9053.

INTERESTED PARTIES WHO EXECUTE A CONFIDENTIALITY AGREEMENT (EACH AS DEFINED IN THE BIDDING PROCEDURES) MAY CONTACT THE DEBTORS

AND OBTAIN ACCESS TO A DATAROOM THAT CONTAINS MATERIAL INFORMATION CONCERNING THE DEBTORS AND THE ACQUIRED ASSETS.

Additionally, copies of the Sale Motion, the Bidding Procedures and the Bidding Procedures Order may be obtained by (i) contacting the attorneys for the Debtors, Sidley Austin LLP, One South Dearborn Street, Chicago, Illinois 60603 (Attn: Matthew G. Martinez) or Maupin, Cox & Legoy, 4785 Caughlin Pkwy., P.O. Box 30000, Reno, Nevada 89520 (Attn: Christopher D. Jaime); (ii) accessing the Bankruptcy Court's website at http://www.nvb.uscourts.gov (please note that a PACER password is needed to access documents on the Court's website); (iii) viewing the docket of these cases at the Clerk of the Court, United States Bankruptcy Court for the District of Nevada, Foley Federal Building, 300 Las Vegas Blvd South, Las Vegas, Nevada 89101.

**PLEASE TAKE FURTHER NOTICE THAT THE FAILURE TO ABIDE BY THE PROCEDURES AND ALL DEADLINES SET FORTH IN THE BIDDING PROCEDURES ORDER AND THE BIDDING PROCEDURES MAY RESULT IN THE FAILURE OF THE BANKRUPTCY COURT TO CONSIDER A COMPETING BID OR AN OBJECTION TO THE PROPOSED SALE TRANSACTION, THE ASSUMPTION AND ASSIGNMENT OF ANY CONTRACTS AND LEASES AND THE PROPOSED CURE AMOUNTS.**

DATED: February __, 2013

SIDLEY AUSTIN LLP
Jessica C.K. Boelter
Thomas A. Labuda, Jr.
Matthew G. Martinez
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

Proposed Reorganization Counsel for
Debtors and Debtors in Possession

MAUPIN, COX & LEGOY, P.C.
Donald A. Lattin
Christopher D. Jaime
4785 Caughlin Parkway
Reno, Nevada 89519
Telephone:  (775) 827-2000
Facsimile:  (775) 827-2185

**<u>EXHIBIT 3</u>**

**Publication Notice**

## UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA

In re:

RODEO CREEK GOLD INC.

☐ Affects this Debtor
☒ Affects all Debtors
☐ Affects Hollister Venture Corporation
☐ Affects Touchstone Resources Company
☐ Affects Antler Peak Gold Inc.

Chapter 11

Case No. BK-13-50301 (MKN)
Jointly Administered

**NOTICE OF PROPOSED SALE OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES, (II) BIDDING PROCEDURES, (III) AUCTION, AND (IV) SALE HEARING**

PLEASE TAKE NOTICE that, on February 25, 2013, Rodeo Creek Gold Inc., Antler Peak Gold Inc., Hollister Venture Corporation and Touchstone Resources Company, as debtors and debtors in possession (the "Debtors"), filed a motion [Docket No. 16] (the "Sale Motion") with the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court") seeking, among other things, Bankruptcy Court approval of certain procedures (the "Bidding Procedures") for the solicitation of bids and the conduct of an auction (the "Auction") in connection with the proposed sale (the "Sale") of substantially all of their assets (the "Acquired Assets") related to the operation of the Hollister gold mine and the Esmeralda Mill in Nevada. An order approving the Bidding Procedures (the "Bidding Procedures Order") was entered on February 28, 2013 [Docket No __].

Free copies of the Bidding Procedures and all Sale related documents may be obtained by accessing the public website maintained by the Debtors' court-appointed claims agent, GCG, Inc., at www.gcginc.com/cases/rodeocreekgold or by calling (866) 259-9053. Questions regarding the Sale and related procedures can be directed to the attorneys for the Debtors, Sidley Austin LLP, One South Dearborn Street, Chicago, Illinois 60603 (Attn: Matthew G. Martinez) or Maupin, Cox & Legoy, 4785 Caughlin Pkwy., P.O. Box 30000, Reno, Nevada 89520 (Attn: Christopher D. Jaime).

PLEASE TAKE FURTHER NOTICE that the Auction is currently scheduled to be conducted at the offices of Sidley Austin LLP, 787 Seventh Avenue, New York, New York 10019 on **April 3, 2013 at 9:00 a.m. (Eastern Time)**, at which time all "Qualified Bidders" (as such term is defined in the Bidding Procedures) may bid and participate pursuant to the terms of the Bidding Procedures.

PLEASE TAKE FURTHER NOTICE that a "Sale Hearing" is currently scheduled to be held on **April 11, 2013 at 9:30 a.m. (Pacific Time)** at the United States Bankruptcy Court for the District of Nevada, Foley Federal Building, 300 Las Vegas Blvd South, Las Vegas, Nevada 89101, before the Honorable Mike K. Nakagawa, Chief United States Bankruptcy Judge, to consider, among other things, approval of the Sale. Timing of the Sale Hearing is subject to change.

PLEASE TAKE FURTHER NOTICE **that any objections to the Sale Motion must be in writing, filed, and served so as to be actually received by April 8, 2013 at 4:00 p.m. (Eastern Time)** by the Bankruptcy Court and: (i) counsel to the Debtors, Sidley Austin LLP and Maupin, Cox & Legoy, at the above mentioned addresses, (ii) the U.S. Trustee, (ii) counsel to the Official Committee of Unsecured Creditors (if appointed at such time) and (iv) all parties entitled to receive notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002.

Further, any objections solely to adequate assurance of future performance of a Contract or Lease by the Successful Bidder or Backup Bidder must be in writing, filed, and served so as to be **actually received by April 10, 2013 at 4:00 P.M. (Eastern Time)** by the aforementioned parties.

This notice is qualified in its entirety by the Bidding Procedures Order, the Bidding Procedures and the Sale Motion.  All persons and entities are urged to read the Bidding Procedures Order, the Bidding Procedures and the Sale Motion and the provisions thereof carefully.  To the extent that this notice is inconsistent with the Bidding Procedures Order, the terms of the Bidding Procedures Order shall govern.  **Failure to abide by the Bidding Procedures and the Bidding Procedures Order, or the failure to meet any deadlines, may result in the failure of the Bankruptcy Court to consider a competing bid or an objection to the proposed Sale transaction.**

DATED: February __, 2013

**EXHIBIT 4**

**Cure Notice**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

In re:

RODEO CREEK GOLD INC.

☐ Affects this Debtor
☒ Affects all Debtors
☐ Affects Hollister Venture Corporation
☐ Affects Touchstone Resources Company
☐ Affects Antler Peak Gold Inc.

Chapter 11

Case No. BK-13-50301 (MKN)

Jointly Administered

**NOTICE OF POSSIBLE SALE,**
**ASSUMPTION AND ASSIGNMENT OF**
**CERTAIN UNEXPIRED LEASES AND**
**EXECUTORY CONTRACTS AND**
**SALE HEARING**

**PLEASE TAKE NOTICE** that, on February 25, 2013, Rodeo Creek Gold Inc., Antler Peak Gold Inc., Hollister Venture Corporation and Touchstone Resources Company, as debtors and debtors in possession (the "Debtors"), filed a motion (the "Sale Motion")[1] [Docket No. 16] with the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court") seeking entry of (i) an order (the "Bidding Procedures Order"), among other things, (a) approving certain procedures (the "Bidding Procedures") for the solicitation of bids and the conduct of an auction (the "Auction") in connection with the proposed sale (the "Sale") of substantially all of their assets (the "Acquired Assets") related to the operation of the Hollister gold mine and the Esmeralda Mill in Nevada, (b) approving the form and manner of notice with respect to the proposed Sale, the Auction, and the Sale Hearing (as defined below), (c) approving procedures for the assumption, assignment, and cure of contracts and leases (the "Assumption, Assignment and Cure Procedures") to any purchaser of the Acquired Assets and/or to resolve any objections thereto and related notices, (d) scheduling a hearing to approve any such Sale with respect to any bid accepted by the Debtors (the "Sale Hearing"); and (ii) an order (a) authorizing and approving the Sale with the Successful Bidder(s) (as such term is defined in the Bidding Procedures), and (b) authorizing and approving the assumption and assignment of certain executory contracts and unexpired leases (the "Contracts and Leases") in connection with the Sale.  The Bankruptcy Court entered the Bidding Procedures Order on February 28, 2013 [Docket No. __].

**PLEASE TAKE FURTHER NOTICE** that the Bidding Procedures Order, without limitation, (i) provided, that the Auction will be conducted at the offices of Sidley Austin LLP, 787 Seventh Avenue, New York, New York 10019 **on April 3, 2013 at 9:00 a.m. (Eastern Time)**, (ii) approved the Assumption, Assignment and Cure Procedures, and (iii) scheduled the Sale Hearing to consider the Sale of the Acquired Assets, as more fully described in the Sale Motion (and its related documentation, including, without limitation, the Bidding Procedures), and the assumption and assignment of Contracts and Leases and approval of related cure amounts.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion.

**PLEASE TAKE FURTHER NOTICE** that that the Sale Hearing is currently scheduled to be held **on April 11, 2013 at 9:30 a.m. (Pacific Time)** at the United States Bankruptcy Court for the District of Nevada, Foley Federal Building, 300 Las Vegas Blvd South, Las Vegas, Nevada 89101, before the Honorable Mike K. Nakagawa, Chief United States Bankruptcy Judge. The Sale Hearing may be adjourned, from time to time, without further notice to creditors or parties in interest other than by announcement of the adjournment in open Court or on the Court's docket.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Sale Motion, the Debtors intend to sell, assume and assign certain of their unexpired leases, license agreements and executory contracts related to the Acquired Assets (the "<u>Contracts and Leases</u>") free and clear of all Interests, upon satisfaction of the cure amounts required under section 365 of the Bankruptcy Code (the "<u>Cure Amounts</u>"). **The Contracts and Leases that the Debtors may seek to sell, assume and assign (the "<u>Potential Assumed Contracts</u>") and corresponding Cure Amounts are listed on the attached <u>Exhibit 1</u>**.

**PLEASE TAKE FURTHER NOTICE THAT ANY OBJECTIONS TO THE SALE MOTION, INCLUDING, WITHOUT LIMITATION, THE DEBTORS' REQUEST TO APPROVE THE SALE OF THE ACQUIRED ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES, OR THE SALE, ASSIGNMENT AND ASSUMPTION OF THE CONTRACTS AND LEASES, OR THE CURE AMOUNTS, MUST BE IN WRITING, FILED, AND SERVED SO AS TO BE ACTUALLY RECEIVED BY APRIL 8, 2013 AT 4:00 P.M. (EASTERN TIME)** by the Bankruptcy Court and: (i) counsel to the Debtors, Sidley Austin LLP, One South Dearborn Street, Chicago, Illinois 60603 (Attn: Jessica C.K. Boelter) and Maupin, Cox & Legoy, 4785 Caughlin Pkwy., P.O. Box 30000, Reno, Nevada 89520 (Attn: Christopher D. Jaime), (ii) the U.S. Trustee, (ii) counsel to the Official Committee of Unsecured Creditors (if appointed at such time) and (iv) all parties entitled to receive notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that any objections solely to adequate assurance of future performance of a Contract or Lease by the Successful Bidder or Backup Bidder must be in writing, filed, and served so as to be **actually received by April 10, 2013 at 4:00 P.M. (Eastern Time)** by the Bankruptcy Court and: (i) counsel to the Debtors, Sidley Austin LLP, One South Dearborn Street, Chicago, Illinois 60603 (Attn: Jessica C.K. Boelter) and Maupin, Cox & Legoy, 4785 Caughlin Pkwy., P.O. Box 30000, Reno, Nevada 89520 (Attn: Christopher D. Jaime), (ii) the U.S. Trustee, (ii) counsel to the Official Committee of Unsecured Creditors (if appointed at such time) and (iv) all parties entitled to receive notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002.

**A PARTY THAT FAILS TO FILE A TIMELY OBJECTION TO A CURE AMOUNT LISTED ON <u>EXHIBIT 1</u> HERETO MAY FORFEIT ITS RIGHT TO DISPUTE SUCH CURE AMOUNT AT A LATER DATE AND/OR AT THE SALE HEARING.**

This notice is qualified in its entirety by the Bidding Procedures Order, the Bidding Procedures and the Sale Motion. All persons and entities are urged to read the Bidding Procedures Order, the Bidding Procedures and the Sale Motion and the provisions thereof carefully. To the extent that this notice is inconsistent with the Bidding Procedures Order, the terms of the Bidding Procedures Order shall govern.

Free copies of the Sale Motion, the Bidding Procedures, and the Bidding Procedures Order may be obtained by accessing the public website maintained by the Debtors' court-appointed claims agent, GCG, Inc., at www.gcginc.com/cases/rodeocreekgold or by calling (866) 259-9053.

Additionally, copies of the Sale Motion, the Bidding Procedures and the Bidding Procedures Order may be obtained by (i) contacting the attorneys for the Debtors, Sidley Austin LLP, One South Dearborn Street, Chicago, Illinois 60603 (Attn: Matthew G. Martinez) or Maupin, Cox & Legoy, 4785 Caughlin Pkwy., P.O. Box 30000, Reno, Nevada 89520 (Attn: Christopher D. Jaime); (ii) accessing the Bankruptcy Court's website at http://www.nvb.uscourts.gov (please note that a PACER password is needed to access documents on the Court's website); (iii) viewing the docket of these cases at the Clerk of the Court, United States Bankruptcy Court for the District of Nevada, Foley Federal Building, 300 Las Vegas Blvd South, Las Vegas, Nevada 89101.

**PLEASE TAKE FURTHER NOTICE THAT THE FAILURE TO ABIDE BY THE PROCEDURES AND ALL DEADLINES SET FORTH IN THE BIDDING PROCEDURES ORDER AND THE BIDDING PROCEDURES MAY RESULT IN THE FAILURE OF THE BANKRUPTCY COURT TO CONSIDER A COMPETING BID OR AN OBJECTION TO THE PROPOSED SALE TRANSACTION, THE ASSUMPTION AND ASSIGNMENT OF ANY CONTRACTS AND LEASES AND THE PROPOSED CURE AMOUNTS.**

DATED: February __, 2013

SIDLEY AUSTIN LLP
Jessica C.K. Boelter
Thomas A. Labuda, Jr.
Matthew G. Martinez
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

Proposed Reorganization Counsel for
Debtors and Debtors in Possession

MAUPIN, COX & LEGOY, P.C.
Donald A. Lattin
Christopher D. Jaime
4785 Caughlin Parkway
Reno, Nevada 89519
Telephone:  (775) 827-2000
Facsimile:  (775) 827-2185

## <u>EXHIBIT 1</u>

**Potential Assumed Contracts**

[***to be included with mailing of exhibit***]