Electronically Filed on
March 28, 2013

| | |
|---|---|
| Jeffrey N. Pomerantz (CA Bar No. 143717)<br>Ira D. Kharasch (CA Bar No. 109084)<br>Shirley S. Cho (CA Bar No. 192616)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd., Suite 1300<br>Los Angeles, CA 90067<br>Telephone: 310/277-6910<br>Facsimile: 310/201-0760<br>Email: jpomerantz@pszjlaw.com<br>    ikharasch@pszjlaw.com<br>    scho@pszjlaw.com | Janet L. Chubb (NV Bar No. 176)<br>Louis M. Bubala III (NV Bar No. 8974)<br>Gordon R. Goolsby (NV Bar No. 11578)<br>ARMSTRONG TEASDALE LLP<br>3770 Howard Hughes Pkwy., Ste. 200<br>Las Vegas, NV 89169<br>Telephone: 702/678-5070<br>Facsimile: 702/878-9995<br>Email: jchubb@armstrongteasdale.com<br>    lbubala@armstrongteasdale.com<br>    ggoolsby@armstrongteasdale.com |
| Proposed Counsel for the<br>Official Committee of Unsecured Creditors | Proposed Counsel for the<br>Official Committee of Unsecured Creditors |

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>RODEO CREEK GOLD, INC.,<br><br>☐ Affects this Debtor<br>☑ Affects all Debtors<br>☐ Affects Antler Peak Gold Inc.<br>☐ Affects Hollister Venture Corporation<br>☐ Affects Touchstone Resources Company<br><br>Debtors. | Case No.: 13-50301-MKN<br><br>Chapter 11<br><br>**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO 11 U.S.C. §§ 1102(B)(3)(A) AND 1103(C) FOR ENTRY OF AN ORDER CLARIFYING ITS REQUIREMENT TO PROVIDE ACCESS TO INFORMATION UNDER BANKRUPTCY CODE § 1102(B)(3)(A), WITH CERTIFICATE OF SERVICE**<br><br>Hearing Date:  May 2, 2013<br>Time:         1:30 p.m.<br>Place:        Courtroom 2<br>              300 Las Vegas Blvd. So.<br>              Las Vegas, NV 89101 |

The Official Committee of Unsecured Creditors (the "Committee") of Rodeo Creek Gold, Inc. ("Rodeo Creek") and its above-captioned affiliated debtors (collectively with Rodeo Creek, the "Debtors"), by and through its undersigned counsel, hereby moves (the "Motion") this Court, pursuant to Sections 1102(b)(3)(A) and 1103(c) of title 11 of the United States Code (the

"Bankruptcy Code"), for entry of an order (the "Order"), clarifying the Committee's requirement to provide access to information for the Debtors' unsecured creditors under Section 1102(b)(3)(A) of the Bankruptcy Code. In support of the Motion, the Committee respectfully represents as follows:

## I.

## INTRODUCTION

Through this Motion, the Committee requests authority to (a) withhold Confidential Information and Privileged Information under the "information access" prong of the statute, and (b) satisfy its duties under the "comment solicitation" prong of the statute by means of a link to a web page posted on, and accessible via, Committee counsel's existing internet site. Section 1102(b)(3)(A) raises the issue of whether the Committee could be required to share Confidential Information or Privileged Information (as such terms are defined below) with any unsecured creditor. The Committee seeks an order of the Court confirming that Section 1102(b)(3)(A) does not authorize or require the Committee to provide access to each and every piece of Confidential Information or Privileged Information to any creditor that the Committee represents.

The Committee seeks to satisfy its information sharing obligations in as streamlined and inexpensive a manner as possible. Thus, the Committee will communicate with its constituency through the website established by the Firm at www.pszjlaw.com and through periodic newsletters to the general unsecured creditors, if necessary.

## II.

## FACTUAL BACKGROUND

1. On February 25, 2013 (the "Petition Date"), the Debtors commenced these bankruptcy cases by each filing a voluntary petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court, District of Nevada (the "Court"), under the jointly administered case No. 13-50301-MKN (the "Case").

2. On March 8, 2013, the Office of the United States Trustee appointed the Committee.

3. The Debtors are debtors in possession; no trustee or examiner has been appointed.

### III.
### JURISDICTION

4. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a), 1102, and 1103 of the Bankruptcy Code.

### IV.
### RELIEF REQUESTED

5. The Committee is authorized to, among other things, consult with the Debtors, investigate the Debtors, participate in the formulation of a plan, and perform such other services as are in the interests of those represented. *See* 11 U.S.C. § 1103(c). In addition, as part of the Committee's duties, the Committee is required to provide access to information for the creditors represented by the Committee. *See* 11 U.S.C. § 1102(b)(3)(A).

6. In light of the anticipated discussions regarding the Debtors' prospects for reorganization, the Committee believes that a significant amount of Confidential Information and Privileged Information will be generated. By this Motion, the Committee seeks entry of the Order, *nunc pro tunc* to March 8, 2013, clarifying and implementing an information protocol (the "Information Protocol") regarding the dissemination of information to the Debtors' unsecured creditors, which Information Protocol does not require the Committee to disseminate confidential, proprietary, or non-public information concerning the Debtors or the Committee, or any other information if the effect of such disclosure would constitute a waiver of any privilege or confidentiality agreement between the Committee and the Debtors. The relief requested herein will help ensure that confidential, privileged, proprietary, and/or material non-public information regarding the Debtors or the Committee will not be disseminated to the detriment of the Debtors' estates or their unsecured creditors and will aid the Committee in performing its statutory functions and duties.

DOCS_LA:265310.1 75293/001                              3

**V.**

**THE INFORMATION PROTOCOL**

7.  For purposes of this Motion, the term "Confidential Information" shall include, without limitation, all documents, agreements, records, reports, data, forecasts, projections, business plans, interpretations, audit reports, and all other written, visual, or oral information, regardless of the method of memorialization or transmission, concerning the Debtors and provided by or on behalf of the Debtors to the Committee and its members, agents, representatives and professionals and its members' professionals (together with the Committee, hereinafter collectively referred to as the ("Committee Entities") in their capacities as such, as well as all notes, memoranda, summaries, reports, analyses, compilations, forecasts, projections, studies and other materials prepared by either the Committee Entities or the Debtors containing or based upon, in each case, in whole or in part, such information, which are not available to the general public (including but not limited to, financial statements, tax returns, business plans, profit and loss statements, balance sheets, comparative results of operations, and explanations related thereto).  Confidential Material does not include any information which (a) at the time of disclosure or thereafter is generally available to the public (other than as a result of disclosure by the Committee Entities), (b) is obtained by the Committee Entities on a non-confidential basis from a source other than the Debtors or any entities acting on the Debtors' behalf, when the Committee Entities reasonably believe that such source is not prohibited from disclosing such information (or any portion thereof) by a contractual, legal, or fiduciary obligation to the Debtors, (c) is or has been filed by a person (other than the Committee or Committee Entities) with the United States Bankruptcy Court for the District of Nevada in which the Case is pending (the "Bankruptcy Court") or any other court or administrative agency whose records are open to public inspection, except such information as has been filed under seal, (d) is already known to the Committee Entities at the time of disclosure (other than material that is known but subject to a confidentiality restriction), or (e) is independently developed by the Committee Entities without reliance upon any of the Confidential Material.

8.  The term "Privileged Information" represents information subject to the attorney-client or some other state, federal, or other jurisdictional doctrine of law privilege, whether such

privilege is solely controlled by the Committee or is a joint privilege with the Debtors or some other party (collectively, "Privileged Information").

9. The Committee has received and expects that the Debtors will continue to share Confidential Information and may, in instances where a joint defense is appropriate, also share Privileged Information with the Committee in connection with this case. To that end, the Committee has entered into a confidentiality agreement with the Debtors in order to further the Committee's investigation duties. The Committee will also assemble its own Confidential Information and/or Privileged Information and the Committee's bylaws also contain provisions to protect the dissemination of Confidential Information.

10. The Committee will use the Confidential Information and Privileged Information to assess and analyze, among other things, the Committee's strategies in the cases, the prospects for the Debtors' proposed sale and plan of reorganization, and the alternatives that are available to maximize returns to unsecured creditors. If there were a risk that the Debtors' Confidential Information given to the Committee would have to be turned over to all creditors, the Debtors would be extremely reluctant to give Confidential Information to the Committee in the first place. The Debtors might conclude that they could not give such information to the Committee at all. The inability of the Committee to gain access to Confidential Information, in turn, would limit the ability of the Committee to fulfill its statutory obligations under the Bankruptcy Code. Hence, maintaining the confidentiality of Confidential Information and Privileged Information is critical for the Committee to adequately perform its duties in these cases.

11. Public dissemination of Confidential Information could also harm the Debtors' estates. Among other things, the Debtors' Confidential Information, such as employee compensation, business plan, and asset disposition strategy, is sensitive in nature, and public disclosure of such information would cause serious problems for the Debtors, as well as potentially violate federal and state privacy laws.

12. Thus, the Committee requests authority to withhold Confidential Information and Privileged Information and establish a link to a web page posted on, and accessible via, Committee counsel's existing internet site at www.pszjlaw.com/RodeoCreek. The Committee will

communicate with its constituency through the website established by the Firm at www.pszjlaw.com and through periodic newsletters to the general unsecured creditors, if necessary.

## VI.
## BASIS FOR RELIEF REQUESTED

13. Section 1102(b)(3) of the Bankruptcy Code provides, in pertinent part, as follows:

A committee appointed under subsection (a) shall –

(A) provide access to information for creditors who –

(i) hold claims of the kind represented by that committee; and

(ii) are not appointed to the committee;

(B) solicit and receive comments from the creditors described in subparagraph (A); and

(C) be subject to a court order that compels any additional report or disclosure to be made to the creditors described in subparagraph (A).

11 U.S.C. § 1102(b)(3).

14. When a statute is clear and unambiguous, "the sole function of the courts is to enforce it according to its terms." *U.S. v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989) (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)). However, in "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters . . . the intention of the drafters, rather than the strict language, controls." *Id*. at 242-43 (citing *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564 (1982) (internal quotations omitted)).

15. The Committee respectfully submits that Section 1102(b)(3)(A) of the Bankruptcy Code is unclear and ambiguous. The statute simply requires a committee "to provide access to information," yet sets forth no guidelines as to the type, kind, and extent of the information to be provided. In its extreme, section 1102(b)(3)(A) of the Bankruptcy Code could be read as requiring a statutory committee to provide access to ***all*** information provided to it by a debtor, or developed through exercise of its investigative function, regardless of whether the information is confidential,

1  privileged, proprietary, or material non-public information and regardless of whether disseminating such information implicates disclosure requirements of the securities laws.

16. The legislative history does not provide any further guidance on this point and merely reiterates the language of Bankruptcy Code section 1102(b)(3). *See* H.R. Rep. No. 109-31, 109th Cong., 1st Sess. 87 (2005) ("Section 405(b) requires the committee to give creditors having claims of the kind represented by the committee access to information. In addition, the committee must solicit and receive comments for these creditors and, pursuant to court order, make additional reports and disclosures available to them.").

17. Indeed, sharing such information without limitations and in the absence of this Court's entry of the Order may be detrimental to the Debtors' businesses and their ability to maximize value. Providing unfettered access to such information undoubtedly will allow competitors of the Debtors to use such information, including any business plan of the Debtors, trade secrets, or other proprietary information, to that competitor's advantage and, more importantly, to the disadvantage of the Debtors and, thus, its unsecured creditors. As such, the relief requested in this Motion is routinely granted by courts in this district and around the country. *See*, *e.g.*, *In re Nevada Cancer Institute*, Case No. 11-28676 (MKN) (Bankr. D. Nev. Feb. 7, 2012); *In re USA Commercial Mortgage Co.*, Case No. 06-10725 (LBR) (Bankr. D. Nev. June 27, 2006); *In re LG Philips Displays USA, Inc.*, Case No. 06-10245 (BLS) (Bankr. D. Del. May 18, 2006); *In re Calpine Corp.*, Case No. 05-60200 (BRL) (Bankr. S.D.N.Y. February 15, 2006); *In re Refco, Inc.*, 336 B.R. 187, 197-98 (Bankr. S.D.N.Y. 2006); *In re FLYi, Inc.*, Case No. 05-20011 (MFW) (Bankr. D. Del. Nov. 17, 2005).

## VII.

## NOTICE

18. No trustee or examiner has been appointed in this Chapter 11 case. Notice of this Motion has been given to: (i) the Office of the United States Trustee; (ii) counsel to the Debtors; and (iii) parties requesting special notice.

/ / /

/ / /

## VIII.

## NO PRIOR REQUEST

19. No previous request for the relief sought herein has been made to this or any other court.

## IX.

## CONCLUSION

**WHEREFORE,** the Committee respectfully requests that the Court enter the Order, annexed hereto as **Exhibit A**, and grant the Committee such other and further relief as the Court deems just and proper.

Dated: March 28, 2013

       PACHULSKI STANG ZIEHL & JONES LLP

       /s/ Shirley Cho
       Jeffrey N. Pomerantz (CA Bar No. 143717)
       Ira D. Kharasch (CA Bar No. 109084)
       Shirley S. Cho (CA Bar No. 192616)
       PACHULSKI STANG ZIEHL & JONES LLP
       10100 Santa Monica Blvd., Suite 1300
       Los Angeles, CA  90067
       Telephone: 310/277-6910 | Facsimile: 310/201-0760
       Email: jpomerantz@pszjlaw.com
              ikharasch@pszjlaw.com
              scho@pszjlaw.com

       Janet L. Chubb (NV Bar No. 176)
       Louis M. Bubala III (NV Bar No. 8974)
       Gordon R. Goolsby (NV Bar No. 11578)
       ARMSTRONG TEASDALE LLP
       3770 Howard Hughes Pkwy., Ste. 200
       Las Vegas, NV 89169
       Telephone: 702/678-5070
       Facsimile: 702/878-9995
       Email: jchubb@armstrongteasdale.com
              lbubala@armstrongteasdale.com
              ggoolsby@armstrongteasdale.com

       Proposed Counsel to the Official
       Committee of Unsecured Creditors

# CERTIFICATE OF SERVICE

1. On **March 28, 2013**, I served the following document(s):

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO 11 U.S.C. §§ 1102(B)(3)(A) AND 1103(C) FOR ENTRY OF AN ORDER CLARIFYING ITS REQUIREMENT TO PROVIDE ACCESS TO INFORMATION UNDER BANKRUPTCY CODE § 1102(B)(3)(A), WITH CERTIFICATE OF SERVICE**

2. I served the above-named document(s) by the following means to the persons as listed below:

☒ **ECF System** (attach the "Notice of Electronic Filing" or list all persons and addresses):

RYAN A. ANDERSEN on behalf of Creditor FRANCO-NEVADA U.S. CORPORATION
RANDERSEN@LIONELSAWYER.COM, bklsclv@lionelsawyer.com;kwallace@lionelsawyer.com

SALLIE B ARMSTRONG on behalf of Creditor CREDIT SUISSE AG
sarmstrong@downeybrand.com, reno@downeybrand.com

BRETT A. AXELROD on behalf of Interested Party THE AD HOC CONSORTIUM OF HOLDERS OF GREAT BASIN GOLD LTD 8.0% CONVERTIBLE DEBENTURES
baxelrod@foxrothschild.com, pkois@foxrothschild.com;rdittrich@foxrothschild.com;ldupree@foxrothschild.com

WILLIAM R. BALDIGA on behalf of Interested Party THE AD HOC CONSORTIUM OF HOLDERS OF GREAT BASIN GOLD LTD 8.0% CONVERTIBLE DEBENTURES
wbaldiga@brownrudnick.com, cennis@brownrudnick.com;jconte@brownrudnick.com

JEDEDIAH R. BODGER on behalf of Creditor STATE OF NEVADA DEPARTMENT OF TAXATION
jbodger@ag.nv.gov, mcwilson@ag.nv.gov

LOUIS M. BUBALA on behalf of Creditor Committee THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
lbubala@armstrongteasdale.com, bsalinas@armstrongteasdale.com

SHIRLEY S. CHO on behalf of Creditor Committee THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
scho@pszjlaw.com

DAWN M. CICA on behalf of Creditor SAN JUAN DRILLING INC.
dcica@lrlaw.com, mschoeni@lrlaw.com;bankruptcynotices@lrlaw.com;lbrowning@lrlaw.com;jmoulian@lrlaw.com

LAUREL E. DAVIS on behalf of Creditor SANDVIK MINING AND CONSTRUCTION USA, LLC.
ldavis@fclaw.com, mhurtado@fclaw.com

J CRAIG DEMETRAS on behalf of Creditor FINLEY RIVER, LLC
mail@demetras-oneill.com, jar@demetras-oneill.com;mdh@demetras-oneill.com

DOCS_LA:265310.1 75293/001

1  CARLOS A. GONZALEZ on behalf of Creditor UNITED STATES
carlos.gonzalez2@usdoj.gov,
2  Darlene.Ruckard@usdoj.gov,Mary.Booker@usdoj.gov,doriayn.olivarra@usdoj.gov,sue.knight@usdoj.gov,

3

4  GORDON R. GOOLSBY on behalf of Creditor Committee THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
ggoolsby@armstrongteasdale.com, bsalinas@armstrongteasdale.com

5

6  JOHN H. GUTKE on behalf of Interested Party THE AD HOC CONSORTIUM OF HOLDERS OF GREAT BASIN GOLD LTD 8.0% CONVERTIBLE DEBENTURES
jgutke@foxrothschild.com,
7  kthompson@foxrothschild.com;mmetoyer@foxrothschild.com;amwilson@foxrothschild.com

8  CHRISTOPHER D JAIME on behalf of Debtor ANTLER PEAK GOLD INC.
cjaime@mclrenolaw.com, kbernhardt@mclrenolaw.com

9

10  CASSANDRA P. JOSEPH on behalf of Creditor STATE OF NEVADA DIVISION OF ENVIRONMENT
cjoseph@ag.nv.gov, rhooper@ag.nv.gov

11

12  IRA D KHARASCH on behalf of Creditor Committee THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
ikharasch@pszjlaw.com

13

14  ROBERT R. KINAS on behalf of Creditor CATERPILLAR FINANCIAL SERVICES CORPORATION
rkinas@swlaw.com,
15  jmath@swlaw.com;mfull@swlaw.com;bgriffith@swlaw.com;nunzueta@swlaw.com;docket_las@swlaw.com;cgianelloni@swlaw.com;nkanute@swlaw.com

16

17  CECILIA LEE on behalf of Creditor PAPE MATERIAL HANDLING, INC.
efile@cecilialee.net

18  JOHN F MURTHA on behalf of Creditor NV ENERGY, INC.
jmurtha@woodburnandwedge.com

19

20  BRIAN D. SHAPIRO on behalf of Creditor HAYCOCK PETROLEUM COMPANY
bshapiro@brianshapirolaw.com,
ecf@brianshapirolaw.com;brianshapiroesq@yahoo.com;bshapiro@brianshapirolaw.com;candice@brianshapirolaw.com
21

22  JENNIFER A. SMITH on behalf of Creditor FRANCO-NEVADA U.S. CORPORATION
cobrien@lionelsawyer.com, bklscr@lionelsawyer.com

23

24  JEFFREY R. SYLVESTER on behalf of Creditor AGGREKO, LLC
jeff@sylvesterpolednak.com, tina@sylvesterpolednak.com;bridget@sylvesterpolednak.com

25  AMY N. TIRRE on behalf of Interested Party KAPPES CASSIDAY & ASSOCIATES
amy@amytirrelaw.com, admin@amytirrelaw.com

26

27  U.S. TRUSTEE - RN - 11
USTPRegion17.RE.ECF@usdoj.gov

28  RYAN J. WORKS on behalf of Creditor Q & D CONSTRUCTION, INC.
rworks@mcdonaldcarano.com, kbarrett@mcdonaldcarano.com,bgrubb@mcdonaldcarano.com

DOCS_LA:265310.1 75293/001                              2

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

X b.   **Via United States mail, postage fully prepaid** (list persons and addresses):

JESSICA C.K. BOELTER on behalf of Debtor RODEO CREEK GOLD INC.
ONE SOUTH DEARBORN
CHICAGO, IL 60603

D. ROB BURRIS on behalf of Creditor HANLON ENGINEERING & ARCHITECTURE, INC.
MOROE MCDONOUGH GOLDSCHMIDT....
4578 N. FIRST AVE, STE 160
TUCSON, AZ 85718

JOSHUA M. FRIED on behalf of Creditor Committee THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
150 CALIFORNIA ST. 15TH FLOOR
SAN FRANCISCO, CA 94111

GCG INC
1985 MARCUS AVE
LAKE SUCCESS, NY 11042

NICOLAS B. HOSKINS on behalf of Creditor SANDVIK MINING AND CONSTRUCTION USA, LLC.
2394 EAST CAMELBACK ROAD, SUITE 600
PHOENIX, AZ 85016-3429

THOMAS A. LABUDA on behalf of Debtor RODEO CREEK GOLD INC.
ONE SOUTH DEARBORN
CHICAGO, IL 60603

MAXIM B. LITVAK on behalf of Creditor Committee THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
150 CALIFORNIA ST. 15TH FLOOR
SAN FRANCISCO, CA 94111

MATTHEW G. MARTINEZ on behalf of Debtor RODEO CREEK GOLD INC.
ONE DOUTH DEARBORN
CHICAGO, IL 60603

DENNIS C. O'DONNELL on behalf of Creditor CREDIT SUISSE AG
1 CHASE MANHATTAN PLAZA
NEW YORK, NY 10005

DOCS_LA:265310.1 75293/001                             3

1  JEFFREY N. POMERANTZ on behalf of Creditor Committee THE OFFICIAL COMMITTEE OF
   UNSECURED CREDITORS
2  10100 SANTA MONICA BLVD 13TH FLOOR
   LOS ANGELES, CA 90067

      d.    **By direct email (as opposed to through the ECF System**) (list persons and email addresses):

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 28th day of March, 2013.

| Barbara Salinas | /s/ Barbara Salinas . |
|---|---|
| Name | Signature |

DOCS_LA:265310.1 75293/001        4

**EXHIBIT A**

**EXHIBIT A**

| | |
|---|---|
| Jeffrey N. Pomerantz (CA Bar No. 143717)<br>Ira D. Kharasch (CA Bar No. 109084)<br>Shirley S. Cho (CA Bar No. 192616)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd., Suite 1300<br>Los Angeles, CA  90067<br>Telephone: 310/277-6910<br>Facsimile: 310/201-0760<br>Email: jpomerantz@pszjlaw.com<br>         ikharasch@pszjlaw.com<br>         scho@pszjlaw.com | Janet L. Chubb (NV Bar No. 176)<br>Louis M. Bubala III (NV Bar No. 8974)<br>Gordon R. Goolsby (NV Bar No. 11578)<br>ARMSTRONG TEASDALE LLP<br>3770 Howard Hughes Pkwy., Ste. 200<br>Las Vegas, NV 89169<br>Telephone: 702/678-5070<br>Facsimile: 702/878-9995<br>Email: jchubb@armstrongteasdale.com<br>          lbubala@armstrongteasdale.com<br>          ggoolsby@armstrongteasdale.com |

Proposed Counsel for the
Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>RODEO CREEK GOLD, INC.,<br><br>☐   Affects this Debtor<br>☒   Affects all Debtors<br>☐   Affects Antler Peak Gold Inc.<br>☐   Affects Hollister Venture Corporation<br>☐   Affects Touchstone Resources Company<br><br>                     Debtors. | Case No.: 13-50301-MKN<br><br>Chapter 11<br><br>**ORDER GRANTING MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO 11 U.S.C. §§ 1102(B)(3)(A) AND 1103(C) FOR ENTRY OF AN ORDER CLARIFYING ITS REQUIREMENT TO PROVIDE ACCESS TO INFORMATION UNDER BANKRUPTCY CODE § 1102(B)(3)(A)**<br><br>Hearing Date:  May 2, 2013<br>Time:               1:30 p.m.<br>Place:              Courtroom 2<br>                        300 Las Vegas Blvd. So.<br>                        Las Vegas, NV 89101 |

/ / /

/ / /

/ / /

DOCS_LA:265310.1 75293/001                                6

Upon the *Motion of the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 1102(b)(3)(A) and 1103(c) for Entry of an Order Clarifying Its Requirement to Provide Access to Information Under Bankruptcy Code § 1102(b)(3)(A)* [Docket No. __] (the "Motion"), filed by the Official Committee of Unsecured Creditors of Rodeo Creek Gold, Inc. ("Rodeo Creek") and its above-captioned affiliated debtors (collectively with Rodeo Creek, the "Debtors"), (the "Committee") and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and all other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that no other or further notice need be provided; and no objections to the Motion having been filed; and after due deliberation and sufficient cause appearing therefor,

**IT IS ORDERED, ADJUDGED AND DECREED** as follows:

1. The relief requested in the Motion is granted.

2. The Committee, its professionals, and its members and their respective agents, representatives, advisors, and counsel are not be required to disseminate Confidential Information or Privileged Information to unsecured creditors. The Committee is authorized to withhold Confidential Information and Privileged Information as such terms are defined in the Motion.

3. The Committee is deemed to have satisfied its duties under the "comment solicitation" prong of Section 1102(b)(3) of the Bankruptcy Code by means of a link to a web page posted on, and accessible via, Committee counsel's existing internet site.

4. This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of this Order in all respects and further to hear and determine all matters arising from the construction and implementation of this Order.

###