**Electronically Filed on 3/28/13**

Jeffrey N. Pomerantz (CA Bar No. 143717)
Ira D. Kharasch (CA Bar No. 109084)
Shirley S. Cho (CA Bar No. 192616)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jpomerantz@pszjlaw.com
       ikharasch@pszjlaw.com
       scho@pszjlaw.com

Janet L. Chubb (NV Bar No. 176)
Louis M. Bubala III (NV Bar No. 8974)
Gordon R. Goolsby (NV Bar No. 11578)
ARMSTRONG TEASDALE LLP
3770 Howard Hughes Pkwy., Ste. 200
Las Vegas, NV 89169
Telephone: 702/678-5070
Facsimile: 702/878-9995
Email: jchubb@armstrongteasdale.com
       lbubala@armstrongteasdale.com
       ggoolsby@armstrongteasdale.com

Proposed Counsel for the
Official Committee of Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>RODEO CREEK GOLD, INC.,<br><br>☐ Affects this Debtor<br>☑ Affects all Debtors<br>☐ Affects Antler Peak Gold Inc.<br>☐ Affects Hollister Venture Corporation<br>☐ Affects Touchstone Resources Company<br><br>                          Debtors. | Case No.: 13-50301-MKN<br><br>Chapter 11<br><br>**DECLARATION OF LOUIS M. BUBALA III IN SUPPORT OF APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY ARMSTRONG TEASDALE LLP AS ITS COUNSEL NUNC PRO TUNC TO MARCH 12, 2013**<br><br>Hearing Date: May 2, 2013<br>Time: 1:30 p.m.<br>Place: 300 Las Vegas Blvd. So.<br>         Courtroom 2<br>         Las Vegas, NV 89101 |

I, Louis M. Bubala III, declare and state as follows:

1. I make this declaration in support of the application (the "Application") filed by the Official Committee of Unsecured Creditors (the "Committee"), to employ Armstrong Teasdale LLP (the "Firm") as its counsel in the above referenced case.

2. I am an attorney of the Firm and am duly admitted and licensed to practice in the State of Nevada and before the federal courts of Nevada.

DOCS_LA:265547.1 75293/002

3. The name, address, telephone number, and facsimile number of the Reno office of the Firm is as follows:

>Armstrong Teasdale LLP
>50 W. Liberty St., Ste. 950
>Reno, NV 89501
>Telephone: (775) 322-7400
>Facsimile:  (775) 322-9049

4. The Firm and its attorneys have represented creditors' committees in numerous bankruptcy cases nationwide in a wide range of industries, including the following cases in Nevada.

>2010 American Pacific Financial Corp.
>2005 Skin Nuvo International, LLC
>1996 Abbott Transportation
>1996 AME, Inc.
>1995 Elsinore Corporation; Four Queens, Inc.; Four Queens Experience Corporation; Palm Springs East LP; Elsub Management Corporation
>1995 TriValley Broadcasting, Inc.
>1995 Merkley & Hankins, Inc.
>1995 CMC, Inc.
>1995 Oberg USA, Inc.
>1994 Pacific Coast Express
>1993 Robert L. Helms Construction; Paul R. Helms & Associates; J/P Associates; Double Diamond Ranch LP; Robert L. Helms and Pauline F. Helms
>1993 James H. Keller
>1992 Homestead Minerals Corporation
>1990 Thomas D. Armour, Jr.
>1989 Sunriver Mining Co.
>1988 Stead Industries, Inc.
>1986 Kinkade Mining & Construction; Dick Merritt
>1986 Meyer Construction, Inc.

5. Other attorneys in the Firm have served as counsel to unsecured creditor committees in Jones Truck Lines (Bankr. W.D. Ark.); Apex Oil (Bankr. E.D. Mo.); Union Financial Services Group (Bankr. E.D. Mo.); Wehrenberg Theatres (Bankr. E.D. Mo.); and Jumping Jack Shoes (Bankr. W.D. Mo.).

6. A copy of the resumes of the Firm's attorneys currently expected to work on this matter is attached to the Application as Exhibit A. Information on other attorneys in the Firm, and the Firm in general, can be found at the Firm's website: www.armstrongteasdale.com.

7. The Firm's services are necessary to enable the Committee to execute its duties under Section 1103. Subject to further order of this Court, the Firm is expected to render the following services, among others, to the Committee:

a. assisting, advising and representing the Committee in its consultations with the Debtors regarding the administration of this case;

b. assisting, advising and representing the Committee in analyzing the Debtors' assets and liabilities, investigating the extent and validity of liens and participating in and reviewing any proposed asset sales, any asset dispositions, financing arrangements and cash collateral stipulations or proceedings;

c. assisting, advising and representing the Committee in any manner relevant to reviewing and determining the Debtors' rights and obligations under leases and other executory contracts;

d. assisting, advising and representing the Committee in investigating the acts, conduct, assets, liabilities and financial condition of the Debtors, the Debtors' operations and the desirability of the continuance of any portion of those operations, and any other matters relevant to this case or to the formulation of a plan;

e. assisting, advising and representing the Committee in its participation in the negotiation, formulation and drafting of a plan of reorganization;

f. assisting, advising and representing the Committee in understanding its powers and its duties under the Bankruptcy Code and the Bankruptcy Rules and in performing other services as are in the interests of those represented by the Committee;

g. assisting, advising and representing the Committee in the evaluation of claims and on any litigation matters; and

h. providing such other services to the Committee as may be necessary in these cases.

8. To the best of my knowledge, neither the Firm nor any of its partners, of counsel, or associates has any connection with the Debtors, any creditors of the estate, any party in interest, their respective attorneys or accountants, the US Trustee, or any person employed in the office of the US Trustee, except as set forth herein:

a. The Firm and its attorneys represents or has represented entities in unrelated matters *adverse* to entities related or affiliated with Secured Creditor Credit Suisse AG. The Firm's conflict check did not return any current or prior matters in which it represented Secured Creditor Credit Suisse AG or entities related or affiliated with it.

b. Blake, Cassels & Graydon LLP ("Blake's") is employed as counsel to Credit Suisse AG in the related reorganization proceedings in Canada, and it is listed on the consolidated creditor matrix filed by Debtors (Ct. Dkt. #14). The Firm holds a law license in Shanghai, China, and Blake has a separate law license in Beijing, China. The Firm, Blake's (through its subsidiary, Blake's Asia, Inc.) and two additional law firms participate in a Delaware limited liability company, China Alliance, LLC, for purposes of marketing and referrals of legal work to the Firm's Shanghai office and Blake's Beijing office. The same law firms also are members of a Missouri limited liability company, China Alliance Business Consulting Group, LLC, which provides business consulting and government relations services in China. The China Alliance Business Consulting Group, LLC also holds a separate non-law consulting license with a representative office at the same office as the Firm's law office in Shanghai.

c. FTI Consulting, Inc., is employed as a financial advisor to Credit Suisse AG. The Firm has engaged an unrelated professional from FTI as an expert witness involving unrelated parties in an unrelated matter pending before Judge Beesley. The Firm and its attorneys also are aware of other unrelated matters in which both they and FTI are participating or have participated in.

d. The Firm and its attorneys are or previously have participated in unrelated matters involving:

   i. Debtors' local counsel Maupin Cox & Legoy, P.C.
   ii. Credit Suisse AG's counsel, Milbank Tweed Hadley & McCloy LLP and Downey Brand, LLP. A partner in the Los Angeles office of the Milbank firm has been selected as mediator by consensus of approximately 13 parties (including one represented by the Firm) for an unrelated adversary proceeding pending before Judge Zive.

      iii. Ad Hoc Consortium of Holders of Great Basin Gold Ltd 8.0% Convertible Debentures counsel Brown Rudnick LLP and Fox Rothschild LLP. Additionally, Mr. Goolsby was employed by Fox Rothschild LLP from August 2010 through December 2011 but did not work on this matter when he was employed there.

      iv. Fellow Committee counsel Pachulski Stang Ziehl & Jones LLP. Additionally, Pachulski attorney John W. Lucas and I were law school classmates.

      v. Although the Firm has not immediately identified any other current or prior matters involving other professionals, it is possible that it has been involved in matters with, among others, Debtors' counsel Sidley Austin LLP; Debtors' financial advisor Alvarez & Marshal; KPMG Inc., the monitor in the related Canadian proceedings; and fellow Committee professionals BDO Consulting and BDO USA, LLP.

e. Among the Consolidated List of Twenty Largest Creditors (Ct. Dkt. #1), the Firm and its attorneys currently are or previously have been involved in unrelated matters with:

      i. The State of Nevada on numerous occasions.

      ii. Sandvik Mining & Construction USA, LLC, for which the firm provided an opinion letter regarding an unrelated transaction in 2010. The Firm also represents an adverse party to a related entity, Sandvik Materials Technology Corporation, in an unrelated matter in Missouri.

      iii. Q&D Construction, Inc. The Firm and its attorneys are unaware of any matters involving this entity. Ms. Chubb has known Q&D President Norman Dianda for many years. Prior to Q&D's appointment to the Committee, Ms. Chubb had discussions regarding this case with Mr. Dianda and Q&D's counsel.

      iv. Quality Transportation, Inc. The Firm and its attorneys are unaware of any matters involving this entity. Prior to the Committee's engagement of the Firm, Ms. Chubb and I had discussions regarding this case with other counsel that have and do represent entities affiliated with Quality President John Davis.

9. In addition, the Firm does not employ any person that is related to a judge of this Court or the US Trustee for this region.

10. To the best of my knowledge, neither the Firm nor any of its partners, of counsel, or associates represents any interest adverse to that of the Committee or the Debtors or of the estates in the matters on which it is to be retained.

11. To the best of my knowledge, neither the Firm nor any of its partners, of counsel, or associates is a creditor, equity security holder, or an "insider" of the Debtors as that term is defined in section 101(31) of the Bankruptcy Code.

12. To the best of my knowledge neither the Firm nor any of its partners, of counsel, or associates is or was, within two years before the date of the filing of the petition, a director, officer, or employee of the Debtors.

13. To the best of my knowledge, the Firm is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and the Firm does not hold any interest adverse to the estate.

14. Notwithstanding the foregoing, I do not believe that any of the relationships described herein will in any way impair the Firm's independence or ability to objectively perform the required services for the Committee.

15. The Firm has conducted an extensive conflict check within the Firm's database using the information listed on Debtor's Consolidated List of Creditors (Ct. Dkt. #14). Thus far, the Firm has not encountered any creditors of the Debtors in which an actual conflict exists between the Firm and such creditors. Exhibit 1 to this declaration is a list of current matters, unrelated to these bankruptcy cases, in which the Firm represents or is adverse to an entity listed on Debtor's Consolidated List of Creditors or what appears to be a related entity. The spreadsheet does not

include matters in which an entity identified by Debtor is a non-adverse party, such as a co-defendant, in a matter involving the Firm. The list also does not identify individuals listed by Debtors as they involved relatively common names and are not or do not immediately appear to be related to those identified in unrelated matters involving the Firm. The Firm also conducted a conflict check of individuals who are or have been directors, officers and shareholders of the Debtors but did not identify any matters involving them.

16. If, at any time during the course of this proceeding, the Firm learns of any representation that may give rise to a conflict, the Firm will promptly file with the Court and the US Trustee an amended declaration identifying and specifying such involvement.

17. Subject to the provisions of the Bankruptcy Code and the Bankruptcy Rules, the Committee proposes that the Firm be paid its customary hourly rates in effect from time to time and be reimbursed according to its customary reimbursement policies. The Firm was not paid any retainer prior to the filing of the Case. Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and this Court's rules, the Firm shall be paid its customary hourly rates in effect from time to time and the Estates shall reimburse the Firm according to its customary reimbursement policies. The attorneys currently expected to be principally responsible for the Case, and their respective hourly rates are as follows: Janet L. Chubb ($495); Bruce Leslie ($495); Louis M. Bubala III ($340); Conor Flynn ($275); and Gordon R. Goolsby ($250). The hourly rates for the paralegals assigned to the Case are: Barbara Salinas ($180). The hourly rates of all of the Firm's attorneys and paraprofessionals are available upon request.

18. There are no arrangements between the Firm and any other entity for the sharing of compensation to be received in connection with this case, except insofar as such compensation may be shared among the partners, of counsel and associates of the Firm.

19. I am informed and believe that the Committee may retain additional professionals during the term of the engagement. The Firm may have worked with the additional professionals in the past and agrees to work cooperatively with such professionals on this Case to integrate any respective work conducted by the professionals on behalf of the Committee. The Firm has assured

1  the Committee that it will work closely with each of these firms to take care not to duplicate efforts
2  in this Case.
3      I declare under penalty of perjury that the foregoing is true and correct.
4      Executed this 28th day of March, 2013.

                                  /s/Louis M. Bubala III
                                  LOUIS M. BUBALA III

# EXHIBIT 1

# EXHIBIT 1

| Consoldiated Creditors (Dkt. #14) | Entity Identified in AT Conflict Check | AT's Relationship |
|---|---|---|
| ADP | ADP, Inc.; Automated Data Processing | Potentially Adverse, 1 matter |
| Aecom | Aecom USA Inc. | Potentially adverse, 1 matter |
| Aon South Africa Ltd. | Aon | Prospective Adverse, 1 matter |
| Arthur J Gallagher (UK) Ltd. | Arthur Gallagher & Co.; Gallagher Bassett Services, Inc.; Arthur J Gallagher Risk Mgt. | Client, numerous matters; Client, numerous matters; Firm related entity provides electronic data management, 1 matter |
| AT&T | Numerous entities | Client, numerous matters |
| Avis | Avis Budget Group,, Inc. | Client, 2 matters |
| Bank of America | Bank of America, N.A. | Client, numerous matters |
| BASF Corporation; BASF Construction Chemicals LLC | BASF Corporation; Whitmire Micro-gen (affiliate); BASF Wyandotte Corporation | BASF Corporation and Whitmire, Clients, numerous matters; Corp/Wyandotte, Adverse, 1 matter |
| California State Board of Equalization | California State Board of Equalization | Client, 1 matter |
| Chartis | Numerous entities | Adverse, 3 matters |
| Chubb Insurance Company of Canada | Numerous entities | Various positions |
| Davis Graham & Stubbs LLP | Davis Graham & Stubbs | ALAS member |
| Dish Network | Dish Network LLC | Client, 1 matter |
| Enterprise; Enterprise Rent A Car; Enterprise Rent-A-Car USA | Numerous entities | Client |
| Ernst & Young | Ernst & Young; Ernst & Young LLP | Adverse or potentially adverse, 2 matters |
| Fedex | FedEx | Adverse, 1 matter |
| Federal Insurance Company | Federal Insurance Company | Related to Client, 2 matters |
| Ferguson | Ferguson [Enterprises, Inc.] | Adverse, 1 matter |
| Gowling Lafleur Henderson LLP | Gowling Lafleur Henderson LLP | Client, 1 matter |
| John Deere Financial | Numerous entities | Adverse or potentially adverse, 3 matters |
| Manpower | Manpower, Inc. | Client, 1 matter |
| Metalmark Capital | Metalmark Capital | Adverse, 1 matter |
| Micro Motion, Inc. | Micro Motion, Inc. | None for Micro Motion, Inc., but numerous matters for its parent entity, Emerson Electric |

| | | |
|---|---|---|
| Napa Auto Parts; Scotty's Napa Autom Parts; Bianchis Auto Parts (Napa) | Genuine Parts Company a/k/a Napa Autom Parts | Potentially adverse, 1 matter |
| National Union Fire Insurance Company of Pittsburgh, PA | National Union Fire Insurance Company of Pittsburgh, PA | Client, 1 matter; Adverse, 1 matter |
| Nevada, State of | Numerous entities | Adverse, numerous matters |
| NV Energy | NV Energy | Client, 1 matter |
| Parsons Behle & Latimer | Parsons Behle & Latimer | Payor of fees in certain mediations or arbitrations |
| Philips Medical Systems | Philips Medical Systems | Potentially adverse, 1 matter |
| PriceWaterhouseCoopers LLP | PriceWaterhouseCoopers LLP; PriceWaterhouseCoopers Corporate Finance, Inc. | Adverse, 1 matter |
| Steptoe & Johnson LLP | Steptoe & Johnson LLP | ALAS member |
| Snap-on Industrial | Snap-on Inc.; Snap-on Equipment SRLa Unico Socio | Adverse, 2 matters |
| Snow, Christensen & Martineau | Snow, Christensen & Martineau | ALAS member |
| Special Olympics Nevada | Special Olympics of Nevada | B. Leslie, former board member |
| Super 8 Motel; Winnemucca Super 8 Motel | Numerous entities | Client, numerous matters |
| [U.S.] Attorney | Numerous entities | Adverse |
| U.S. Department of Agriculture | U.S. Department of Agriculture | Adverse, 1 matter; Funding source for adverse entity, 1 matter |
| [U.S.] Dept. of Homeland Security | U.S. Department of Homeland Security | Adverse, 1 matter |
| U.S. Department of the Interior (Bureau of Land Management) | U.S. Department of the Interior | Funding source for adverse entity, 1 matter |
| U.S. Department of Justice | U.S. Department of Justice | Adverse, 5 matters |
| U.S. Department of Labor (MSHA) | U.S. Department of Labor | Adverse, numerous matters |
| U.S. Department of Treasury | U.S. Department of Treasury | Funding source for adverse entity, 2 matters |
| [U.S.] Environmental Protection Agency | [U.S.] Environmental Protection Agency | Adverse, 8 matters |
| [U.S] Equal Employment Opportunity Commission | Equal Employment Opportunity Commission | Adverse, numerous matters |
| [U.S.] Internal Revenue Service | Internal Revenue Service | Adverse, numerous matters |
| [U.S.] Post Office; U.S. Postal Service | United States Postal Service; United States Postal Inspection Service | Adverse, 2 matters |
| [U.S.] Securities & Exchange Commission | [U.S.] Securities & Exchange Commission | Adverse, 1 matter |

| United States Steel Corporation | United States Steel Corporation; US Steel | Various positions |
|---|---|---|
| UPS; UPS Freight; UPS Motor Freight; UPS Supply Chain Solutions, Inc.; United Parcel Services | Numerous entities | Client, numerous matters |
| US Bank | Numerous entities | Various positions |
| Verizon Wireless | Verizon Communications, Inc. (and related entities) | Adverse, 1 matter |
| Wal-mart | Wal-mart Stores, Inc. | Various positions |
| XL Insurance Company Ltd. | XL Insurance America, Inc; XL Insurance Company of New York, Inc.; XL Select Insurance Company | Adverse, 3 matters |