_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
March 29, 2013

_____

| | |
|---|---|
| Jessica C.K. Boelter (IL SBN 6277801) | Donald A. Lattin (NV SBN 693) |
| Thomas A. Labuda, Jr. (IL SBN 6225401) | Christopher D. Jaime (NV SBN 4640) |
| Matthew G. Martinez (IL SBN 6297132) | MAUPIN, COX & LEGOY, P.C. |
| SIDLEY AUSTIN LLP | 4785 Caughlin Parkway |
| One South Dearborn Street | Reno, Nevada 89519 |
| Chicago, Illinois 60603 | Telephone: (775) 827-2000 |
| Telephone: (312) 853-7000 | Facsimile: (775) 827-2185 |
| Facsimile: (312) 853-7036 | dlattin@mclrenolaw.com |
| | cjaime@mclrenolaw.com |
| Proposed Reorganization Counsel for | |
| Debtors and Debtors in Possession | Proposed Local Reorganization Counsel for |
| | Debtors and Debtors in Possession |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Chapter 11 |
| RODEO CREEK GOLD INC. | Case No. BK-13-50301 (MKN) |
| ☐ Affects this Debtor | Jointly Administered |
| ☒ Affects all Debtors | |
| ☐ Affects Antler Peak Gold Inc. | **FINAL ORDER (I) AUTHORIZING DEBTORS TO PAY CERTAIN PREPETITION EMPLOYEE OBLIGATIONS, (II) AUTHORIZING THE DEBTORS TO REIMBURSE BUSINESS EXPENSES, (III) AUTHORIZING DEBTORS TO MAINTAIN AND CONTINUE EMPLOYEE BENEFITS AND PROGRAMS IN THEIR ORDINARY COURSE, (IV) AUTHORIZING AND DIRECTING APPLICABLE BANKS TO HONOR ALL CHECKS AND TRANSFERS DRAWN ON THE DEBTORS' ACCOUNTS, AND (V) GRANTING RELATED RELIEF** |
| ☐ Affects Hollister Venture Corporation | |
| ☐ Affects Touchstone Resources Company | |

Case 13-50301-mkn    Doc 283    Entered 03/29/13 15:12:54    Page 2 of 6


|  | Hearing Date: | March 28, 2013 |
|---|---|---|
|  | Hearing Time: | 1:00 p.m. (PT) |
|  | Place: | 300 Las Vegas Blvd. |
|  |  | Las Vegas, NV 89101 |

Upon consideration of the motion, dated February 25, 2013 (the "Motion"),[1] of Rodeo Creek Gold Inc. ("Rodeo Creek") and its affiliated debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") commenced on February 25, 2013 (the "Petition Date") for entry of an Interim Order and Final Order, pursuant to sections 105(a), 363(b), and 507 of the Bankruptcy Code: (A) authorizing the Debtors, in accordance with their existing plans, programs and policies, to (i) pay the Employee Compensation; (ii) pay the Reimbursable Expenses; (iii) continue to pay and honor all Employee Benefits; (iv) payments relating to all Deductions and Withholdings; and (v) make all payments to third parties relating to Employee Obligations, (B) authorizing and directing the applicable banks and other financial institutions to honor and pay all checks and transfers drawn on the Debtors' payroll accounts to make the foregoing payments, and (C) granting such other and further relief as the Court may deem just and proper; and upon consideration of the Motion and all pleadings related thereto, including the Dombrowski Declaration and the Declaration of Michael D. Kang in Support of the Debtors' Chapter 11 Petitions and First Day Motions; and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), (c) venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, and (d) notice of the Motion was due and proper under the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

circumstances; and a hearing to consider approval of the Motion on an interim basis having been held; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and it appearing that the requirements of Bankruptcy Rule 6003 have been satisfied; and an Interim Order on this matter having been entered on February 27, 2013 [Docket No. 43]; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby:

ORDERED, that the Motion is granted as set forth herein on a final basis; and it is further

ORDERED, that the Debtors are authorized, but not directed, to pay or otherwise honor all Employee Obligations, the most significant of which are described in the Motion, including, but not limited to, all obligations incurred under or related to Employee Compensation, Reimbursable Expenses, Employee Benefits and Deductions and Payroll Taxes, and all costs and expenses incident to the foregoing and all programs related thereto, including those Employee Obligations and Employee Benefits that (i) were or are due and payable and relate to the period prior to the Petition Date and (ii) are or become due and payable or relate to the period after the Petition Date; and it is further

ORDERED, that the Debtors are authorized to make any and all payments pursuant to the Salary Retention Bonus Policy, the Hourly Retention Bonus Policy and the Performance Bonus Program; and it is further

ORDERED, that the Debtors are authorized to maintain and continue to honor their practices, programs, and policies (as more fully described in the Motion) for their Employees with respect to the Employee Obligations as they were in effect as of the Petition Date, and as such may be modified, amended, or supplemented from time to time in the ordinary course of business; and it is further

ORDERED, that all applicable banks and other financial institutions and any other bank (collectively, the "Banks") authorized to administer the Debtors' bank accounts under the Motion for Interim and Final Orders (I) Approving Cash Management System, (II) Authorizing Use of Prepetition Bank Accounts and Business Forms, (III) Waiving the Requirements of Section 345(b) of the Bankruptcy Code, and (IV) Granting Administrative Priority to Intercompany Claims (the "Cash Management Motion"), are authorized and directed, upon the Debtors' request in their sole discretion, to receive, honor, process, and pay, to the extent of funds on deposit, any and all checks or electronic transfers drawn on the Debtors' Bank Accounts (as defined in the Cash Management Motion) relating to the Employee Obligations, including those checks or electronic transfers that have not cleared the Banks as of the Petition Date; and it is further

ORDERED, that the Debtors are authorized to replace any prepetition checks or electronic transfers relating to the Employee Obligations that may be dishonored or rejected; and it is further

ORDERED, that the Banks may rely on the representations of the Debtors as to which checks or electronic transfers are in payment of the Employee Obligations; and it is further

ORDERED, that the Debtors are authorized, but not directed, to pay any and all costs and other obligations in connection with maintaining or paying third parties to maintain, administer, and provide record-keeping relating to the Employee Obligations that they may have outstanding as of the Petition Date in the ordinary course of business; and it is further

ORDERED, that neither this Final Order, nor any payments made by the Debtors pursuant to the Motion or this Order, shall be deemed to change the classification of any claim or to in any way change the rights or create new rights of any Employee or other person, including

4

without limitation, the creation of any right to payment entitled to administrative expense priority pursuant to sections 503 and 507 of the Bankruptcy Code; and it is further

ORDERED, that nothing in this Final Order or the Motion shall be deemed to constitute the post-petition assumption or rejection of any employee benefit plan, employment agreement, or any other contract, program, or agreement pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED, that notwithstanding any provision in the Bankruptcy Code or Bankruptcy Rules to the contrary, the Debtors are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Final Order; and it is further

ORDERED, that the requirements of Bankruptcy Rule 6003(b) are satisfied; and it is further

ORDERED, that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Final Order; and it is further

ORDERED, that (i) the fourteen (14) day stay under Bankruptcy Rule 6004(h) is hereby waived with respect to this Final Order and (ii) the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that the requirements of set forth in Bankruptcy Rule 6004(a) are waived; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Final Order.

SUBMITTED BY:

Donald A. Lattin, NV State Bar #693
Christopher D. Jaime, NV State Bar #4640
MAUPIN, COX & LEGOY, P.C.
4785 Caughlin Parkway

Reno, Nevada 89519
dlattin@mclrenolaw.com
cjaime@mclrenolaw.com

Proposed Local Reorganization Counsel
For Debtors and Debtors in Possession
Jessica C.K. Boelter, IL State Bar #6277801
Thomas A. Labuda, Jr., IL State Bar #6225401
Matthew G. Martinez, IL State Bar #6297132
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603

Proposed Reorganization Counsel for
Debtors and Debtors in Possession

In accordance with Local Rule 9021, counsel submitting this document certifies as follows (check one):

____ The court has waived the requirement set forth in Local Rule 9021(b)(1)

____ No party appeared at the hearing or filed an objection to the Motion.

_X_ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

    Approved by Pachulski Stang Ziehl & Jones LLP, Counsel to Official Committee of Unsecured Creditors; waived as to all others.

____ I certify that this is a case under chapter 7 or 13, that I have served a copy of this order with the motion pursuant to Local Rule 9014(g), and that no party has objected to the form or content of the order.

###