JOHN F. MURTHA, ESQ.
**Nevada Bar No. 835**
WOODBURN AND WEDGE
Sierra Plaza
6100 Neil Road, Ste. 500
P.O. Box 2311
Reno, Nevada  89505
Telephone :  (775) 688-3000
jmurtha@woodburnandwedge.com

Attorneys for Creditor
Sierra Pacific Power Company,
dba NV Energy

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \*

In re

RODEO CREEK GOLD INC.

___ Affects this Debtor
_X_ Affects all Debtors
___ Affects Hollister Venture Corporation
___ Affects Touchstone Resources Company
___ Affects Antler Peak Gold Inc.

_____/

Case No. BK-13-50301-MKN
Chapter 11

**NV ENERGY'S OBJECTION
TO PROPOSED CURE AMOUNT
FOR EXECUTORY CONTRACT
IN CONNECTION WITH THE
DEBTORS' PROPOSED
SALE OF ASSETS**

Hearing Date:  May 2, 2013
Hearing Time:  1:30 p.m.

Sierra Pacific Power Company, dba NV Energy ("NVE"), by and through its counsel Woodburn and Wedge, hereby submits its objections to Debtors' Sale Motion (Docket No. 16) and responds to the Debtors' Notice of Possible Sale, Assumption and Assignment of Certain Unexpired Leases and Executory Contracts and Sale

Hearing (Docket No. 121) ("Objection Notice") and the Debtors' Supplemental Notice of Possible Sale, Assumption and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing (Docket No. 154) ("Supplemental Objection Notice"). This Objection is supported by the Declaration Clyyne Cook filed contemporaneously herewith.

1. The Sale Motion seeks authority for the Debtors to sell all or substantially all of their assets at auction.

2. On March 8, 2013, the Debtors filed and served their Objection Notice. Attached to the Objection Notice was an Exhibit "A" which is a list of unexpired leases and executory contracts that might be assumed by a purchaser as part of the sale of the Debtors' assets. NVE is listed on the Exhibit "A" as having two contracts subject to possible assumption as follows:

| Contract Counter-Party | Contract ID | Legal Entity | Contract Description | Cure Amount |
|---|---|---|---|---|
| NV Energy | 185 | Antler Peak Gold Rodeo Creek Gold | Line Extension Agreement, Design Cost Agreement, and High Voltage Distribution Agreement | $4,487.69 |
| Sierra Pacific Power Company | 70 | Rodeo Creek Gold | Utility Line Extension Agreement | $ .00 |

3. The Objection Notice provided that any objections to the Sale Motion, including any objection to proposed cure amounts, were due on April 8, 2013.

4. On March 15, 2013, the Debtors filed and served the Supplemental Objection Notice. The Supplemental Objection Notice did not contain any different information regarding NVE's contracts, nor did it change the objection deadline.

2

5. On March 29, 2013, this Court entered an Amended Order regarding the Sale Motion (Docket No. 286) in which it modified various dates and deadlines relating to the proposed sale of the Debtors' assets. The date by which objections to the sale are due was extended to April 26, 2013, but the date by which cure objections were due was not changed.

6. NVE has searched its records for contracts with the Debtors that might have been the contracts referenced in Exhibit "A" to the Objection Notice and the Supplemental Objection Notice.

7. The first contract found related to a line extension/relocation project NVE contracted with Antler Peak Gold (the "Antler Peak Project"). That project, however, has been completed and Antler Peak still owes NVE $32,638.69. From NVE's perspective, the Antler Peak contract does not appear to be an executory contract for which a cure could be claimed.

8. The second contract related to a line extension/relocation project for which NVE contracted with Rodeo Creek Gold. That project was known as the Hollister Mine Project located near Elko, Nevada. The details of that project are detailed in the Declaration of Clyyne Cook filed contemporaneously herewith. She reports that:

    A. The estimated cost of the building the Project was $1,560,000. *See, Declaration of Clyyne Cook, p. 2, ¶ 7.*

    B. Pursuant to the contract payment schedule, Rodeo Creek was to pre-pay the full estimated cost of the Project to NVE pursuant to the following schedule:

| | |
|---|---|
| Upon Execution of HVDA | $318,000 |
| January 2, 2012 | $562,000 |
| April 2, 2012 | $680,000 |

*Id., p. 2, ¶ 9.*

  C. To date Rodeo Creek has only paid $906,190 to NVE for the Project even though $1,560,000 is due. *Id., p. 3, ¶ 9.*

  D. The estimated price of the Project did not include a tax gross-up, but, pursuant to the contract, Rodeo Creek would be responsible for the tax gross up amount that would become due. It is estimated the tax gross-up would be $464,470. *Id., p. 3, ¶ 10*

  E. To date, NVE has incurred labor and material costs for the Project, including overheads, totaling $356,330. *Id., p. 3, ¶ 11.*

  F. If Rodeo Creek were to assume the contract, it, or a successor in interest, would have to pay NVE the additional sum of $1,144,470 consisting of the balance due on the estimated Project cost and the tax gross-up of $464,470 before NVE would be required to complete construction of the Project. *Id., p. 2, ¶ 12.*

  G. If Rodeo Creek rejects the Contract, it would be entitled to a refund of part of the $906,190 paid to NVE. NVE has incurred some costs that cannot be recovered (e.g. labor) while other costs (e.g. material purchases that can be re-used) might be recoverable in whole or in part. At this time, the best <u>estimate</u> of the refund that would be available to Rodeo if it rejected the Contract would be $671,841. *Id., p. 3, ¶ 13.*

  9. To the extent the Debtors' stated cure amount of $.00 may be referencing the Antler Creek Project, the cure number would be accurate. If, however, the Debtors are referring to the Hollister Mine Project, there is a significant amount due NVE that would have to be cured upon assumption of the project. Rodeo Creek needed to advance $1,560,000 to NVE for the project, it has only advanced $906,190 and, therefore, the cure amount necessary should the Antler Peak agreement be assumed would be $653.810.

  For the reasons set forth above, NVE submits that should the Hollister Mine contract be assumed pursuant to the provisions of 11 USC § 365, Rodeo Creek or

4

any successor in interest would have to pay NVE $753,810 to cure Rodeo Creek's existing default in accordance with the provisions of 11 USC § 365..

DATED this 5th day of April, 2013.

                              WOODBURN AND WEDGE

                              By_____
                                  John F. Murtha, Esq.
                                  Attorneys for Creditor
                                  NV Energy

## CERTIFICATE OF SERVICE

I certify that I am an employee of the law offices of Woodburn and Wedge, 6100 Neil Road, Suite 500, Reno, Nevada 89511, and that on the 5th day of April, 2013, I served the foregoing document(s) described as follows:

**NV Energy's Objection to Proposed Cure Amount for Executory Contract in Connection with the Debtors' Proposed Sale of Assets**

On the party(s) set forth below by:

___  Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following ordinary business practices.

___  Personal delivery.

___  Facsimile (FAX).

_X_  Federal Express or other overnight delivery.

___  Electronically filed.

addressed as follows:

Jessica C.K. Boelter
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603

Christohper D. Jaime
MAUPIN, COX & LEGOY
4785 Caughlin Parkway
Reno, NV 89520

Bill Cossitt
300 Booth Street, Room 3009
Reno, NV 89509

Jeffrey N. Pomerantz
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., Suite 130
Los Angeles, CA 90067

Janet L. Chubb
ARMSTRONG TEASDALE LLP
3700 Howard Hughes Pkwy.,
Suite 200
Las Vegas, NV 8919

Dated this 5th day of April, 2013.

By: _____
Employee of Woodburn and Wedge