GORDON SILVER
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
Email: mzirzow@gordonsilver.com
3960 Howard Hughes Pkwy.
Ninth Floor
Las Vegas, NV 89169
Telephone: 702.796.5555
Fax: 702.369.2666

DICKINSON WRIGHT/MARISCAL WEEKS
WILLIAM NOVOTNY, ESQ.
Arizona Bar No.  004239 (pro hac vice application pending)
Email:  wnovotny@dickinsonwright.com
2901 North Central Avenue, Suite 200
Phoenix, Arizona 850012-2705
Telephone:  602.285.5000
Fax:  602.285.5100
*Attorneys for Redburn Tire Company*

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>RODEO CREEK GOLD INC., *et al.*,[1]<br><br>☒  Affects All Debtors. | Case No. BK-13-50301 (MKN)<br>Chapter 11<br>Jointly Administered<br><br>**OBJECTION TO CURE AMOUNT,<br>AND LIMITED OBJECTION TO SALE**<br><br>Date:  May 2, 2013<br>Time:  1:30 p.m. |

Redburn Tire Company ("Redburn Tire"), by its counsel, hereby objects to the

Cure Amount to be paid to Redburn Tire as set forth by the Debtors on Exhibit "B" to the

*Notice of Possible Sale, Assumption and Assignment of Certain Unexpired Leases and*

*Executory Contracts and Sale Hearing* [Docket No. 121],  the *Supplemental Notice of*

*Possible Sale, Assumption and Assignment of Certain Unexpired Leases and Executory*

---

[1] The Debtors in these chapter 11 cases are: Rodeo Creek Gold Inc., Antler Peak Gold Inc., Hollister Venture Corp., and Touchstone Resources Company.

*Contracts and Sale Hearing* [Docket No. 154], and the *Second Supplemental Notice of Possible Sale, Assumption and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing* [Docket No. 354] (collectively "Cure Notice"). Additionally, Redburn Tire objects to the proposed sale of its collateral free and clear of liens unless Redburn Tire's secured claim is paid in full from the sale of its collateral.[2] This objection is supported by the *Declaration of Donald Leffler in Support of Objection to Cure Amount, and Limited Objection to Sale* (the "Leffler Declaration"). Pursuant to LR 9014.2, Redburn Tire consents to the entry of a final order or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

In conjunction with the proposed auction sale of substantially all of the Debtors' assets and the intention of the Debtors to assume and assign the contracts between the Debtors and Redburn Tire, the Debtors have asserted in the Cure Notice that the Cure Amount due and payable to Redburn Tire is $105,563.06 ("Debtors' Cure Amount"). However, the Debtors' Cure Amount is inaccurate and understated.

The actual amount due Redburn Tire for the unpaid balance for tires purchased by the Debtors from Redburn Tire is $151,495.72 ("Correct Cure Amount"). The Correct Cure Amount is the amount that must be paid to Redburn Tire upon the assumption and assignment of the contracts between the Debtors and Redburn Tire.[3] Attached to the Leffler Declaration as Exhibit A are true and correct copies of the associated invoices demonstrating the Correct Cure Amount.

Additionally, Redburn Tire holds perfected purchase-money security interests in all of the tires purchased by the Debtors from Redburn Tire and that are described in the

---

[2] See Sale Motion, Docket No. 16.

[3] Even the Debtors appear to acknowledge that the Debtors' Cure Amount is incorrect. In the Debtors' recently filed Schedules [Docket No. 253, Page 105], **the Debtors acknowledge that Redburn Tire is owed $141,890.40**.

Invoices listed in <u>Exhibit A</u> hereto. On November 1, 2012, the Debtor, Rodeo Creek Gold and Redburn Tire entered into that Security Agreement and Assignment of Accounts, a true and correct copy of which is attached to the Leffler Declaration as <u>Exhibit B</u>. Under the Security Agreement, Rodeo Creek Gold granted to Redburn Tire a security interest in all of the tires purchased by Rodeo Creek Gold. That purchase money security interest was duly perfected by the filing of the Financing Statement with the Secretary of State of the State of Nevada, on December 17, 2012. A true and correct copy of the foregoing financing statement is attached to the Leffler Declaration as <u>Exhibit C</u>.

As the holder of a perfected purchase-money security interest in the tire collateral, Redburn Tire has priority over all other secured parties asserting interests in that collateral, including, without limitation, Credit Suisse AG and related lenders. UCC § 9-324 (NRS § 104.9324). As a result, Redburn Tire is entitled to receive the Correct Cure Amount from any sale proceeds before any distributions are made to other secured parties. Redburn Tire hereby objects to any distribution of sale proceeds to other secured parties without first satisfying the purchase money secured obligations due Redburn Tire.[4]

Therefore, Redburn Tire objects to the Cure Notice and Debtor's Cure Amount. If the Debtors proceed with the sale of assets, Redburn Tire is entitled to receive either from the sale proceeds or otherwise the Correct Cure Amount, which is not less than $151,495.72.

---

[4] Debtors suggest in the Sale Motion that even if the sale proceeds are insufficient to satisfy the amounts due all secured creditors (including Redburn Tire), the Court can still authorize the sale of the assets free and clear of liens. However, that position is directly contrary to the controlling authority in the 9th Circuit. See *Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)*, 391 B.R. 25 (9th BAP 2008).

1    Dated: April 10, 2013.

2                                    GORDON SILVER

3                                    /s/ Matthew C. Zirzow

4                                    _____
                                     MATTHEW C. ZIRZOW, ESQ.
5                                    3960 Howard Hughes Pkwy., Ninth Floor
                                     Las Vegas, NV 89169
6

7

8                                    DICKINSON WRIGHT/MARISCAL WEEKS

9                                    /s/William Novotny

10                                   _____
                                     William Novotny
11                                   2901 North Central Avenue, Suite 200
                                     Phoenix, Arizona 850012-2705
12

13                                   *Attorneys for Redburn Tire Company*

14

15

16

17

18

19

20

21   PHOENIX 53957-7 50093v2

22

23

24

25

26

27

28