DANIEL G. BOGDEN
United States Attorney

GREG ADDINGTON
Assistant United States Attorney
Nevada Bar # 6875
100 West Liberty Street, Suite 600
Reno, Nevada 89501
(775) 784-5438
(775) 784-5181-facsimile

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re: | 3:13-bk-50301 (MKN) |
| RODEO CREEK GOLD, INC., | Chapter 11 |
| Debtor. | JOINDER OF U.S. FOREST SERVICE TO NDEP's OBJECTIONS TO PROPOSED SALE OF ASSETS (#400) and |
| AND RELATED PROCEEDINGS JOINTLY ADMINISTERED. | SUPPLEMENTAL OBJECTION AND STATEMENT OF U.S. FOREST SERVICE REGARDING MOTION TO APPROVE SALE OF ASSETS (#16) |
| | Hearing date: May 2, 2013 - Las Vegas  Hearing time: 1:30 pm |

  Comes now United State Forest Service, an agency of the United States and a component of the U.S. Department of Agricuture (hereinafter "Forest Service"), through its undersigned counsel,, and files its <u>joinder</u> to the Objection (#400) filed by State of Nevada, Department of Conservation and Natural Resources, Division of Environmental Protection (hereinafter "NDEP") to the Debtors' proposed sale of assets.

  As discussed in NDEP's Objection (#400), the terms of the proposed sale of assets include unhelpful ambiguities with respect to the obligations, including reclamation obligations and plan operation compliance obligations, being assumed by the proposed purchaser. Moreover, the terms of the proposed sale of assets lack sufficient clarity regarding the disposition of the reclamation

1 bonds currently held by Forest Service and regarding the obligation of the proposed purchaser to
2 comply with applicable regulations governing reclamation bonding and transfer of Plan of
3 Operations.  See NDEP Objection (#400), pp. 5-7.  Forest Service hereby joins in NDEP's
4 objections.

5     Forest Service supplements its joinder to NDEP's objections and provides the following
6 statement regarding Forest Service's expectations regarding transfer of mining Plan of Operations
7 coincident to the sale of assets.  Antler Peak Gold, Inc. currently is the authorized operator for the
8 Esmeralda Mining and Milling Project (hereinafter "Esmeralda Project") which operates, in part,
9 on National Forest System land.  Forest Service holds cash bonds in the amount of $388,300 for
10 reclamation obligations at the site and the terms of the reclamation bonds are reflected in two
11 separate Forest Service Forms 6500-7 "Reclamation Performance Bonds" executed by an
12 authorized official of Antler Peak, Inc.  The reclamation bonds required for the project under 36
13 C.F.R., § 228.13 were last reviewed for adequacy in June 2011.

14     The federal regulations governing mining operations on Forest Service lands are found at
15 36 CFR, Part 228, Subpart A.  Those regulations provide, in relevant part, as follows.

16     An "operator" of a mining operation on National Forest System land, such as the
17 Esmeralda Project, is an entity which is "conducting or proposing to conduct [designated]
18 operations." See 36 CFR § 228.3(b)& (c).  Currently, Antler Peak Gold, Inc. is the only authorized
19 "operator" for the Esmeralda Project.

20     An "operator" is required to submit a proposed "Plan of Operations" to the appropriate
21 Forest Service official prior to the operations being conducted.  See 36 CFR § 228.4(a).  The
22 required content of the Plan of Operations is set forth in 36 CFR § 228.4(c) - (e), including
23 circumstances which require the submission of a "supplemental plan" or a "modification of the
24 plan."  The Forest Service examines the proposed Plan of Operations to, among other things,
25 "determine whether an environmental statement is required."  See 36 CFR § 228.4(f).  The Forest
26 Service will advise the "operator" whether the proposed Plan of Operations is approved or what

additional information is needed to process the proposed plan to approval, including any additional environmental review which the Forest Service deems necessary. See 36 CFR § 228.5.

Throughout the time period in which the "operator" is conducting operations on National Forest System land, the "operator" has specified obligations to operate the project in compliance with the Plan of Operations (36 CFR § 228.7), to minimize adverse environmental impacts on National Forest surface resources (36 CFR § 228.8), and to maintain all facilities in a safe, neat and workmanlike manner (36 CFR § 228.9).

An "operator" is also required to furnish a reclamation bond (or cash equivalent) prior to approval of a Plan of Operations (36 CFR § 228.13).

There is no provision for the "transfer" of a Plan of Operations, and the corresponding obligations of an "operator," from the "operator" to some other entity. In order for another entity (such as the proposed purchaser of Antler Gold's assets) to be recognized as an "operator" of the Esmeralda Project, that entity (which will necessarily be one who is "proposing to conduct operations" as provided in § 228.3(b)&(c)) will need to comply with the applicable regulations for approval of a Plan of Operations. The purchaser of Antler Gold's assets may be recognized as the authorized "operator" of the Esmeralda Project by proceeding as follows:

1) Submit a formal request to Forest Service for a transfer of the Plan of Operations to the proposed successor "operator."

2) Forest Service Certified Minerals Administrator (CMA) will review the current Plan of Operations and bonding instruments to determine plan compliance and adequacy of the bond calculation.

3) The proposed new "operator" formally accepts all conditions in the existing Plan of Operations and any proposed modifications thereto, together with the bonding requirements associated with the existing/revised plan.

4) The proposed new "operator," through its authorized officer, submits a replacement

1 | bond (or cash deposit equivalent) and Form 6500-7 to Forest Service for processing.[1]

2 |     5) Once the successor entity qualifies as an "operator" subject to the obligations imposed on an "operator" and the bonding instruments have been processed and accepted, the Antler Peak cash bond may be released in accordance with instructions from the Court.

    The proposed sale of assets appears to contemplate the automatic transfer of Antler Peak's Plan of Operations to the purchaser, contrary to Forest Service regulations. The proposed sale also excludes transfer of the cash collateral for reclamation obligations and also appears to exclude transfer of the reclamation liabilities "to the extent relating" to the cash collateral. As discussed above, specified obligations are imposed on an "operator" of a mining operation being conducted on National Forest System land and those obligations - financial and operational - must be acknowledged by the "operator" through a formal submission of a proposed Plan of Operations (which is then processed for approval) or a formal submission of a request to transfer an existing Plan of Operations (which is then processed for approval).

    Based on the foregoing, it is respectfully requested that an order approving the sale of assets include an express provision that such sale does not affect the duty of the purchaser to initiate and complete Forest Service requirements for transfer of mining operations, including compliance with reclamation-related obligations.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

 /s/ Greg Addington
GREG ADDINGTON
Assistant United States Attorney

---

[1] It should be noted that cash bonds are processed more quickly than other bonding instruments.

CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing JOINDER OF U.S. FOREST SERVICE TO NDEP's OBJECTIONS TO PROPOSED SALE OF ASSETS (#400) and SUPPLEMENTAL OBJECTION AND STATEMENT OF U.S. FOREST SERVICE REGARDING MOTION TO APPROVE SALE OF ASSETS (#16) MEMORANDUM OF THE U.S. DEPARTMENT OF AGRICULTURE was made through the Court's electronic filing and notice system (CM/ECF) to all ECF registered parties in this matter.

Additionally, service of the foregoing document was served by first-class mail and/or electronic transmittal as indicated below on April 25, 2013, addressed to the following addressees:

Jessica C.K. Boelter
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Fax: (312)853-7036

Christopher D. Jaime
MAUPIN COX & LEGOY
4785 Caughlin Pkwy
P.O. Box 30000
Reno, NV 89520
Fax: (775) 827-2185
cjaime@mclrenolaw.com

Jeffrey N. Pomerantz
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA 90067
Fax: (310) 277-6910

Janet L. Chubb
ARMSTRONG TEASDALE LLP
3770 Howard Hughes Pkwy., Suite 200
Las Vegas, NV 89169
Fax: (702) 876-9995

U.S. Trustee
300 Booth Street
Reno, NV 89509
Fax: (775) 784-5531

      /s/ Greg Addington
     GREG ADDINGTON