ISRAEL GOLDOWITZ
Chief Counsel
KAREN L. MORRIS
Deputy Chief Counsel
KARTAR KHALSA
Assistant Chief Counsel
M. KATIE BURGESS
Attorney
PENSION BENEFIT GUARANTY CORPORATION
Office of the Chief Counsel
1200 K Street, NW, Suite 340
Washington, D.C. 20005-4026
202-326-4020, ext. 4779
202-326-4112 (facsimile)

Attorneys for Pension Benefit
    Guaranty Corporation

DANIEL G. BOGDEN
United States Attorney
District of Nevada
Nevada State Bar No. 2197

CARLOS A. GONZALEZ
Assistant United States Attorney
333 Law Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787

Attorneys for the United States
        Guaranty Corporation

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

|  |  |
|---|---|
| In re: | Chapter 11 |
| RODEO CREEK GOLD, INC., *et. al.* | Case No.: 3:13-bk-50301 (MKN) |
| Debtor. | |

**PENSION BENEFIT GUARANTY CORPORATION'S OBJECTION TO**
**<u>DEBTORS' MOTION TO SELL</u>**

The Pension Benefit Guaranty Corporation ("PBGC"), on its own and on behalf of the Rodeo Creek Gold, Inc. Retirement Plan (the "Pension Plan") hereby files this objection to the Motion to Sell filed by Rodeo Creek Gold, Inc. and affiliated debtors (the "Debtors"). PBGC, the Debtors' largest unsecured creditor, has repeatedly requested information, including the final proposed purchase agreements ("PPAs"), from the Debtor and to date has received no response.

- 1 -

PBGC files this objection seeking information about the terms of the APA that will govern the proposed sale.

**BACKGROUND**

1. PBGC is a federal agency and wholly owned United States government corporation. PBGC administers the pension insurance program under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA").[1] PBGC guarantees the pension benefits of nearly 43 million participants in more than 26,000 pension plans.[2] When an underfunded pension plan terminates, PBGC generally becomes trustee of the plan and, subject to statutory limitations, pays the plan's unfunded benefits with its insurance funds.[3]

2. The Pension Plan is a defined benefit plan covered by Title IV of ERISA. Each of the Debtors is the contributing sponsor of the Pension Plan, or a member of a contributing sponsor's controlled group.[4] The sponsor of a pension plan and members of its controlled group are financially responsible for the pension plan[5] and the liabilities of the plan sponsor and controlled- group members with regard to the pension plan are joint and several.[6]

3. On February 25, 2013, the Debtors filed for Chapter 11 bankruptcy protection.

4. Also on February 25, 2013, the Debtors filed a motion for an order, *inter alia*, approving the sale of certain assets ("Acquired Assets"), docket number 16 ("Motion to Sell").

---

[1] 29 U.S.C. §§ 1301-1461 (2006).

[2] 2012 PBGC Annual Management Report at 1, *available at* http://www.pbgc.gov/documents/2012-annual-report.pdf.

[3] *See* 29 U.S.C. §§ 1321-22, 1342, 1361.

[4] *See* 29 U.S.C. § 1301(a)(13), (14).

[5] *See* 29 U.S.C. § 1082(c)(11)(B).

[6] *See* 29 U.S.C. §§ 1082(c)(11)(B), 1307(e)(2), 1362.

1    5.    On March 29, 2013, this Court entered an amended order that, *inter alia*, established bidding procedures relating to the sale and granting other related relief, docket number 286 ("Amended Sale Order").

6.    On April 25, 2013, the Debtors filed a Notice of (I) Successful Bidder at Auction and (2) Backup Bidder at Auction, docket number 399 ("Sale Notice"). The Sale Notice indicates that Waterton Global Resource Management, Inc. ("Waterton") submitted the best bid for the Acquired Assets and was named the Successful Bidder, and that Hecla Nevada Gold, LLC ("Hecla") submitted the second highest bid for the Acquired Assets and was named the Backup Bidder.

7.    PBGC has requested, but has not received, the PPAs associated with both the Waterton and Hecla bids.[7]

8.    Pursuant to the Amended Sale Order, objections to the sale need to be filed by 4:00 pm (Eastern Time) on April 26, 2013.

## OBJECTION

9.    The asset purchase agreement ("APA") included as Exhibit I to the Motion to Sell is ambiguous regarding the Debtors' liabilities to be assumed by the buyer of the Acquired Assets. Specifically, section 2.3(e) of the APA states the buyer will assume the

> "Liabilities and obligations relating to current or former employees or other service providers whose employment or services related to the maintenance and operation of the Business, including Liabilities arising out of the Buyer's obligations set forth in Section 6.6, **any Benefit Plans** or that may arise under the WARN Act or similar applicable law…."[8] (emphasis added)

> Benefit Plans, in turn, are defined to include pension plans.

---

[7] PBGC sent Debtors' counsel a partially-executed confidentiality agreement on April 24, 2013, but the Debtors have not yet countersigned the agreement.

[8] APA section 1.1.

- 3 -

10. PBGC objects because it is not clear from the language in the APA whether the Pension Plan will be assumed by the Buyer, and the Debtors have not provided PBGC with the PPAs to analyze the impact of the proposed transaction on the Pension Plan.

11. PBGC cannot determine, without more information, whether it has substantive objections to the sale of the Acquired Assets to either Waterton or Hecla.

## **CONCLUSION**

PBGC requests that this Court not approve the sale of the Acquired Assets until all creditors and stakeholders, including PBGC, have had a meaningful opportunity to review the PPAs submitted by both the Successful Bidder and Backup Bidder and object if necessary. Moreover, PBGC reserves its right to further object to the sale once it has the opportunity to review the PPAs.

Dated:  April 25, 2013                              /s/ M. Katie Burgess_____
       Washington, D.C.                       ISRAEL GOLDOWITZ
                                              Chief Counsel
                                              KAREN L. MORRIS
DANIEL G. BOGDEN                                     Deputy Chief Counsel
United States Attorney                               KARTAR KHALSA
District of Nevada                                   Assistant Chief Counsel
                                                     M. KATIE BURGESS
CARLOS A. GONZALEZ                                   Attorney
Assistant United States Attorney                     PENSION BENEFIT GUARANTY
333 Las Vegas Blvd. South, Suite 5000                   CORPORATION
Las Vegas, Nevada 89101                              Office of the Chief Counsel
Telephone: (702) 388-6336                            1200 K Street, NW, Suite 340
Facsimile: (702) 388-6787                            Washington, D.C. 20005-4026
E-mail: Carlos.Gonzalez2@usdoj.gov                   202-326-4020, ext. 4779
                                                     202-326-4112 (facsimile)
Attorneys for the United States                      efile@pbgc.gov

                                             Attorneys for Pension Benefit Guaranty Corporation