Dawn M. Cica (NV 004565)  
Telephone (702) 949-8257  
Facsimile (702) 216-6208  
Email: DCica@LRlaw.com  
**LEWIS AND ROCA LLP**  
3993 Howard Hughes Parkway, Suite 600  
Las Vegas, Nevada 89169-5996  

E-Filed on April 26, 2013

*Counsel for Creditor San Juan Drilling, Inc.*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:

RODEO CREEK GOLD INC., *et al.*,

            Debtors,

|   |   |
|---|---|
|   | Affects this Debtor |
| X | Affects all Debtors |
|   | Affects Antler Peak Gold Inc. |
|   | Affects Hollister Venture Corporation |
|   | Affects Touchstone Resources Company |

Chapter: 11

Jointly Administered Under  
Case No. BK-13-50301-MKN

Case Nos.  
BK-13-50301-MKN  
BK-13-50302-MKN  
BK-13-50303-MKN  
BK-13-50304-MKN

**SAN JUAN DRILLING'S RESERVATION OF RIGHTS AND OBJECTION TO DEBTORS' MOTION CONCERNING THE PROPOSED SALE OF DEBTORS' ASSETS, BIDDING PROCEDURES, AND OTHER RELATED ISSUES**

San Juan Drilling, Inc ("San Juan Drilling"), an on-site driller, by and through its undersigned counsel, hereby files its Reservation of Rights and Objection to the Motion for: (I) An Order (A) Scheduling a Hearing to Consider the Proposed Sale of the debtors' Assets and Approving the Form and Manner of Notice Thereof, (B) Establishing Bidding Procedures Relating to the Sale and the Assumption and Assignment of Certain Executory

-1-

Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts, and (C) Granting Certain Related Relief; and (II) An Order (A) Approving the Sale, (B) Authorizing the Sale, Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief [Docket No. 16] (the "Sale Motion") filed by Rodeo Creek Gold Inc. ("Rodeo") and its affiliated debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors") in the above-captioned Chapter 11 cases (the "Chapter 11 Cases").

## Background

It is indisputable that this case is complex and has proceeded with great haste. On February 25, 2013 (the "Petition Date"), the debtors commenced these bankruptcy cases by each filing a voluntary petition under Chapter 11 of the United States Bankruptcy Code. The Sale Motion was filed on the Petition Date. On February 27, 2013 the Court entered an interim order on the DIP Financing Motion [Docket No. 44] and entered the final DIP Order on April 8, 2013 [Docket No. 342] The Official Unsecured Creditors' Committee was not appointed until March 8, 2013 [Docket No. 120].

## San Juan Drilling's Lien

San Juan Drilling believes that it has a mechanics lien which is prior to the lien of the senior secured creditors in this case. Nevada law provides that mechanic's liens have priority over all other liens that attach after commencement of improvements have begun. NRS 108.225 *See also* In re Fontainebleau Las Vegas Holdings, 289 P.3d 119 (2012) ("In re Fontainebleau") (rejecting equitable subordination of existing mechanics liens to a later filed deed of trust).

The determination of the validity, extent and priority of a lien is made by examining the relevant state law. Travelers Cas. & Sur. Co. of Am v. PG&E, 549 U.S. 443, 450-51, 127 S.Ct. 1199, 167 L.Ed.2d 178 (2007); Raleigh v. Ill. dep't of Revenue, 530 U.S. 15, 20 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000) (creditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

to any qualifying or contrary provisions of the Bankruptcy Code.) Under Nevada law, perfection of a mechanics lien occurs upon the recordation of a Notice of Lien within 90 days of the later of completion of the work, the last delivery of material or furnishing of equipment by lien claimant or the last performance of work by the lien claimant for the work of improvement. NRS 108.226(1)(a). It would premature at this time to record the Notice of Lien as San Juan Drilling continues to be the drilling contractor at the Hollister mine. *See* declaration of Terry Ray ("Ray declaration") filed contemporaneously herewith. As such, certain requirements under the statute (total amounts owed and total amounts paid) are not yet known. Under section 546(b) of the Bankruptcy Code, such Notice of lien may be filed post-petition. San Juan's 546(b) Notice of Intent to Maintain, Perfect and Enforce it's Mechanic's Lien Claims is Docket No. 410.

NRS 108.225 affirmatively gives mechanic's lien claimants priority over all other liens, mortgages, and encumbrances that attach *after* the commencement of a work of improvement. *See also In re Fontainebleau*, 289 P.3d at 1211. The Existing Hollister Facility (as defined in the DIP Financing Motion) was entered into by the parties thereto as of February 23, 2011, almost three years after San Juan Drilling commenced work. It is specifically against public policy, and void and unenforceable, to require a lien claimant to waive rights provided by law to lien claimants or to limit the rights provided to lien claimants. NRS 108.2453(2). The Nevada Supreme Court recently explained the rationale behind this public policy in the context of a priority dispute between lien claimants and senior secured lenders: "…contractors are generally in a vulnerable position because they extend large blocks of credit; invest significant time, labor, and materials into a project; and have any number of workers vitally depend upon them for eventual payment." *Lehrer McGovern,* 124 **Nev**. at 1116, 197 P.3d at 1041 (citing *Connolly develop., Inc. v. Sup. Ct. of Merced Cty.,* 17 Cal.3d 803, 132 Cal.Rptr. 477, 553 P.2d 637, 653 (1976)); *see Ferro v. Bargo M. Co.,* 37 **Nev**. 139, 141, 140 P. 527, 528 (1914). In re Fontainebleau, 289 P.3d at 1210.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

In fact, to provide for this eventuality, Paragraph 32 of the DIP Order [Docket No. 342], captioned <u>San Juan Drilling Claims</u>, provided that "Notwithstanding anything herein to the contrary, to the extent that the mechanics' lien asserted by San Juan Drilling, Inc. ("San Juan") is demonstrated to the debtors' and the DIP Agent's satisfaction or found by the Court to constitute (a) a Non-Primed Lien, and (b) a "Permitted Lien" under, and as defined in, each of the Existing Hollister Credit Facility and the Canadian DIP Credit Facility, no cash payments shall be made on account of the Existing Obligations hereunder, including, without limitation, pursuant to paragraph 28 hereof, until all of the debtors' obligations to San Juan secured by such lien have been indefeasibly paid in cash or adequately reserved for.  It appears that upon admission of the relevant evidence into the record, there can be no dispute that San Juan Drilling's lien is senior in priority to those of the prepetition lenders and the DIP lenders.

## **Reservation of Rights and Objection**

The assets at issue in the complex and quickly executed case are not described anywhere in any bankruptcy filing in this case. The sale motion generally refers to the Bid Procedures for the description of the assets sold. (Sale Motion [Docket No. 16] at p.8; lines 10-110). The response to Local Rule 6004 describes lists categories of assets detail, but any specific reference to a particular asset is merely a reference to a schedule to the Asset Purchase Agreement. (Sale Motion, Exhibit A, page 3).  The Asset Purchase Agreement filed as an exhibit to the Sale Motion does not contain any of the exhibits or schedules (Sale Motion, Exhibit I]).

The Bid Procedures also merely state that the "Acquired Assets" are all of the right, title and interest in the debtors' assets. (Bid Procedures Motion [Docket No. 67]; page 1 line 3).  Similarly, the collateral of the lenders, and the nature and priority of the liens is not described anywhere. The notes to the schedules state that "reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral  and the nature extent and priority of liens." (Global Notes, Methodology and

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

Specific Disclosures Regarding the Debtors Schedules of Assets and Liabilities and Statements of Financial Affairs [Docket No. 253], p. 8). Schedules A and B indicate that the assets of the debtors are almost $70 million. [Docket No. 253, pages 14-27]. Inventory alone is listed at $17 million].

On April 23, 2013 and April 24, 2013, an auction was conducted to sell the debtors' assets (the "Sale"), which is to be free and clear of all liens. The hearing to approve the final order to sell the debtor's assets is scheduled for Thursday May 2. The objection was due today and an extension was not granted. There have been no revisions to the Sale Order since its initial filing on the Petition Date. Indeed, by its terms it conflicts with the distribution provisions set forth in the final DIP order as well as the paragraph described above specifically referencing San Juan Drilling's claim [Docket No. 342].

Indeed the Notice of the Auction [Docket No. 424] filed yesterday by the debtors contained no information regarding the terms and conditions of the Auction or Sale, beyond the name of the successful bidder and the backup bidder. There has been no liquidating plan filed, nor any settlement with the UCC, both of which have been discussed in court. Also, as of the objection deadline (i) the asset purchase agreement (the "APA") with completed schedules; (ii) the final form of order approving the Sale, (iii) documentation regarding a settlement with the Unsecured Creditors Committee referred to in Court and (iv) a liquidating plan referred to in Court have not been filed by the debtors and thus are not able to be reviewed by the San Juan Drilling.

### **Conclusion**

San Juan Drilling therefore reserves all rights to (1) object to the Sale, the Asset Purchase Agreement and/or the order approving the Sale, including but not limited to, any provisions that could impair the rights of San Juan Drilling or which San Juan Drilling believes are otherwise more appropriately addressed in connection with the confirmation of a chapter 11 plan, (2) object to the sale free and clear of liens, claims, and encumbrances pursuant to Section 363 as contemplated by the Sale Order to the extent that San Juan

Drilling has not consented, nor otherwise has been granted its rights thereunder and (3) object to the adequacy of the notice and process of the sale.

Dated: April 26, 2013.

**LEWIS AND ROCA LLP**

By /s/ Dawn M Cica (#  4565)
    Dawn M. Cica
    E-mail: DCica@LRLaw.com
    3993 Howard Hughes Pkwy.  Suite 600
    Las Vegas, NV 89169
    *Counsel for Creditor San Juan Drilling, Inc.*