Jessica C.K. Boelter (IL SBN 6277801)
Thomas A. Labuda, Jr. (IL SBN 6225401)
Michael T. Gustafson (IL SBN 6303441)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone:      (312) 853-7000
Facsimile:      (312) 853-7036

Counsel for Debtors and Debtors in Possession

Donald A. Lattin (NV SBN 693)
Christopher D. Jaime (NV SBN 4640)
MAUPIN, COX & LEGOY, P.C.
4785 Caughlin Parkway
Reno, Nevada 89519
Telephone:      (775) 827-2000
Facsimile:      (775) 827-2185
dlattin@mclrenolaw.com
cjaime@mclrenolaw.com

Nevada Counsel for
Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re:

RODEO CREEK GOLD INC.

☐ Affects this Debtor
☒ Affects all Debtors
☐ Affects Antler Peak Gold Inc.
☐ Affects Hollister Venture Corporation
☐ Affects Touchstone Resources Company

Chapter 11

Case No. BK-13-50301 (MKN)

Jointly Administered

**NOTICE OF FILING PROPOSED ORDER (AMENDED) PURSUANT TO 11 U.S.C. §§ 105(a) AND 331, AND FED. R. BANKR. P. 2016, AUTHORIZING AND ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Hearing Date:     May 2, 2013
Hearing Time:     1:30 P.M. (PT)
Place:            300 Las Vegas Blvd.
                  Las Vegas, NV 89101

NOTICE IS HEREBY GIVEN, that on April 17, 2013, the Debtors filed (i) the

Motion for Pursuant to 11 U.S.C. §§ 105(a) and 331, and Fed. R. Bankr. P. 2016, Authorizing

and Establishing Procedures for Interim Compensation and Reimbursement of Expenses of

Professionals [Docket No. 376] (the "Interim Compensation Procedures Motion).  Attached to

the Interim Compensation Procedures Motion as Exhibit A was the Order Pursuant to 11 U.S.C.

§§ 105(a) and 331, and Fed. R. Bankr. P. 2016, Authorizing and Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Original Proposed Order").

NOTICE IS FURTHER GIVEN, that a hearing (the "Hearing") to consider entry of an order approving the relief requested in the Interim Compensation Procedures Motion will be held before the Court on May 2, 2013 at 1:30 a.m. (PT).

NOTICE IS FURTHER GIVEN, following filing of the Interim Compensation Procedures Motion and the Original Proposed Order, the Debtors engaged in conversations with Committee Counsel to make certain amendments to the Original Proposed Order to allow the Interim Compensations Procedures Motion to provide for an additional notice party, reimbursement of certain expenses of the members of the Unsecured Creditors Committee, and certain flexibility regarding the length of the First Interim Fee Compensation Period.

NOTICE IS FURTHER GIVEN, that attached hereto as Exhibit A is the proposed Order (Amended) Pursuant to 11 U.S.C. §§ 105(a) and 331, and Fed. R. Bankr. P. 2016, Authorizing and Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals  (the "Amended Proposed Order").  The Debtors intend to request at the Hearing that the Court enter the Amended Proposed Order approving the relief requested in the Interim Compensation Procedures Motion, as amended to reflect the Amended Proposed Order, on a final basis following the Hearing.

NOTICE IS FURTHER GIVEN, that attached hereto as Exhibit B is a blackline comparison of the Amended Proposed Order to the Original Proposed Order.


DATED: April 30, 2013                    Respectfully submitted,


                                         By    /s/     Christopher D. Jaime
                                         Christopher D. Jaime, NV State Bar # 4640
                                         Donald A. Lattin, NV State Bar # 693
                                         MAUPIN, COX & LEGOY, P.C.
                                         4785 Caughlin Parkway
                                         Reno, Nevada 89519
                                         cjaime@mclrenolaw.com
                                         dlattin@mclrenolaw.com

2

1

2
Nevada Counsel for Debtors and Debtors in
Possession

3

4
Jessica C.K. Boelter, IL State Bar # 6277801
Thomas A. Labuda, Jr., IL State Bar # 6225401

5
Allison Ross Stromberg, IL State Bar # 6296459
SIDLEY AUSTIN LLP

6
One South Dearborn Street
Chicago, Illinois 60603

7
Counsel for Debtors and Debtors in Possession

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## EXHIBIT A

2

3

**AMENDED PROPOSED ORDER**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6

Jessica C.K. Boelter (IL SBN 6277801)
Thomas A. Labuda, Jr. (IL SBN 6225401)
Michael T. Gustafson (IL SBN 6303441)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone:      (312) 853-7000
Facsimile:      (312) 853-7036

Counsel for Debtors and Debtors in Possession

Donald A. Lattin (NV SBN 693)
Christopher D. Jaime (NV SBN 4640)
MAUPIN, COX & LEGOY, P.C.
4785 Caughlin Parkway
Reno, Nevada 89519
Telephone:      (775) 827-2000
Facsimile:      (775) 827-2185
dlattin@mclrenolaw.com
cjaime@mclrenolaw.com

Nevada Counsel for
Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Chapter 11 |
| RODEO CREEK GOLD INC. | Case No. BK-13-50301 (MKN) |
| ☐ Affects this Debtor<br>☒ Affects all Debtors<br>☐ Affects Antler Peak Gold Inc.<br>☐ Affects Hollister Venture Corporation<br>☐ Affects Touchstone Resources Company | Jointly Administered<br><br>**ORDER (AMENDED) PURSUANT TO 11 U.S.C. §§ 105(a) AND 331, AND FED. R. BANKR. P. 2016, AUTHORIZING AND ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**<br><br>Hearing Date:      May 2, 2013<br>Hearing Time:      1:30 P.M. (PT)<br>Place:            300 Las Vegas Blvd.<br>                  Las Vegas, NV 89101 |

1

Upon the motion (the "Motion")[1] of the Debtors[2] in the above-captioned chapter 11 cases for the entry of an order pursuant to sections 105(a) and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), authorizing and establishing procedures for the interim compensation and reimbursement of expenses of Professionals (as defined herein); and upon consideration of the Dombrowski Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and the consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having determined that notice of the Motion as provided therein was good and sufficient; and this Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors and all parties in interest; and after due deliberation, it is therefore

ORDERED that the Motion is GRANTED; and it is further

ORDERED that except as otherwise provided in an order of the Court authorizing the retention of a particular professional, the professionals specifically retained pursuant to an order of the Court in this case (collectively, the "Professionals") may seek interim payment of compensation and, along with appointed members of the official committee of unsecured creditors (the "Committee"), reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

a.  Subject to the specific terms below, on or before the last day of each calendar month, or as soon as practicable thereafter (but not earlier than the 15th day of each calendar month), each Professional may file an application (a "Monthly Fee Application") with the Court for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.
[2] The Debtors in these chapter 11 cases are: Rodeo Creek Gold Inc., Hollister Venture Corporation, Touchstone Resources Company, and Antler Peak Gold Inc.

2

preceding month or months and serve a copy of such Monthly Fee Application by overnight mail on:

    i.     Sidley Austin LLP, One South Dearborn Street, Chicago, IL 60603, Attn: Michael T. Gustafson, Esq.;

    ii.    Maupin, Cox & LeGoy, P.C., 4785 Caughlin Parkway, Reno, NV 89519, Attn: Christopher D. Jaime, Esq.;

    iii.   U.S. Trustee of the District of Nevada, C. Clifton Young Federal Building, 300 Booth Street, Room 3009, Reno, NV 89509; Attn: Bill Cossitt, Esq.;

    iv.   Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067, Attn: Jeffrey N. Pomerantz, Esq.;

    v.    Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067, Attn: Shirley S. Cho, Esq. (together with the Jeffrey N. Pomerantz, "Committee Counsel");

    vi.   Armstrong Teasdale LLP, 3770 Howard Hughes Pkwy., Ste. 200, Las Vegas, NV 89169, Attn: Janet L. Chubb, Esq. ("Committee Nevada Counsel"); and

    vii.  Milbank, Tweed, Hadley & McCloy LLP, One Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis C. O'Donnell, Esq. ("Counsel to Credit Suisse AG")[3]

  (each a "Notice Party" and collectively, the "Notice Parties"). Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application for a particular month or months. All Monthly Fee Applications will comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Ninth Circuit law, and the Local Rules of Bankruptcy Procedure for the District of Nevada (as amended, the "Local Rules").

    b.    Each Notice Party will have ten (10) days after service (or the next business day if the tenth (10th) day is not a business day) of a Monthly Fee Application (the "Objection Deadline") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (c) below. If no objections are raised on or before the expiration of the Objection Deadline, the Professional submitting the Monthly Fee Application shall file a certificate of no objection with the Court, after which the Debtors shall be authorized to pay such Professional an amount equal to eighty (80) percent of the fees and one hundred (100) percent of the expenses requested in its Monthly Fee Application (the "Maximum Monthly Payment"). If an objection is properly filed, the Debtors shall be authorized to pay the Professional eighty (80) percent of the fees and one

---

[3] Credit Suisse AG is the agent under the Existing Hollister Facility, the Canadian DIP Facility and/or the DIP Facility.

3

hundred (100) percent of the expenses not subject to an objection (the "<u>Actual Monthly Payment</u>").

c.    If any Notice Party objects to a Professional's Monthly Fee Application, it must, on or before the Objection Deadline, (i) file a written objection (an "<u>Objection</u>") with the Court and serve such Objection on such Professional and each other Notice Party so as to be received on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection, the affected Professional may either (i) file a request with the Court for payment of the difference between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "<u>Incremental Amount</u>") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the objection if requested by the parties.

d.    Beginning with the period beginning on the Petition Date and ending on a date to be further ordered by this Court, (the "<u>First Interim Fee Period</u>"), and at each ninety (90) period thereafter (each an "<u>Interim Fee Period</u>"), each Professional shall file with the Court and serve on the Notice parties an application (an "<u>Interim Fee Application</u>") for interim Court approval and allowance of the compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application must include a brief description identifying: (i) the Monthly Fee Applications that are the subject of the request; (ii) the amount of fees and expenses requested; (iii) the amount of fees and expenses paid to date or subject to an Objection; (iv) the deadline for parties other than the Notice Parties to file objections (the "<u>Additional Objections</u>") to the Interim Fee Application; and (v) any other information requested by the Court or required by the Local Rules. Objections, if any, to the Interim Fee Applications shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the tenth (10th) day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application.

e.    The Debtors will request that the Court schedule a hearing on the Interim Fee Application at least once every three (3) months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing.

f.    Each Professional must file and serve its first Interim Fee Application on or before the thirtieth (30) day following the end of the First Interim Fee Period. The first Interim Fee Application shall cover fees and expenses incurred from the Petition Date through and including a date to be further ordered by this Court.

g.    The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

Any Professional that fails to file a Monthly Fee Application or an Interim Fee Application when due or permitted will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as a Monthly Fee Application or Interim Fee Application is submitted by the Professional. There will be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application in a timely manner.

h.      Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court.

and it is further

ORDERED that each member of the Committee may submit statements of out-of-pocket expenses and supporting vouchers to Committee Counsel, who will collect and submit such requests for reimbursement pursuant to the foregoing procedures for the submission of Monthly Fee Applications and the filing of Interim Fee Applications, and one hundred (100) percent of the amount requested shall be paid in the absence of a timely objection;

ORDERED that notice of Monthly Fee Applications, Interim Fee Applications and final fee applications (collectively, the "Applications") shall be served only on the Notice Parties and that all other parties that have filed a notice of appearance with the Clerk of the Court and requested notice of pleadings in this Chapter 11 Case shall receive only notice of hearings on the Applications (the "Hearing Notice"); and it is further

ORDERED that the Debtors will include all payments made to Professionals in accordance with the Compensation Procedures in their monthly operating reports, identifying the amount paid to each of the Professionals; and it is further

ORDERED that all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a); and it is further

ORDERED that, notwithstanding any provision in the Bankruptcy Rules to the contrary, the Debtors are not subject to any stay in the implementation, enforcement or realization of the

relief granted in this Order, and the Debtors may, in their discretion and without further delay,

take any action and perform any act authorized under this Order; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and

enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters

arising from the implementation and/or interpretation of this Order; and it is further

ORDERED that notice of this Motion as provided therein shall be deemed good and

sufficient notice of the Motion.

SUBMITTED BY:

Donald A. Lattin, NV State Bar #693
Christopher D. Jaime, NV State Bar #4640
MAUPIN, COX & LEGOY, P.C.
4785 Caughlin Parkway
Reno, Nevada 89519
dlattin@mclrenolaw.com
cjaime@mclrenolaw.com

Nevada Counsel For Debtors and Debtors in Possession

Jessica C.K. Boelter, IL State Bar #6277801
Thomas A. Labuda, Jr., IL State Bar #6225401
Michael T. Gustafson, IL State Bar #6303441
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603

Counsel for Debtors and Debtors in Possession

In accordance with Local Rule 9021, counsel submitting this document certifies as follows (check one):

_____ The court has waived the requirement set forth in Local Rule 9021(b)(1)

_____ No party appeared at the hearing or filed an objection to the Motion.

_____ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

_____ I certify that this is a case under chapter 7 or 13, that I have served a copy of this order with the motion pursuant to Local Rule 9014(g), and that no party has objected to the form or content of the order.

###

**<u>EXHIBIT B</u>**



**BLACKLINE OF**
**THE ORIGINAL PROPOSED ORDER**
**AGAINST**
**THE PROPOSED AMENDED ORDER**

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Jessica C.K. Boelter (IL SBN 6277801)
Thomas A. Labuda, Jr. (IL SBN 6225401)
Michael T. Gustafson (IL SBN 6303441)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone:     (312) 853-7000
Facsimile:     (312) 853-7036

Counsel for Debtors and Debtors in Possession

Donald A. Lattin (NV SBN 693)
Christopher D. Jaime (NV SBN 4640)
MAUPIN, COX & LEGOY, P.C.
4785 Caughlin Parkway
Reno, Nevada 89519
Telephone:     (775) 827-2000
Facsimile:     (775) 827-2185
dlattin@mclrenolaw.com
cjaime@mclrenolaw.com

Nevada Counsel for
Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Chapter 11 |
| RODEO CREEK GOLD INC. | Case No. BK-13-50301 (MKN) |
| ☐ Affects this Debtor<br>☒ Affects all Debtors<br>☐ Affects Antler Peak Gold Inc.<br>☐ Affects Hollister Venture Corporation<br>☐ Affects Touchstone Resources Company | Jointly Administered<br><br>**ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 331, AND FED. R. BANKR. P. 2016, AUTHORIZING AND ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**<br><br>Hearing Date:     May 2, 2013<br>Hearing Time:     1:30 P.M. (PT)<br>Place:                 300 Las Vegas Blvd.<br>                           Las Vegas, NV 89101 |

1

Upon the motion (the "Motion")[1] of the Debtors[2] in the above-captioned chapter 11 cases for the entry of an order pursuant to sections 105(a) and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), authorizing and establishing procedures for the interim compensation and reimbursement of expenses of Professionals (as defined herein); and upon consideration of the Dombrowski Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and the consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having determined that notice of the Motion as provided therein was good and sufficient; and this Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors and all parties in interest; and after due deliberation, it is therefore

ORDERED that the Motion is GRANTED; and it is further

ORDERED that except as otherwise provided in an order of the Court authorizing the retention of a particular professional, the professionals specifically retained pursuant to an order of the Court in this case (collectively, the "Professionals") may seek interim payment of compensation and, along with appointed members of the official committee of unsecured creditors (the "Committee"), reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

    a.    Subject to the specific terms below, on or before the last day of each calendar month, or as soon as practicable thereafter (but not earlier than the 15th day of each calendar month), each Professional may file an application (a "Monthly Fee Application") with the Court for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months and serve a copy of such Monthly Fee Application by overnight mail on:

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

[2] The Debtors in these chapter 11 cases are: Rodeo Creek Gold Inc., Hollister Venture Corporation, Touchstone Resources Company, and Antler Peak Gold Inc.

2

i.  Sidley Austin LLP, One South Dearborn Street, Chicago, IL 60603, Attn: Michael T. Gustafson, Esq.;

ii.  Maupin, Cox & LeGoy, P.C., 4785 Caughlin Parkway, Reno, NV 89519, Attn: Christopher D. Jaime, Esq.;

iii.  U.S. Trustee of the District of Nevada, C. Clifton Young Federal Building, 300 Booth Street, Room 3009, Reno, NV 89509; Attn: Bill Cossitt, Esq.;

iv.  Pachulski Stang Ziehl & Jones LLP,  10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067, Attn: Jeffrey N. Pomerantz, Esq. (;

v.  Pachulski Stang Ziehl & Jones LLP,  10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067, Attn: Shirley S. Cho, Esq. (together with the Jeffrey N. Pomerantz, "Committee Counsel");

vi.  v. Armstrong Teasdale LLP, 3770 Howard Hughes Pkwy., Ste. 200, Las Vegas, NV 89169, Attn: Janet L. Chubb, Esq. ("Committee Nevada Counsel"); and

vii.  vi. Milbank, Tweed, Hadley & McCloy LLP, One Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis C. O'Donnell, Esq. ("Counsel to Credit Suisse AG")[3]

(each a "Notice Party" and collectively, the "Notice Parties").  Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application for a particular month or months. All Monthly Fee Applications will comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Ninth Circuit law, and the Local Rules of Bankruptcy Procedure for the District of Nevada (as amended, the "Local Rules").

b.  Each Notice Party will have ten (10) days after service (or the next business day if the tenth (10th) day is not a business day) of a Monthly Fee Application (the "Objection Deadline") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (c) below.  If no objections are raised on or before the expiration of the Objection Deadline, the Professional submitting the Monthly Fee Application shall file a certificate of no objection with the Court, after which the Debtors shall be authorized to pay such Professional an amount equal to eighty (80) percent of the fees and one hundred (100) percent of the expenses requested in its Monthly Fee Application (the "Maximum Monthly Payment").  If an objection is properly filed, the Debtors shall be authorized to pay the Professional eighty (80) percent of the fees and one hundred (100) percent of the expenses not subject to an objection (the "Actual Monthly Payment").

c.  If any Notice Party objects to a Professional's Monthly Fee Application, it must, on or before the Objection Deadline, (i) file a written objection (an "Objection") with

---

[3] Credit Suisse AG is the agent under the Existing Hollister Facility, the Canadian DIP Facility and/or the DIP Facility.

3

the Court and serve such Objection on such Professional and each other Notice Party so as to be received on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection, the affected Professional may either (i) file a request with the Court for payment of the difference between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "Incremental Amount") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the objection if requested by the parties.

d.     Beginning with the ~~approximately ninety (90) day~~ period beginning on the Petition Date and ending on ~~May 31, 2013,~~ a date to be further ordered by this Court, (the "First Interim Fee Period"), and at each ninety (90) period thereafter (each an "Interim Fee Period"), each Professional shall file with the Court and serve on the Notice parties an application (an "Interim Fee Application") for interim Court approval and allowance of the compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application must include a brief description identifying: (i) the Monthly Fee Applications that are the subject of the request; (ii) the amount of fees and expenses requested; (iii) the amount of fees and expenses paid to date or subject to an Objection; (iv) the deadline for parties other than the Notice Parties to file objections (the "Additional Objections") to the Interim Fee Application; and (v) any other information requested by the Court or required by the Local Rules. Objections, if any, to the Interim Fee Applications shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the tenth (10th) day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application.

e.     The Debtors will request that the Court schedule a hearing on the Interim Fee Application at least once every three (3) months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing.

f.     Each Professional must file and serve its first Interim Fee Application on or before the thirtieth (30) day following the end of the ~~first~~First Interim Fee Period. The first Interim Fee Application shall cover fees and expenses incurred from the Petition Date through and including ~~May 31, 2013.~~ a date to be further ordered by this Court.

g.     The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures. Any Professional that fails to file a Monthly Fee Application or an Interim Fee Application when due or permitted will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as a Monthly Fee Application or Interim Fee Application is submitted by the

4

Professional.  There will be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application in a timely manner.

h.      Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals.  All fees and expenses paid to Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court.

and it is further

ORDERED that each member of the Committee may submit statements of out-of-pocket expenses and supporting vouchers to Committee Counsel, who will collect and submit such requests for reimbursement pursuant to the foregoing procedures for the submission of Monthly Fee Applications and the filing of Interim Fee Applications, and one hundred (100) percent of the amount requested shall be paid in the absence of a timely objection;

ORDERED that notice of Monthly Fee Applications, Interim Fee Applications and final fee applications (collectively, the "Applications") shall be served only on the Notice Parties and that all other parties that have filed a notice of appearance with the Clerk of the Court and requested notice of pleadings in this Chapter 11 Case shall receive only notice of hearings on the Applications (the "Hearing Notice"); and it is further

ORDERED that the Debtors will include all payments made to Professionals in accordance with the Compensation Procedures in their monthly operating reports, identifying the amount paid to each of the Professionals; and it is further

ORDERED that all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a); and it is further

ORDERED that, notwithstanding any provision in the Bankruptcy Rules to the contrary, the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order; and it is further

1    ORDERED that the terms and conditions of this Order shall be immediately effective and

2    enforceable upon its entry; and it is further

3    ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising

4    from the implementation and/or interpretation of this Order; and it is further

5    ORDERED that notice of this Motion as provided therein shall be deemed good and

6    sufficient notice of the Motion.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUBMITTED BY:

Donald A. Lattin, NV State Bar #693
Christopher D. Jaime, NV State Bar #4640
MAUPIN, COX & LEGOY, P.C.
4785 Caughlin Parkway
Reno, Nevada 89519
dlattin@mclrenolaw.com
cjaime@mclrenolaw.com

Nevada Counsel For Debtors and Debtors in Possession

Jessica C.K. Boelter, IL State Bar #6277801
Thomas A. Labuda, Jr., IL State Bar #6225401
Michael T. Gustafson, IL State Bar #6303441
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603

Counsel for Debtors and Debtors in Possession

In accordance with Local Rule 9021, counsel submitting this document certifies as follows (check one):

_____ The court has waived the requirement set forth in Local Rule 9021(b)(1)

_____ No party appeared at the hearing or filed an objection to the Motion.

_____ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

_____ I certify that this is a case under chapter 7 or 13, that I have served a copy of this order with the motion pursuant to Local Rule 9014(g), and that no party has objected to the form or content of the order.

###