# EXHIBIT B

**PROPOSED ORDER**

Jessica C.K. Boelter (IL SBN 6277801)
Thomas A. Labuda, Jr. (IL SBN 6225401)
Michael T. Gustafson (IL SBN 6303441)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

Counsel for Debtors and Debtors in Possession

Donald A. Lattin (NV SBN 693)
Christopher D. Jaime (NV SBN 4640)
MAUPIN, COX & LEGOY, P.C.
4785 Caughlin Parkway
Reno, Nevada 89519
Telephone:  (775) 827-2000
Facsimile:  (775) 827-2185
dlattin@mclrenolaw.com
cjaime@mclrenolaw.com

Nevada Counsel for Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>RODEO CREEK GOLD INC.<br><br>☐ Affects this Debtor<br>☒ Affects all Debtors<br>☐ Affects Antler Peak Gold Inc.<br>☐ Affects Hollister Venture Corporation<br>☐ Affects Touchstone Resources Company | Chapter 11<br><br>Case No. BK-13-50301 (MKN)<br><br>Jointly Administered<br><br>**ORDER REJECTING ALL EXECUTORY CONTRACTS AND UNEXPIRED LEASES**<br><br>Hearing Date:    June 6, 2013<br>Hearing Time:   1:30 p.m. (PT)<br>Place:              300 Las Vegas Blvd.<br>                      Las Vegas, NV 89101 |

Upon the motion (the "Motion")[1] of the Debtors[2] in the above-captioned chapter 11 cases for the entry of an order pursuant to sections 365 of the United States Code, 11 U.S.C. §§ 101 et

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

seq. (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to reject all executory contracts and unexpired leases to which a Debtor is a party, *nunc pro tunc* to May 20, 2013 (the "Closing Date"); and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and the consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors and all parties in interest; and after due deliberation, it is therefore

ORDERED that the Motion is GRANTED; and it is further

ORDERED that the executory contracts and unexpired leases to which a Debtor is a party and that have not been previously assumed (the "Rejected Contracts and Leases"), including, but not limited to, the Rejected Contracts and Leases listed on Exhibit A to the Motion, are rejected effective as of the Closing Date; and it is further

ORDERED that all counterparties to the Rejected Contracts and Leases rejected pursuant to this Order shall immediately return to the Debtors' estates any deposits, prepayments or other funds held by such counterparties; and it is further

ORDERED that, consistent with the Bar Date Order entered in these Chapter 11 Cases, a proof of claim for any alleged rejection damages in connection with the rejection of a contract or lease pursuant to this Order will be deemed timely submitted only if actually received by the Debtors' claims agent, The Garden City Group, Inc. ("GCG"), within thirty (30) days of the Closing Date; and it is further

ORDERED, that proofs of claim sent to GCG via first-class mail shall be addressed to Rodeo Creek Gold Inc., et al,. c/o GCG Inc., P.O. Box 9970, Dublin, OH 43017-5970; proofs of

---

[2] The Debtors in these chapter 11 cases are: Rodeo Creek Gold Inc., Hollister Venture Corporation, Touchstone Resources Company and Antler Peak Gold Inc.

claim sent to GCG via hand delivery or overnight courier shall be addressed to Rodeo Creek Gold Inc., et al,. c/o GCG Inc., 5151 Blazer Pkwy., Suite A, Dublin, OH 43017; and it is further

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation and/or interpretation of this Order.

SUBMITTED BY:

Donald A. Lattin, NV State Bar #693
Christopher D. Jaime, NV State Bar #4640
MAUPIN, COX & LEGOY, P.C.
4785 Caughlin Parkway
Reno, Nevada 89519
dlattin@mclrenolaw.com
cjaime@mclrenolaw.com

Nevada Counsel For Debtors and Debtors in Possession

1  Jessica C.K. Boelter, IL State Bar #6277801
   Thomas A. Labuda, Jr., IL State Bar #6225401
2  Michael T. Gustafson, IL State Bar #6303441
   SIDLEY AUSTIN LLP
3  One South Dearborn Street
4  Chicago, Illinois 60603

5  Counsel for Debtors and Debtors in Possession

6  In accordance with Local Rule 9021, counsel submitting this document certifies as follows
   (check one):
7
8  ____ The court has waived the requirement set forth in Local Rule 9021(b)(1)

9  ____ No party appeared at the hearing or filed an objection to the Motion.

10 ____ I have delivered a copy of this proposed order to all counsel who appeared at the hearing,
   and each has approved or disapproved the order, or failed to respond, as indicated below [list
11 each party and whether the party has approved, disapproved, or failed to respond to the
   document]:
12
13 ____ I certify that this is a case under chapter 7 or 13, that I have served a copy of this order with
   the motion pursuant to Local Rule 9014(g), and that no party has objected to the form or content
14 of the order.

15                                                    ###

4