_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

**Entered on Docket**
**July 12, 2013**
_____

Jessica C.K. Boelter (IL SBN 6277801)
Thomas A. Labuda, Jr. (IL SBN 6225401)
Matthew E. Linder (IL SBN 6309552)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Counsel for Debtors and Debtors in Possession

Donald A. Lattin (NV SBN 693)
Christopher D. Jaime (NV SBN 4640)
MAUPIN, COX & LEGOY, P.C.
4785 Caughlin Parkway
Reno, Nevada 89519
Telephone: (775) 827-2000
Facsimile: (775) 827-2185
dlattin@mclrenolaw.com
cjaime@mclrenolaw.com

Local Counsel for Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>RODEO CREEK GOLD INC.<br><br>☐ Affects this Debtor<br>☒ Affects all Debtors<br>☐ Affects Antler Peak Gold Inc.<br>☐ Affects Hollister Venture Corporation<br>☐ Affects Touchstone Resources Company | Chapter 11<br><br>Case No. BK-13-50301 (MKN)<br><br>Jointly Administered<br><br>**ORDER GRANTING DEBTORS' MOTION TO DISMISS CHAPTER 11 CASE AND GRANTING RELATED RELIEF**<br><br>Hearing Date: July 11, 2013<br>Hearing Time: 1:30 p.m. (PT)<br>Place:         300 Las Vegas Blvd.<br>                   Las Vegas, NV 89101 |

Upon the motion of the Debtors, pursuant to Bankruptcy Code sections 105(c), 305(a), and 1112(b) and Bankruptcy Rule 1017(a), for the entry of an order authorizing the Debtors to dismiss these

1

Chapter 11 Cases and, in connection therewith, authorizing the distribution of the sale proceeds in accordance with the Waterfall set forth in the Final DIP Order (the "Motion");[1] and the Court having reviewed the Motion and having conducted a hearing on the Motion, at which time the Debtors and all parties in interest were given an opportunity to be heard; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that notice of the Motion as provided therein was good and sufficient and no other notice need be given; and the Court having determined that (i) the legal and factual bases set forth in the Motion constitute sufficient cause for the relief granted herein and (ii) the relief requested in the Motion best serves the interests of creditors and the Debtors; and after due deliberation, it is therefore

ORDERED that the Motion is granted as set forth herein; and it is further

ORDERED that pursuant to Bankruptcy Code sections 305(a) and 1112(b), the Debtors' Chapter 11 Cases are hereby dismissed; and it is further

ORDERED that the Debtors shall pay (i) the administrative claims listed on Schedule 1 attached hereto in full and final satisfaction of all such administrative claims, (ii) all professional fees and director/officer compensation from June 1, 2013 through the date of entry of this Order as set forth on Schedule 2 attached hereto, and (iii) all fees of the United States Trustee as estimated on Schedule 3 attached hereto; and it is further

ORDERED that the form of trust agreement (the "Trust Agreement") filed with the Court on June 26, 2013, by and between Rodeo Creek Gold, Inc., Hollister Venture Corporation, Touchstone Resources Company, Antler Peak Gold Inc., and Development Specialists, Inc. as Liquidating Trustee (the "Trustee"), is hereby approved; and it is further

ORDERED that the Debtors are authorized to enter into the Trust Agreement and to take all actions necessary to effectuate the terms of the Trust Agreement; and it is further

ORDERED that the Debtors shall transfer the Trust Assets (as defined in the Trust Agreement),

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed thereto in the Motion.

including the following amounts from the proceeds of the Agent's collateral, to the Trust free and clear of all liens, claims, and encumbrances, as contemplated by the Trust Agreement:

      (i)    $1,000,000 to establish the GUC Trust Fund;

      (ii)   $293,500 on account of the essential vendor adjustment; and

      (iii)  $175,000 to fund the corporate wind-down of the Debtors, including but not limited to the filing of any necessary tax returns and dissolving the Debtors under Nevada law; and it is further

ORDERED that the funds authorized to be transferred to the Trust from the proceeds of the Agent's collateral shall be distributed exclusively to the holders of allowed general unsecured claims (each a "Beneficiary" and collectively, the "Beneficiaries") and that no portion of such funds shall be paid to intercompany claimants or tax claimants; and it is further

ORDERED that the Trustee shall have the sole authority to prosecute and settle the estates' causes of action included in the Trust Assets, which, for the avoidance of doubt, do not include any of the estates' causes of action under Chapter 5 of the Bankruptcy Code; and that the Trustee shall allocate any proceeds of such causes of action among the Beneficiaries and the Agent in accordance with the Trust Agreement; and it is further

ORDERED that any Beneficiary, in order to receive its pro rata share of distributions from the GUC Trust Fund, must agree to participate in and be bound by the claims-resolution procedures set forth in the Claims Mediation Agreement filed with the Court on June 26, 2013; and it is further

ORDERED that the cash remaining in the estates after the Debtors have paid all amounts set forth on the schedules attached hereto and transferred a total of $1,468,500 to the Trust shall be transferred to the Agent as the proceeds of its collateral for distribution pursuant to the Waterfall; and it is further

ORDERED that, as contemplated by the Net Profits Royalty Agreement, the Debtors are authorized to deem the Agent the designee of the Debtors and transfer the NPI to the Agent; and it is further

3

ORDERED that the Agent shall distribute any monies received pursuant to the NPI in accordance with the Waterfall; and it is further

ORDERED that the Nevada Department of Taxation (the "Department") shall be entitled to share in any monies that the Agent distributes from the NPI on a *pari passu* basis with the DIP Obligations (as defined in the Final DIP Order) on account of a $2.3 million allowed prepetition secured claim for unpaid minerals taxes, use taxes, and modified business taxes; and it is further

ORDERED that nothing in this Order shall affect any rights of the Department to pursue actions under NRS 360.297 against any responsible persons for tax-related amounts owed by the Debtors; provided, however, that such rights will only be pursued against prepetition liabilities and that no such rights shall be pursued against the Agent, Credit Suisse AG, in its capacity as prepetition and postpetition lender, Caterpillar Financial Services Corporation, in its capacity as a prepetition lender, Federal Bank of Nigeria, in its capacity as a prepetition lender (collectively, the "Lenders"), professionals retained in these Chapter 11 Cases pursuant to Bankruptcy Code §§ 327, 363, or 1103, or Waterton Global Mining Company, LLC; and it is further

ORDERED that the Agent shall provide notice to the Department and each of the Lenders of (i) the amount of cash distributed to the Agent pursuant to this Order and (ii) any distributions of monies received pursuant to the NPI; and it is further

ORDERED that the Debtors and their estates, to the fullest extent permissible under applicable law, shall be deemed to completely and forever release, waive, void, extinguish and discharge unconditionally, each and all of (a) each of the Lenders, (b) the Committee, (c) the Agent, (d) those persons retained pursuant to an order of the Bankruptcy Court in accordance with Bankruptcy Code §§ 327, 328, 363, or 1103, and (e) with respect to each of (a) through (d), each of their directors, officers, direct and indirect shareholders and equityholders, partners, members, employees, managers, agents, affiliates, parents, subsidiaries, predecessors, successors, heirs, executors and assignees, attorneys,

financial advisors, investment bankers, accountants, consultants, and other professionals or representatives when acting in any such capacities, and any person or entity claiming by or through any of them, of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are or may be based in whole or part on any act, omission, transaction, event, or other circumstance taking place or existing on or prior to the date of this Order in connection with or related to any of the Debtors or their respective assets, property and estates, or the Chapter 11 Cases; and it is further

ORDERED that neither (a) the Debtors and the directors and officers of the Debtors solely in their capacity as such as of the Petition Date, (b) the Committee and its members in their capacity as Committee members, (c) the Agent and the Lenders, nor, (d) with respect to each of (a) through (c), any of their directors, officers, direct and indirect shareholders and equityholders, partners, members, employees, managers, agents, affiliates, parents, subsidiaries, predecessors, successors, heirs, executors and assignees, attorneys, financial advisors, investment bankers, accountants, consultants, and other professionals or representatives when acting in any such capacities, and any person or entity claiming by or through any of them (each an "Exculpated Party"), shall have or incur any liability to any person or entity, from (x) any and all claims and causes of action arising on or after the Petition Date and (y) any and all claims and causes of action relating to any act taken or omitted to be taken in connection with or related to the formation, preparation, dissemination, implementation, confirmation, or consummation of the Motion (other than an action in contravention of the Motion or implementation of this Order), the Sale, or any other contract or instrument, release, or other agreement or document created or entered into in connection with the dismissal of these Chapter 11 Cases, and each Exculpated Party in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and

responsibilities under this Order; and it is further

ORDERED that all claims that the Debtors' estates have against current or former officers and directors (the "D&O Claims") shall, at the Agent's election, be assigned to the Agent for joint prosecution with its own claims against the directors and officers, with the costs of such prosecution, if any, being borne by the Agent and not the Trust.  The gross proceeds of such claims or causes of action shall be distributed by the Agent as follows: ninety percent (90%) to the Lenders in accordance with the Waterfall; and ten percent (10%) to the Trust to be distributed pursuant to the terms of the Trust Agreement to the Beneficiaries.  If the Agent elects not to pursue any claims against the Debtors' officers and directors, the D&O Claims shall not be assigned to the Agent and shall remain the property of the Trust, subject the Agent's liens on the proceeds of such claims; and it is further

ORDERED that (i) the 14-day stay under Bankruptcy Rule 6004(h) is hereby waived with respect to this Order and (ii) the terms and conditions of this Order shall be effective and enforceable immediately upon its entry; and it is further

ORDERED that notwithstanding Bankruptcy Code section 349, all orders entered in these cases prior to the date of dismissal — including, without limitation, the Final DIP Order, the Sale Order, the Bar Date Order, and the Rejection Order — shall survive and remain effective after the date of this Order, and the Court shall retain jurisdiction to enforce and support any and all such orders and with respect to any matters, claims, rights, or disputes arising from or relating to the implementation of any order of this Court; and it is further

ORDERED that, notwithstanding the preceding paragraph, the Sale Order shall not prohibit San Juan Drilling, Inc. from perfecting any lien (other than a lien asserted against the Debtors, Waterton Global Mining Company, LLC, the Trust, or any of their respective property) in accordance with NRS 108.226(1); and it is further

ORDERED that notwithstanding the Rejection Order, Prometheus Energy ("Prometheus") may

retain $87,146.82, which constitutes the unused portion of the Debtors' $150,000.00 deposit, in partial satisfaction of its administrative claim against the Debtors' estates; and the balance of Prometheus's administrative claim shall be satisfied by the Debtors' payment to Prometheus of the amount set forth on Schedule 1; and it is further

ORDERED that no later than fifteen (15) days following the date of entry of this Order, NV Energy, Inc. ("NV Energy") shall: (a) refund to the Debtors or, at the Debtors' direction, to the Agent, an amount no less than $610,000.00 on account of the Debtors' Hollister Project deposit held by NV Energy; and (b) (i) deduct from the Debtors' section 366 deposit (the "Utility Deposit") the amount, if any, of unpaid utility bills owed by the Debtors to NV Energy for periods prior to May 20, 2013 and (ii) refund the balance of the Utility Deposit to the Debtors or, at the Debtors' direction, to the Agent, with an accounting of any charges deducted from the Utility Deposit; and it is further

ORDERED that immediately upon the refund of the amounts set forth in the preceding paragraph, (i) NV Energy's obligations to the Debtors relating to the Hollister Project, including any obligation to refund amounts due to the Debtors, shall be deemed fully satisfied and (ii) the Debtors and their successors in interest shall be deemed to have waived any claims against NV Energy arising from or related to the Hollister Project; and it is further

ORDERED that after the Debtors have paid all amounts set forth on the schedules attached hereto and transferred a total of $1,468,500 to the Trust, all of the Debtors' remaining directors and officers shall resign, and the Trustee shall assume sole responsibility for the wind-down of the Debtors in accordance with the terms of the Trust Agreement; and it is further

ORDERED that the Department reserves any and all rights to pursue responsible persons for prepetition debt pursuant to NRS 360.297, and the Department further reserves any and all rights to collect the prepetition debt even though the Department will be receiving payments from the NPI *pari passu* with the DIP Obligations; provided, however, that such rights will only be pursued against

prepetition liabilities and that no such rights shall be pursued against the Agent, the Lenders, professionals retained in these Chapter 11 Cases pursuant to Bankruptcy Code §§ 327, 363, or 1103, or Waterton Global Mining Company, LLC.  The Department's agreement to receive such payments from the NPI is not in full and final satisfaction of the prepetition debt.  To the extent that anything in this paragraph is contrary to any prior order entered in this case, this Order shall control; and it is further

ORDERED that the payment of administrative expenses to the Department represents sums due and owing for the limited three (3) month period from February 25, 2013 through May 20, 2013.  The sum paid for this three (3) month period is final and cannot be challenged by refund request or alternate means.  The Department shall not be prohibited from pursuing taxes that have accrued or will accrue after May 20, 2013 from Waterton Global Mining Company, LLC; and it is further

ORDERED that the dismissal of these Chapter 11 Cases pursuant to this Order shall become effective immediately and without further order of the Court upon the Debtors' filing a certification stating that the amounts set forth on the schedules attached hereto have been paid.

[Remainder of Page Intentionally Left Blank]

SUBMITTED BY:

Donald A. Lattin, NV State Bar #693
Christopher D. Jaime, NV State Bar #4640
MAUPIN, COX & LEGOY, P.C.
4785 Caughlin Parkway
Reno, Nevada 89519
dlattin@mclrenolaw.com
cjaime@mclrenolaw.com

Local Counsel for Debtors and Debtors in Possession

Jessica C.K. Boelter, IL State Bar #6277801
Thomas A. Labuda, Jr., IL State Bar #6225401
Matthew E. Linder, IL State Bar #6309552
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603

Counsel for Debtors and Debtors in Possession

In accordance with Local Rule 9021, counsel submitting this document certifies as follows (check one):

____ The court has waived the requirement set forth in Local Rule 9021(b)(1)

____ No party appeared at the hearing or filed an objection to the Motion.

 xxx  I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

   Caterpillar Financial Services – Approved
   NV Energy – Approved
   Redburn Tire Co. – Approved
   Nevada Department of Taxation – Approved
   Waterton Global Mining Co. – Approved
   Unsecured Creditors' Committee – Approved
   Credit Suisse – Approved
   San Juan Driling – Approved

____ I certify that this is a case under chapter 7 or 13, that I have served a copy of this order with the motion pursuant to Local Rule 9014(g), and that no party has objected to the form or content of the order.

###

## Schedule 1
### ADMINISTRATIVE CLAIMS

| Ref. | Claimant Name | Amount | Claimant Description |
|---|---|---:|---|
| 1 | 3D Concrete | $ 417,974 | Vendor |
| 2 | Aecom | - | Vendor |
| 3 | Aggreko | 76,667 | Vendor |
| 4 | Airgas Ncn | 1,676 | Vendor |
| 5 | Al Park | 156,860 | Vendor |
| 6 | Alex Stewart (Assayers) Inc. | 685 | Vendor |
| 7 | Alfred H Knight | 356 | Vendor |
| 8 | Allied Washoe Petroleum | 10,208 | Vendor |
| 9 | Amerigas | 19,406 | Vendor |
| 10 | At&T | 546 | Vendor |
| 11 | Barco Rent a Truck | 2,754 | Vendor |
| 12 | Behre Dolbear | 12,614 | Vendor |
| 13 | Best Inn & Suites | 202 | Vendor |
| 14 | Bodies At Work Fitness | 539 | Vendor |
| 15 | Bosch Motors | - | Vendor |
| 16 | Bott Enterprises | 1,870 | Vendor |
| 17 | Brown And Caldwell | 5,133 | Vendor |
| 18 | Bsl Electric Corporation | 85 | Vendor |
| 19 | Bw Fabrication | 9,217 | Vendor |
| 20 | Cannon Environmental Assistance | 7,618 | Vendor |
| 21 | Carpenter Drilling Llc | - | Vendor |
| 22 | Cashman Equipment Company | 104,625 | Vendor |
| 23 | Cemen Tech, Inc. | 1,543 | Vendor |
| 24 | Charles Stringham | 2,560 | Vendor |
| 25 | City Of Elko | 27 | Vendor |
| 26 | Crescent Electric | 7,745 | Vendor |
| 27 | Crimecheck.Com | 111 | Vendor |
| 28 | Deloitte & Touche | 6,130 | Vendor |
| 29 | Desert Disposal | 11,865 | Vendor |
| 30 | Direct Tv | 109 | Vendor |
| 31 | Don Prather | 1,250 | Vendor |
| 32 | Drug & Alcohol Testing | 480 | Vendor |
| 33 | Dsi Underground Systems, Inc. | 13,839 | Vendor |
| 34 | Elko, Inc. (Coach USA) | 89,304 | Vendor |
| 35 | Energy Laboratories, Inc | 2,860 | Vendor |
| 36 | Enterprise | 814 | Vendor |
| 37 | Environscientists, Inc. | 2,184 | Vendor |
| 38 | Exec-u-Care | 2,314 | Vendor |
| 39 | F&H Mine Supply | 155,073 | Vendor |
| 40 | Finley River | 38,444 | Vendor |

| | | | |
|---|---|---:|---|
| 41 | Force Field Technologies Inc | 346 | Vendor |
| 42 | Franco Nevada | 175,711 | Vendor |
| 43 | Gamma Electric | 136 | Vendor |
| 44 | Ghx Industrial, Llc | 709 | Vendor |
| 45 | Grainger | 4,572 | Vendor |
| 46 | Grand Sierra Resort | 452 | Vendor |
| 47 | Guardsmark, Llc | 76,531 | Vendor |
| 48 | H&E Equipment Services | 6,540 | Vendor |
| 49 | Hilcrest Mining | 38,444 | Vendor |
| 50 | Humboldt County Landfill | 896 | Vendor |
| 51 | Humboldt Lawn & Landscape Llc | 375 | Vendor |
| 52 | Inland Supply Co. | 179 | Vendor |
| 53 | Inspectorate | 2,382 | Vendor |
| 54 | Integro Insurance Brokers | 1,013 | Vendor |
| 55 | Isom Crane | 5,000 | Vendor |
| 56 | Janitorial Nia | 2,055 | Vendor |
| 57 | Johnson Matthey | - | Vendor |
| 58 | Loomis Armored Us Inc | 8,792 | Vendor |
| 59 | Manpower | 3,367 | Vendor |
| 60 | Mcdonald-Carano-Wilson Llp | 5,350 | Vendor |
| 61 | Mcmaster-Carr Supply Co. | 2,627 | Vendor |
| 62 | Micon International Ltd | 13,912 | Vendor |
| 63 | Micro-Design | 37 | Vendor |
| 64 | Milliman | 13,092 | Vendor |
| 65 | Minemax | 15,400 | Vendor |
| 66 | Mining Outerwear Mfg & Supply | 2,440 | Vendor |
| 67 | Mobile Mini, Inc. | 443 | Vendor |
| 68 | Modular Space Corporation | 666 | Vendor |
| 69 | Mt Grant General Hospital | 35 | Vendor |
| 70 | Mw Bagnall Company | 1,548 | Vendor |
| 71 | Nalco Company Nw176 | 3,796 | Vendor |
| 72 | Newmont Usa Ltd. | 18,463 | Vendor |
| 73 | Norco | 1,165 | Vendor |
| 74 | Northern Nevada Eyecare | 500 | Vendor |
| 75 | NV Energy | - | Vendor |
| 76 | Office Products Inc (OPI) | 163 | Vendor |
| 77 | Open Loop Energy | 1,470 | Vendor |
| 78 | Pac Machine Co, Inc | 41,357 | Vendor |
| 79 | Pac Van, Inc. | 1,635 | Vendor |
| 80 | Palmer Johnson Power Systems | 1,481 | Vendor |
| 81 | Phoenix Process Equipment | 3,559 | Vendor |
| 82 | Prometheus Energy | 87,197 | Vendor |
| 83 | Psc Environmental Services Llc Dba | - | Vendor |
| 84 | Quality Transportation Inc | 1,577,741 | Vendor |

| | | | |
|---|---|---:|---|
| 85 | Quill Corporation | 962 | Vendor |
| 86 | Rackspace Us Inc | 837 | Vendor |
| 87 | Ray Morgan | 5,086 | Vendor |
| 88 | Redburn Tire Company | 135,309 | Vendor |
| 89 | Robbie Grant D.O. | 3,228 | Vendor |
| 90 | Robert W Story | 56 | Vendor |
| 91 | Royal Car Wash Llc | 790 | Vendor |
| 92 | Ruby Mountain Springs | 88 | Vendor |
| 93 | San Juan Drilling Inc | 1,078,000 | Vendor |
| 94 | Sandvik Mining & Const. Usa, Llc | 742,043 | Vendor |
| 95 | Satellite Phones Direct | 110 | Vendor |
| 96 | Sharolyn P. Wilson | 5,120 | Vendor |
| 97 | Sierra Nevada Excavation Llc | 72,450 | Vendor |
| 98 | Sierra Scales | 826 | Vendor |
| 99 | Sos Employment Group | 7,298 | Vendor |
| 100 | Sweeney Enterprises | 13,386 | Vendor |
| 101 | SW Energy | 88,906 | Vendor |
| 102 | Tallman Lumber Co. | 1,938 | Vendor |
| 103 | Taurus Drilling | 291,949 | Vendor |
| 104 | Thatcher Co. Of Nv | 51,587 | Vendor |
| 105 | Thiessen Team Usa, Inc. | 35,217 | Vendor |
| 106 | Thomas Petroleum | 7,950 | Vendor |
| 107 | Tifco Industries Inc | 324 | Vendor |
| 108 | Unique Solutions For Industry | 5,797 | Vendor |
| 109 | United Parcel Service | 2,065 | Vendor |
| 110 | UPS Freight | 2,731 | Vendor |
| 111 | Us Department Of Treasury | 10,381 | Vendor |
| 112 | Verizon Wireless | 6,556 | Vendor |
| 113 | VSP | 2,993 | Vendor |
| 114 | Wage Works | 891 | Vendor |
| 115 | Wagner Ace Hardware | 283 | Vendor |
| 116 | Wesco Distribution | 422 | Vendor |
| 117 | Western Central Petroleum Inc | 21,802 | Vendor |
| 118 | Western Nv Supply Co. | 28,301 | Vendor |
| 119 | Winnemucca Tire Factory | 344 | Vendor |
| 120 | Alarcon, Byron | 7,265 | KERP |
| 121 | Bourland, Nicole | 5,247 | KERP |
| 122 | Conner, Teresa | 10,043 | KERP |
| 123 | Crawford, Douglas | 12,593 | KERP |
| 124 | Defoe, William | 7,725 | KERP |
| 125 | Driscoll, Joseph | 20,182 | KERP |
| 126 | Dunyon, Dennis | 10,197 | KERP |
| 127 | Eklund, Earl | 9,826 | KERP |
| 128 | Evans, Tricia | 6,489 | KERP |

| | | | |
|---|---|---:|---|
| 129 | Hamilton, James | 7,669 | KERP |
| 130 | Holcomb, Tom | 11,047 | KERP |
| 131 | Hutchings, Kenneth | 8,396 | KERP |
| 132 | Johnson, Shane | 6,875 | KERP |
| 133 | Keller, Charles | 7,064 | KERP |
| 134 | Sabey, Jennifer | 5,639 | KERP |
| 135 | Solt, Robin | 6,489 | KERP |
| 136 | Stringham, Carrie | 10,274 | KERP |
| 137 | Thurman, Ward | 10,815 | KERP |
| 138 | Wigglesworth, Brad | 7,650 | KERP |
| 139 | Wrede, Duane | 9,474 | KERP |
| 140 | KERP - Employer taxes (estimate) | 18,096 | KERP |
| 141 | Alvarez & Marsal | 933,637 | Professional |
| 142 | CIBC World Markets Inc. | 1,445,637 | Professional |
| 143 | Creditor Committee Professionals | 600,000 | Professional |
| 144 | Davis Graham & Stubbs | 88,057 | Professional |
| 145 | DeConcini McDonald Yetwin & Lacy | 330 | Professional |
| 145 | Downey Brand Attorneys LLP | 14,000 | Professional |
| 146 | Ernst & Young | 73,444 | Professional |
| 147 | FTI Consulting Inc. | 336,037 | Professional |
| 148 | Harris & Thompson | 8,416 | Professional |
| 149 | Holland & Hart LLP | 16,521 | Professional |
| 150 | Maupin, Cox & Legoy | 132,362 | Professional |
| 151 | Milbank, Tweed, Hadley & McCloy | 968,064 | Professional |
| 152 | Patton Boggs | 46,544 | Professional |
| 153 | Sidley Austin LLP | 1,831,256 | Professional |
| 154 | The Garden City Group | 357,000 | Professional |
| 155 | Nevada Department of Taxation | 425,000 | Taxing Authority |

**$ 13,388,646**

4

**Schedule 2**
**PROFESSIONAL FEES AND DIRECTOR/OFFICER COMPENSATION**
**JUNE 1, 2013 THROUGH DISMISSAL**

| **Professional or Director/Officer** | **June** | **July (est.)** | **Total** |
| --- | --- | --- | --- |
| Alvarez & Marsal | $122,462.43 | $25,000.00 | $147,462.43 |
| Pachulski Stang Ziehl & Jones | -- | -- | $80,000.00[1] |
| FTI Consulting Inc. | $19,043.00 | -- | $19,043.00 |
| Maupin, Cox & Legoy | $23,080.40 | $8,655.00 | $31,735.40 |
| Milbank, Tweed, Hadley & McCloy | $71,720.71 | $27,757.31 | $99,478.02 |
| Downey Brand LLP | $13,961.67 | $3,895.00 | $17,856.67 |
| Sidley Austin LLP | $115,104.34 | $67,025.00 | $182,129.34 |
| Kevin P. Collins | $2,960.00 | $4,800.00 | $7,760.00 |
|  |  |  | **$505,464.86** |

---

[1] The Committee has advised the Debtors that its $80,000 estimate includes the fees of all Committee professionals incurred between June 1, 2013 and the dismissal of these Chapter 11 Cases. The Debtors will pay Pachulski Stang Ziehl & Jones ("Pachulski") the total amount owed to all Committee professionals, and Pachulski will, in turn, distribute the amounts owed to BDO USA, LLP and Armstrong Teasdale LLP.

5

## Schedule 3
### UNITED STATES TRUSTEE FEES

| Debtor | Q2 2013 | Q3 2013 | Total |
|---|---|---|---|
| Rodeo Creek Gold Inc. | $20,000 | $20,000 | $40,000 |
| Antler Peak Gold Inc. | $325 | $325 | $650 |
| Hollister Venture Corp. | $325 | $325 | $650 |
| Touchstone Resources Co. Inc. | $325 | $325 | $650 |
| | | | **$41,950** |

6